1  Michele Besso, WSBA #17423
   Northwest Justice Project
2  510 Larson Bldg., 6 South 2nd Street
   Yakima, WA 98901
3  (509) 574-4234

4  Weeun Wang
   Farmworker Justice
5  1126 16th Street NW, Suite 270
   Washington, DC 20036
6  (202) 293-5420

7  Attorneys for Plaintiffs

8

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

SEP 02 2011

JAMES R LARSEN, CLERK
_____ DEPUTY
YAKIMA, WASHINGTON

                    UNITED STATES DISTRICT COURT
9                   EASTERN DISTRICT OF WASHINGTON

10
   ELVIS RUIZ, FRANCISCO JAVIER      No. **CV-11-3088-RMP**
11 CASTRO, and EDUARDO
   MARTINEZ,                         COMPLAINT FOR DAMAGES
12                                   AND DECLARATORY
              Plaintiffs,            RELIEF
13
       vs.                           JURY TRIAL DEMANDED
14
   MAX FERNANDEZ and ANN
15 FERNANDEZ, a marital community;
   and WESTERN RANGE
16 ASSOCIATION, a foreign nonprofit
   organization,
17
              Defendants.
18

19               PRELIMINARY STATEMENT

20   1.  Plaintiffs came from Chile to work on a ranch operated by defendant Max

21

COMPLAINT FOR DAMAGES AND                    Northwest Justice Project
DECLARATORY RELIEF - 1                       510 Larson Building, 6 S. 2nd St.,
                                             Yakima, Washington 98901
                                             Phone: (509) 574-4234  Fax: (509) 574-4238

Fernandez in Centerville, Klickitat County, Washington. Defendants Fernandez and Western Range Association ("WRA") hired plaintiffs to work as range sheepherders pursuant to H-2A temporary work visas that defendants procured for them.

2. Plaintiffs Ruiz and Castro did not work primarily in range sheepherding over long periods of their employment by defendants, and plaintiff Martinez never worked in range sheepherding while employed by defendants. Instead, they were put to work as ranch hands, for which they were legally entitled to substantially higher wages than they were paid.

3. Plaintiffs bring this action to recover damages for injuries inflicted by defendants Fernandez and WRA for violations of the plaintiffs' rights under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. (hereinafter "FLSA"), the Trafficking Victims Protection Reauthorization Act, 18 U.S.C. § 1589 et seq. (hereinafter "TVPRA"), the Washington Wage Act, RCW 49.52.050(2), and for defendants Fernandez and WRA's breach of their employment contracts with plaintiffs.

## JURISDICTION

4. This Court has jurisdiction of this action pursuant to the following:

    a. 28 U.S.C. § 1331 (Federal Question);

    b. 28 U.S.C. § 1337 (Interstate Commerce);

COMPLAINT FOR DAMAGES AND
DECLARATORY RELIEF - 2

Northwest Justice Project
510 Larson Building, 6 S. 2nd St.,
Yakima, Washington 98901
Phone: (509) 574-4234  Fax: (509) 574-4238

    c. 29 U.S.C. § 216(b) (FLSA);

    d. 18 U.S.C. § 1595 (TVPRA);

    e. 28 U.S.C. § 1367 (Supplemental Jurisdiction) over plaintiffs' state contract law and Washington Wage Payment Act claims.

5. Venue is proper pursuant to 28 U.S.C. § 1391. A substantial part of the events or omissions giving rise to plaintiffs' claims occurred in Washington and most of the parties reside in Washington.

## PARTIES

6. Plaintiffs Elvis Ruiz and Francisco Javier Castro reside in Yakima County, Washington.

7. Plaintiff Eduardo Martinez currently resides in Idaho.

8. At all times relevant to this complaint, defendant Max Fernandez and defendant Ann Fernandez were a marital community. All acts performed by defendant Max Fernandez were performed for and on behalf of the marital community.

9. Defendant Max Fernandez has his permanent place of residence in Klickitat County, Washington.

10. Defendant Western Range Association is a foreign nonprofit corporation.

## BACKGROUND REGARDING H-2A PROGRAM

11. The H-2A program enables agricultural employers to hire temporary foreign

COMPLAINT FOR DAMAGES AND
DECLARATORY RELIEF - 3

Northwest Justice Project
510 Larson Building, 6 S. 2nd St.,
Yakima, Washington 98901
Phone: (509) 574-4234  Fax: (509) 574-4238

workers subject to obtaining certification by the U.S. Department of Labor (hereinafter "DOL") that (a) U.S. workers are not available to perform the jobs, and (b) the employment of foreign workers will not adversely affect wages and working conditions of U.S. workers engaged in similar employment. 8 U.S.C. § 1188(a)(1).

12. In order to obtain an H-2A certification, an employer must submit its proposed job offer to DOL for approval pursuant to the regulations set forth in 20 C.F.R. § 655.100 et seq. (2010).

13. Under the H-2A regulations, the employer must offer to pay the higher of the prevailing wage, Adverse Effect Wage Rate (hereinafter "AEWR") or the state or federal minimum wage. 20 C.F.R. § 655.102(b)(9)(i) (June 1, 1987) (amended 2010). The AEWR serves the important statutory purpose of assuring that H-2A workers are paid a wage equivalent to that expected by local workers, and therefore do not adversely effect local wage rates.

14. The H-2A regulations allow employers who are offering employment in range sheepherding to offer a monthly wage rather than an hourly minimum wage, under DOL "Special Procedures" established for sheepherding. 20 C.F.R. § 655.93(b) (June 1, 1987) (amended 2010); U.S.DOL Field Memo 24-01 (August 1, 2001).

15. In Washington, the monthly wage for range sheepherding under the Special

Northwest Justice Project
510 Larson Building, 6 S. 2nd St.,
Yakima, Washington 98901
Phone: (509) 574-4234 Fax: (509) 574-4238

Procedures was $750 per month between 2008 and 2010.

16. The federal minimum wage over the same time period was $5.85 per hour beginning on July 24, 2007, $6.55 per hour beginning on July 24, 2008, and $7.25 per hour beginning on July 24, 2009. The AEWR for H-2A workers engaged in general ranch labor in Washington was $9.77 per hour in 2007, $9.94 per hour in 2008, and ranged from $9.95 to $10.85 per hour during 2009 and 2010.

17. The H-2A regulations require, among other things, that job offers include:

    (a) Housing at no cost that meets applicable housing standards, 20 C.F.R. §655.102(b)(1) (June 1, 1987) (amended 2010);

    (b) Workers compensation coverage, 20 CFR §655.102(b)(2) (June 1, 1987) (amended 2010);

    (c) Furnish workers with written earnings statements each payday, 20 C.F.R. §102(b)(8) (June 1, 1987) (amended 2010).

18. Under the Special Procedures, employers must also provide H-2A sheepherders with adequate food for three meals a day and must pay wages at least on a monthly basis. U.S. DOL Field Memo 24-01 (Aug. 1, 2001).

19. H-2A employers must promise in their job offer not to "intimidate, threaten, restrain, coerce, blacklist, discharge, or in any manner discriminate against . . . any person who has with just cause" attempted to exercise his rights under his employment contract. 20 C.F.R. § 655.103(g) (June 1, 1987) (amended 2010).

COMPLAINT FOR DAMAGES AND
DECLARATORY RELIEF - 5

Northwest Justice Project
510 Larson Building, 6 S. 2nd St.,
Yakima, Washington 98901
Phone: (509) 574-4234  Fax: (509) 574-4238

20. H-2A employers must also agree in their job offers to abide by obligations imposed on them by the H-2A regulations and to "comply with the applicable federal, state and local employment-related laws and regulations," 20 C.F.R. §§ 655.103(b) (June 1, 1987) (amended 2010).

21. These job offers incorporate and include by regulation and by operation of law the terms of the H-2A regulations at 20 C.F.R. § 655, Subpart B, and they constitute employment contracts. 29 C.F.R. § 501.10(d) (June 1, 1987) (amended 2010); 20 C.F.R. § 655.102(b)(14) (June 1, 1987) (amended 2010).

## STATEMENT OF FACTS

22. Defendant Fernandez operates Fernandez Ranch, on which he grows hay and raises sheep and cattle, in Klickitat County, Washington.

23. Defendant WRA is a membership association of sheep ranchers. WRA acts as joint employer with its member ranchers in the employment of H-2A workers. Defendant Fernandez is, and was at all times relevant to this complaint, a member of WRA.

24. Defendants Fernandez and WRA filed H2-A visa applications as joint employers each year from 2007 to 2010. Each of these H-2A applications specified sheepherding as the work to be performed.

25. WRA had the authority to hire, fire and transfer sheepherders, including plaintiffs, who worked for its member ranches under the clearance orders filed by

COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF - 6

Northwest Justice Project
510 Larson Building, 6 S. 2nd St.,
Yakima, Washington 98901
Phone: (509) 574-4234  Fax: (509) 574-4238

WRA.

26. At all times relevant to this action, Fernandez and WRA acted as joint employers of plaintiffs.

27. Plaintiff Ruiz was recruited by defendant WRA in Chile to work as an H-2A sheepherder, and employed by defendants from August 2007 until January 2010.

28. Plaintiff Castro was recruited by defendant WRA in Chile to work as an H-2A sheepherder, and employed by defendants from March 2008 until October 2008, and again from March 2009 until March 2010.

29. Plaintiff Martinez was recruited by defendant WRA in Chile to work as an H-2A sheepherder, and employed by defendants from January 2010 until May 2010.

30. Defendants entered into employment contracts with each of the plaintiffs. The contracts stated that:

    a. Plaintiffs would engage in "any and all sheepherding tasks . . . in compliance with the H-2A sheepherder job description";

    b. Plaintiffs would receive pay in monthly installments on the last day of each month;

    c. Plaintiffs would be provided with housing and board at no cost "in accordance with the rules and regulations (including variations) of the

COMPLAINT FOR DAMAGES AND
DECLARATORY RELIEF - 7

Northwest Justice Project
510 Larson Building, 6 S. 2nd St.,
Yakima, Washington 98901
Phone: (509) 574-4234  Fax: (509) 574-4238

federal government";

    d. Plaintiffs would be paid the minimum wage required by the federal government;

    e. Plaintiffs would be entitled to accrue two weeks paid vacation, prorated during the period of their employment;

    f. Plaintiffs would be provided with insurance covering injury and disease arising out of their employment;

    g. Defendants would keep records and statements of plaintiffs' earnings;

    h. Plaintiffs could be terminated before the end of the contract period if they "willfully breache[d] or habitually neglect[ed]" their duties.

31. Defendants Fernandez and WRA failed to honor their employment contracts with plaintiffs.

32. Plaintiffs worked seven days a week for nine to sixteen hours per day with no vacation days or Sundays off for the period of their employment, as a result of which plaintiffs suffered from exhaustion and depression.

33. Defendant Fernandez did not allow plaintiffs to take their legal rest or lunch breaks. He insulted plaintiffs and threatened that he would send them back to Chile if they did not work as Fernandez demanded.

34. Defendant Fernandez restricted plaintiffs' access to a telephone, and instructed plaintiffs not to talk with neighbors or make friendships locally.

COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF - 8

Northwest Justice Project
510 Larson Building, 6 S. 2nd St.,
Yakima, Washington 98901
Phone: (509) 574-4234  Fax: (509) 574-4238

35. Defendant Fernandez repeatedly told the workers that if they left the ranch without permission, he would call immigration or the police and they would deport them.

36. Defendant Fernandez told the plaintiffs that he knew politicians in Washington D.C. and kept a photograph of himself with a politician where they could see it.

37. Defendant Fernandez took plaintiff Ruiz's and Castro's passports and other official documents when they first arrived and held on to them despite requests from plaintiffs until, in the case of plaintiff Castro, WRA transferred him to another ranch, and in the case of plaintiff Ruiz, almost two years after his arrival, upon plaintiff's repeated requests.

38. Plaintiffs were not allowed to have visitors at the Fernandez Ranch. Nor were they allowed to leave the ranch for personal business, such as purchases.

39. Plaintiff Ruiz suffered a severe burn to his hand in the course of employment and he was not provided access to medical care.

40. Plaintiffs were not provided adequate food, and were often hungry during the course of their employment.

41. At times when they did perform range sheepherding work, plaintiffs Ruiz and Castro were provided range housing that did not meet the minimum health and safety standards required by H-2A regulations and Special Procedures.

COMPLAINT FOR DAMAGES AND
DECLARATORY RELIEF - 9

Northwest Justice Project
510 Larson Building, 6 S. 2nd St.,
Yakima, Washington 98901
Phone: (509) 574-4234 Fax: (509) 574-4238

42. For substantial periods of their employment by defendants, plaintiffs were not engaged in range sheepherding as specified in the Special Procedures or their contracts, despite receiving monthly sheepherding pay that was substantially lower than that which they were legally entitled to be paid for the non-sheepherding work they did perform.

    a. During the approximately twenty-nine months he was employed by defendants, plaintiff Castro worked in range sheepherding for a total of about five months.

    b. Plaintiff Ruiz did not work in range sheepherding from December 2008 until he left defendants' employment in January 2010.

    c. Plaintiff Martinez never worked in range sheepherding throughout his employment with defendants.

43. The non-sheepherding work that plaintiffs performed included constructing and fixing fences, cutting grass, maintaining farm machinery, building farm structures, chopping firewood and other general ranch duties, none of which qualify as sheepherding under the Special Procedures.

44. Plaintiffs were not paid the federal minimum wage or the AEWR applicable to non-sheepherder work for the non-sheepherding work they performed while employed by defendants.

45. Plaintiffs Ruiz and Castro did not receive any earnings statements during

COMPLAINT FOR DAMAGES AND
DECLARATORY RELIEF - 10

Northwest Justice Project
510 Larson Building, 6 S. 2nd St.,
Yakima, Washington 98901
Phone: (509) 574-4234 Fax: (509) 574-4238

2009 or 2010.

46. Defendant Fernandez withheld payment of wages from plaintiffs Ruiz and Castro during 2009 and 2010, stating that he would hold their wages for them because they did not need them while they were on the ranch.

47. Plaintiff Martinez, who had worked at other ranches previously, questioned defendant Fernandez on several occasions as to working conditions at the ranch. Defendant showed displeasure with plaintiff's questions.

48. Defendant Fernandez told plaintiff Castro on one occasion that plaintiff Martinez talked too much and that he was going to send him back to Chile.

49. Plaintiff Castro informed Defendant WRA of the mistreatment workers were suffering at the hands of defendant Fernandez.

50. Defendants constructively discharged plaintiffs Ruiz and Castro by severe, consistent, and material breach of their employment contracts. As a result of such breach, plaintiffs Ruiz and Castro reasonably feared for their health and safety. Both plaintiffs escaped the ranch at night, Ruiz leaving in January 2010, and plaintiff Castro leaving in March 2010.

51. After plaintiff Castro left the ranch, defendant Fernandez warned plaintiff Martinez that the FBI were out looking for Castro.

52. In April 2010 plaintiffs Ruiz and Castro sent a demand letter to defendant Fernandez for their unpaid wages.

Northwest Justice Project
510 Larson Building, 6 S. 2nd St.,
Yakima, Washington 98901
Phone: (509) 574-4234 Fax: (509) 574-4238

53. Several days later, in retaliation for plaintiffs' action, defendant Fernandez filed a false police report against plaintiff Ruiz.

54. In June, 2010 plaintiffs filed an administrative complaint with the U.S. Department of Labor concerning their employment with defendant Fernandez.

55. In or about May, 2011, after investigation by the U.S. Department of Labor, defendant Fernandez agreed to pay plaintiffs Ruiz and Castro their unpaid wages from 2009 and 2010 based on the sheepherder wage rate. Defendant Fernandez tendered checks in these amounts, payable respectively to plaintiffs Ruiz and Castro, to the Department of Labor, where plaintiffs were to pick up the checks.

56. Plaintiffs Ruiz and Castro both received letters threatening them with immigration enforcement action if they picked up their checks for sheepherder wages from the Department of Labor office. Upon information and belief, the letters were sent by defendant Fernandez.

57. Defendant Fernandez consistently threatened plaintiffs with law enforcement and immigration enforcement action during their employment, creating a pattern of fear and intimidation that caused plaintiffs to feel that they had no choice but to continue to work.

58. Defendants materially breached plaintiff Martinez's employment contract by terminating him without cause and in retaliation for asserting his own and others' rights under the law.

COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF - 12

Northwest Justice Project
510 Larson Building, 6 S. 2nd St.,
Yakima, Washington 98901
Phone: (509) 574-4234  Fax: (509) 574-4238

59. During the course of their employment, plaintiffs worked with goods which were produced for movement in interstate commerce or for incorporation as an ingredient in products which could be anticipated to move in interstate commerce within the meaning of FLSA.

## CAUSES OF ACTION

### I. FAIR LABOR STANDARDS ACT

60. Plaintiffs re-allege and incorporate by reference the foregoing paragraphs 1-59 of this Complaint.

61. Defendant WRA failed to pay plaintiffs minimum wage for their work at Fernandez Ranch in violation of 29 U.S.C. § 206(a).

62. As a result of this violation, plaintiffs are entitled to their unpaid minimum wages and an additional amount as liquidated damages, costs, and reasonable attorney's fees. 29 U.S.C. § 216(b).

### II. WASHINGTON STATE WAGE LAW

63. Plaintiffs re-allege and incorporate by reference the foregoing paragraphs 1-59 of this Complaint.

64. Defendants willfully failed to pay plaintiffs the wages they were obligated to pay under their employment contracts and applicable laws in violation of the Revised Code of Washington (RCW) 49.52.050(2).

65. As a result of defendants' willful failure to pay plaintiffs the wages they

COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF - 13

Northwest Justice Project
510 Larson Building, 6 S. 2nd St.,
Yakima, Washington 98901
Phone: (509) 574-4234  Fax: (509) 574-4238

1   were obligated to pay, plaintiffs are entitled to damages under RCW 49.52.070,

2   including twice the amount of wages that defendants failed to pay.

3   ### III. BREACH OF EMPLOYMENT CONTRACT

4   66. Plaintiffs re-allege and incorporate by reference the foregoing paragraphs 1-

5   59 of this Complaint.

6   67. Defendants entered into employment contracts with plaintiffs.

7   68. The employment contracts set forth obligations of defendants with respect

8   to the type of work to be performed, amount of monthly pay, vacation accrual,

9   medical insurance provisions, quality of food and housing, and compliance with all

10  applicable federal and state laws.

11  69. Pursuant to their H-2A job offers and by operation of law under the H-2A

12  regulations, defendants were further contractually obliged to plaintiffs with respect

13  to terms and conditions of employment required by law, including assurances of

14  defendants to abide by all applicable federal, state, and local employment-related

15  laws and regulations.

16  70. Defendants materially breached their contractual obligations by failing to

17  comply with contract terms and conditions, including the obligation to comply

18  with applicable federal and state laws, as a consequence of which the plaintiffs

19  were paid less than they were owed.

20  71. Plaintiffs continued to perform work daily while defendants were in

21

COMPLAINT FOR DAMAGES AND
DECLARATORY RELIEF - 14

Northwest Justice Project
510 Larson Building, 6 S. 2nd St.,
Yakima, Washington 98901
Phone: (509) 574-4234 Fax: (509) 574-4238

material breach of their contractual obligations, as a result of which plaintiffs suffered substantial injury.

72. Defendant WRA failed to pay plaintiffs all of their wages owed under FLSA in breach of its contractual obligation to plaintiffs to comply with all applicable federal laws and regulations.

73. Defendants failed to pay plaintiffs all of their wages at required non-sheepherder AEWR levels in breach of their contractual obligations to abide by all H-2A regulatory requirements.

74. Defendants wrongfully terminated plaintiff Martinez without cause in violation of their contractual obligations to plaintiff Martinez.

75. Defendants are therefore liable to plaintiffs for unpaid wages, consequential damages and reasonable attorney's fees under RCW 49.48.030.

## IV. QUANTUM MERUIT

76. Plaintiffs re-allege and incorporate by reference the foregoing paragraphs 1-59 of this Complaint.

77. When plaintiffs were not working as sheepherders, they were required to perform valuable services to defendants as general ranch workers. For such non-sheepherding work, defendants knew or should have known that plaintiffs should have been compensated at wage rates substantially higher than that of sheepherding.

COMPLAINT FOR DAMAGES AND
DECLARATORY RELIEF - 15

Northwest Justice Project
510 Larson Building, 6 S. 2nd St.,
Yakima, Washington 98901
Phone: (509) 574-4234 Fax: (509) 574-4238

78. Plaintiffs are entitled to compensation in *quantum meruit* equal to the difference between the lawful minimum wage applicable to those services, which is the AEWR applicable to the agricultural work that plaintiffs actually performed, and the monthly sheepherder wage of $750 which they were actually paid.

## V. TRAFFICKING VICTIMS PROTECTION REAUTHORIZATION ACT

79. Plaintiffs re-allege and incorporate by reference the foregoing paragraphs 1-59 of this Complaint.

80. In violation of the TVPRA defendant Fernandez knowingly recruited, harbored, provided or obtained plaintiffs for labor or services by means of abuse and threatened abuse of the law or legal process. 18 U.S.C. § 1589(a).

81. Defendant Fernandez's conduct created a pattern intended to cause plaintiffs to believe that they or their fellow workers would suffer serious harm or physical restraint if they took action. 18 U.S.C. § 1589(a).

82. Defendant Fernandez knowingly or in reckless disregard of the facts, obtained plaintiffs' services by the means described above, by which he financially benefitted in violation of 18 U.S.C. § 1589(b).

83. Defendant Fernandez knowingly concealed, removed and confiscated plaintiffs' passports and other immigration documents in the course of violating 18 U.S.C. § 1589, as prohibited under 18 U.S.C. § 1592(a).

84. As a result of defendant Fernandez' conduct in violation of the TPVRA,

COMPLAINT FOR DAMAGES AND
DECLARATORY RELIEF - 16

Northwest Justice Project
510 Larson Building, 6 S. 2nd St.,
Yakima, Washington 98901
Phone: (509) 574-4234 Fax: (509) 574-4238

plaintiffs suffered injuries and are entitled to recover damages and reasonable attorney's fees under 18 U.S.C. § 1595.

## PRAYER FOR RELIEF

85. Plaintiffs respectfully request that this court enter an order:

    a. accepting jurisdiction of this case;

    b. declaring that defendant WRA violated FLSA and awarding unpaid minimum wages, statutory liquidated damages, costs, and reasonable attorney's fees to plaintiffs;

    c. declaring that defendants violated RCW 49.52.050(2) and awarding unpaid wages and damages resulting from such violation;

    d. declaring that defendants breached their employment contracts with plaintiffs, and awarding damages to plaintiffs as a result of those breaches;

    e. entering judgment against defendants on plaintiffs' quantum meruit claim and awarding plaintiffs damages in quantum meruit;

    f. declaring that defendant Fernandez violated TVPRA and awarding damages in an amount to be proven at trial and reasonable attorney's fees to plaintiffs;

    g. awarding plaintiffs reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b), RCW 49.48.030, RCW 49.52.070, and 18 U.S.C. §

COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF - 17

Northwest Justice Project
510 Larson Building, 6 S. 2nd St.,
Yakima, Washington 98901
Phone: (509) 574-4234 Fax: (509) 574-4238

1595(a);

h. awarding plaintiffs pre-judgment and post-judgment interest; and

i. granting such other relief as this Court deems just and proper.

DATED this 2nd day of September, 2011.

Respectfully submitted,

NORTHWEST JUSTICE PROJECT

By: _____
Michele Besso, WSBA #17423

FARMWORKER JUSTICE

By: _____
Weeun Wang

Attorneys for Plaintiffs

COMPLAINT FOR DAMAGES AND
DECLARATORY RELIEF - 18

Northwest Justice Project
510 Larson Building, 6 S. 2nd St.,
Yakima, Washington 98901
Phone: (509) 574-4234  Fax: (509) 574-4238