1   Michele Besso
    Northwest Justice Project
2   501 Larson Bldg., 6 South 2nd Street
    Yakima, WA 98901
3   (509) 574-4234

4   Weeun Wang
    Farmworker Justice
5   1126 16th Street NW, Suite 270
    Washington, DC 20036
6
    Attorneys for Plaintiffs
7
                UNITED STATES DISTRICT COURT
8        FOR THE EASTERN DISTRICT OF WASHINGTON

9
    ELVIS RUIZ, FRANCISCO JAVIER          No.  CV-11-3088-RMP
10  CASTRO and EDUARDO MARTINEZ,
                                          PLAINTIFFS' RESPONSE TO
11           Plaintiffs,                  DEFENDANTS MAX AND ANN
                                          FERNANDEZ' AND WESTERN
12       vs.                              RANGE ASSOCIATION'S
                                          MOTIONS TO DISMISS FOR
13  MAX FERNANDEZ and ANN                 LACK OF SUBJECT MATTER
    FERNANDEZ, a marital community;       JURISDICTION
14  and WESTERN RANGE
    ASSOCIATION, a foreign nonprofit
15  organization,,

16           Defendants.

17
         Plaintiffs hereby respond to the motions to dismiss for lack of subject matter
18
    jurisdiction filed by defendants pursuant to F.R.C.P. 12 (b)(1). (Ct. Rec. 27 and
19
    31). Defendants' motions to dismiss should be denied as without a legal basis,
20
    since this Court has undisputed subject matter jurisdiction in this case. Plaintiffs
21

PLAINTIFFS' RESPONSE TO MOTION TO                 **Northwest Justice Project**
DISMISS- 1                                        510 Larson Building, 6 S. 2nd St.,
                                                  Yakima, Washington 98901
                                                  Phone: (509) 574-4234  Fax: (509) 574-4238

1   have asserted federal claims against defendants under the Fair Labor Standards Act

2   ("FLSA") and Trafficking Victims Protection Reauthorization Act (TVPRA)[1],

3   thereby providing the court with jurisdiction pursuant to 28 U.S.C. § 1331. (Ct.

4   Rec. 1 ¶ 4). The Court has authority to exercise supplemental jurisdiction to hear

5   plaintiffs' related state law claims pursuant to 28 U.S.C. § 1367(a). Defendants do

6   not contest either of these bases for jurisdiction. The arguments that defendants do

7   raise in their motion have no basis in established law. Therefore, defendants'

8   motions should be denied.

9                         **I. STATEMENT OF THE CASE**

10      This is an action filed by three Chilean sheepherders who were recruited by

11  defendant Western Range Association to work in the United States on a temporary

12  basis pursuant to the H-2A visa program. Plaintiff sheepherders were sent to work

13  at defendant Fernandez' ranch in Centerville, Washington. Under the H-2A

14  program, an agricultural employer may contract with temporary foreign guest

15  workers if it obtains certification from the U.S. Department of Labor ("DOL") that

16  qualified U.S. workers are not available and that employment of the foreign guest

17  workers will not adversely affect wages or working conditions of similarly situated

18  U.S. workers. Based on defendants' applications for H-2A certification and

19  representations that plaintiffs would be employed as range sheepherders, the DOL

20  _____

[1] Plaintiffs assert the FLSA claim against defendant WRA only and the TVPRA claim against Defendant Fernandez only.

21

PLAINTIFFS' RESPONSE TO MOTION TO
DISMISS- 2

Northwest Justice Project
510 Larson Building, 6 S. 2nd St.,
Yakima, Washington 98901
Phone: (509) 574-4234 Fax: (509) 574-4238

1   permitted defendants to contract with plaintiffs under terms that included a wage

2   rate specific to sheepherders, $750 per month regardless of the number of hours

3   worked. (Ct. Rec. 1 at ¶¶ 11, 15, 27-30.)

4       However defendants did not assign plaintiffs to work primarily as range

5   sheepherders. Instead, plaintiffs were put to work as ranch hands on defendant

6   Fernandez' ranch, for which they were legally entitled to substantially higher

7   wages than they were paid. Furthermore, defendant Fernandez treated plaintiffs

8   abusively, threatened them with deportation if they left the boundaries of the ranch

9   without his permission and otherwise restricted plaintiffs' contact with the outside

10  world in violation of the TVPRA. (Ct. Rec. 1 at ¶¶ 42-44, 79-84.)

11      When considering a 12(b)(1) motion to dismiss, a court must accept "all

12  allegations of material fact as true and construe them in the light most favorable"

13  to the non-moving party. *North County Community Alliance v. Salazar,* 573 F.3d

14  738, 741 - 742 (9th Cir. 2009). Plaintiffs have asserted violations of the Fair Labor

15  Standards Act, breach of contract, quantum meruit and violations of state wage

16  laws against defendant WRA, and violations of the federal TVPRA, breach of

17  contract, quantum meruit and violations of state wage law against defendants

18  Fernandez. (*See* Ct. Rec. 1 ¶ 60-84).

19                          **II. ARGUMENT**

20      **A. This Court has subject matter jurisdiction over plaintiffs' federal
            and state-law claims.**

21

PLAINTIFFS' RESPONSE TO MOTION TO          Northwest Justice Project
DISMISS- 3                                  510 Larson Building, 6 S. 2nd St.,
                                            Yakima, Washington 98901
                                            Phone: (509) 574-4234 Fax: (509) 574-4238

1    This court has subject matter jurisdiction in this case pursuant to 28 U.S.C.

2    §1331 over Plaintiffs' federal TVPRA and FLSA claims and pursuant to 28 U.S.C.

3    §1367 over Plaintiffs' state contract and wage claims.  Plaintiffs' complaint alleges

4    a federal claim under the TVPRA against defendants Fernandez and a FLSA claim

5    against defendant WRA.  Plaintiffs' complaint also asserts related state-law causes

6    of action under Washington wage law and contract law. Since the state claims arise

7    out of the same facts as do the federal claims, the state claims are subject to

8    supplemental jurisdiction under §1367.

9    Defendants do not dispute the Court's jurisdiction in this case pursuant to 28

10   U.S.C. §1331 and §1367.  Instead, defendants have raised arguments that have no

11   basis in the law and misrepresent plaintiffs' asserted basis for jurisdiction.  Given

12   the Court's undisputed jurisdiction pursuant to §1331 and §1367, the arguments

13   advanced in defendants' memorandum fail to establish any valid challenge to

14   jurisdiction.  Defendants' main point of attack of the Court's jurisdiction in this

15   case -- that plaintiffs have no basis to remedy defendants' breach of their H-2A

16   contract obligations in *any court* – is unsupported by any authority.

17   **B. Defendants' arguments that state-law contract claims are not**
     **available to H-2A workers are baseless.**

18
          i.  H-2A workers may bring state contract claims for breach of
19            the H-2A clearance orders.

20   The Ninth Circuit has held specifically that H-2A contract claims, while not

21

Northwest Justice Project
510 Larson Building, 6 S. 2nd St.,
Yakima, Washington 98901
Phone: (509) 574-4234  Fax: (509) 574-4238

1    creating independent federal jurisdiction, do give rise to contract claims under state

2    contract law. *Nieto-Santos v. Fletcher Farms,* 743 F.2d 638 at 641, n.5 (9th Cir.

3    1984). Defendants' contentions that breach-of-contract claims for H-2A contracts

4    are precluded by DOL agency remedies or by 8 U.S.C. §1329 (Ct. Rec. 28 at 3 -

5    11) are thus contrary to direct circuit precedent.

6         Defendants' arguments are also entirely unsupported even by persuasive

7    authority, since every court to consider contract claims by H-2A workers has, like

8    *Nieto Santos,* held that H-2A clearance orders are employment contracts that can

9    be enforced in court. *See, e.g., Arriaga v. Fla. Pac. Farms,* 305 F.3d 1228, 1233 n.

10   5 (clearance orders are contracts) and 1246 – 1248 (applying state contract law to

11   the clearance orders' terms) (11th Cir. 2002); *Salazar–Calderon v. Presidio Valley*

12   *Farmers Ass'n,* 765 F.2d 1334, 1342 (5th Cir.1985), *cert. denied,* 475 U.S. 1035

13   (1986) (holding that the DOL regulations are incorporated into the contracts);

14   *Frederick County Fruit Growers v. McLaughlin,* 703 F.Supp. 1021, 1030 - 1031

15   (D.C.D.C. 1989); *Hernandez v. Two Brothers Farm,* 579 F.Supp.2d 1379, 1383

16   (S.D. Fla 2008); *Perez-Benites v. Candy Brand,* 2011 WL 1978414 at *6 (W.D.

17   Ark. 2011).  Defendants have cited no case that has held to the contrary.

18              ii.  Federal regulation of H-2A contracts does not preclude
                     workers' enforcement of contract rights; instead, the H-2A
19                   contracts incorporate federal, state, and local regulations.

20        When concluding that H-2A contracts are enforceable under state contract

21

PLAINTIFFS' RESPONSE TO MOTION TO                    **Northwest Justice Project**
DISMISS- 5                                           510 Larson Building, 6 S. 2nd St.,
                                                     Yakima, Washington 98901
                                                     Phone: (509) 574-4234 Fax: (509) 574-4238

1    law, courts have necessarily rejected defendants' argument (expressed in Ct. Rec.

2    28 at 3) that the existence of a federal agency enforcement mechanism precludes

3    state-law contract claims. *See Arriaga,* 305 F.3d at 1235 - 1237; *Frederick County,*

4    703 F.Supp. at 1030 - 1031; *Centeno-Bernuy v. Becker Farms*, 564 F.Supp.2d 166,

5    183 - 185 (W.D.N.Y. 2008).  Indeed, plaintiffs are not even required to exhaust

6    administrative remedies before filing a contract action. *See Centeno-Bernuy,* 564

7    F.Supp.2d at 184.

8         Defendants suggest that the federal regulatory scheme's relationship to

9    Plaintiffs' contract claims requires the Court to conclude that H-2A workers have

10   no contractual remedies under H-2A contracts, either because they are preempted

11   by the regulatory scheme (Ct. Rec. 28 at 3 – 7) or because H-2A contract claims

12   are "disguised" attempts to bring a private action to enforce a federal statutory

13   scheme (Ct. Rec. 28 at 14), which is, in defendants' view, not allowed under *Cort*

14   *v. Ash*, 422 U.S. 66 (1975).  No court has adopted either of those arguments (See

15   cases cited *supra.*)

16        Courts uniformly deal with the interrelation between the federal statute and

17   the contract cause of action by finding that the "terms of a job clearance order

18   which reflect DOL requirements become a part of the employment <u>contract</u> as a

19   matter of law." (emphasis added) *Frederick County,* 703 F.Supp. at 1031, citing

20   *Salazar–Calderon,* 765 F.2d at 1342 (5th Cir.1985). Courts, including the Ninth

21

PLAINTIFFS' RESPONSE TO MOTION TO
DISMISS- 6

Northwest Justice Project
510 Larson Building, 6 S. 2nd St.,
Yakima, Washington 98901
Phone: (509) 574-4234 Fax: (509) 574-4238

1    Circuit, find that H-2A contracts are enforceable under state contract law, and that

2    the existence of federal statutory enforcement mechanisms does not preempt the

3    state contract law remedy. *See Nieto-Santos,* 743 F.2d 638 at 641; *Arriaga,* 305

4    F.3d 1235 – 1237. (*See also Avery v. City of Talladega,* 24 F.3d 1337, 1348 (11th

5    Cir.1994) (FLSA does not preempt state contract claims)).

6         This rule aligns with the Supreme Court's holding that a contract that

7    incorporates federal statutory language does not necessarily create a federal cause

8    of action; but it does leave such a contract enforceable under state contract law.

9    *Jackson Transit Authority v. Local Division 1285,* 457 U.S. 15, 23 - 28 (1982).[2]. In

10   *Nieto-Santos,* the Ninth Circuit applied *Jackson Transit* to state law claims arising

11   out breach of H-2A contracts. *Id.,* at 641.

12                iii.    Defendants offer no authority to contradict the settled rule that
                          workers may enforce H-2A contracts which incorporate terms
13                        required under federal regulations

14        Defendants confusingly refer to 8 U.S.C. §1329 (Ct. Rec. 28 at 7) to argue

15   that only the DOL, and not workers, can enforce H-2A contracts. But § 1329 does

16   not preclude a private individual from litigating in federal court, so long as another

17   basis for federal subject-matter jurisdiction is present (e.g. §1331 and §1367). Nor

18   does defendants' reference to *Reno v. American-Arab Anti-Discrimination*

19   *Committee,* 525 U.S. 471 (1999) support any argument relevant to this case. *Reno*

20   ―――――――――――――
     [2] *Jackson* also said that the state-law contract claims could be brought into federal court under pendent jurisdiction,
21   457 U.S. at 28 n.11, which is the jurisdictional posture of this case.

PLAINTIFFS' RESPONSE TO MOTION TO                          **Northwest Justice Project**
DISMISS- 7                                                 510 Larson Building, 6 S. 2nd St.,
                                                           Yakima, Washington 98901
                                                           Phone: (509) 574-4234 Fax: (509) 574-4238

1    considered a jurisdictional provision of the INA – 8 U.S.C. §1252(g) – and

2    interpreted that provision to mean that immigrants could not sue the Attorney

3    General for three narrow actions: commencing, adjudicating, and executing

4    removals. *Reno* at 482. The instant case does not have to do with immigration

5    proceedings and is not an action against the Attorney General. *Reno* and §1329

6    thus lack any relevance to this case.[3]

7              iv.    Defendants' *Cort v. Ash* argument is inapposite, since plaintiffs
                      have not alleged a private right of action under the H-2A statute

8

9        Defendants' assertion that under *Cort v. Ash* plaintiffs lack a private right of

10   action to enforce the H-2A statute is inapplicable to this case. (Ct. Rec. 28, 8 – 13).

11   Plaintiffs assert breach of contract claims under state law, not a private right of

12   action to enforce the H-2A statute.

13                           **III. CONCLUSION**

14       This court has subject-matter jurisdiction over all of plaintiffs' claims both

15   pursuant to §1331 because of their federal claims under TVPRA and FLSA, and

16   pursuant to § 1367 supplemental jurisdiction over the state claims because these

17   claims are part of the same case or controversy and stem from a common nucleus

18   of facts. Defendants' assertions that Congress meant to preclude state-law contract

19   claims for H-2A contract violations has no basis in any authority and contradicts

     _____

20   [3] *Reno* itself emphasized that its holding was limited to three types of INA claims, and rejected the notion that in
     enacting IIRIRA Congress had "impose[d] a general jurisdictional limitation" on the federal courts. *Reno* at 482.

21

PLAINTIFFS' RESPONSE TO MOTION TO          **Northwest Justice Project**
DISMISS- 8                                 510 Larson Building, 6 S. 2nd St.,
                                           Yakima, Washington 98901
                                           Phone: (509) 574-4234 Fax: (509) 574-4238

1  precedent binding on this court. For those reasons, defendants' Rule 12(b)(1)

2  motions to dismiss plaintiffs' state-law claims for lack of subject-matter

3  jurisdiction should be DENIED.

4         DATED this 8th day of November, 2011.

5                          Respectfully submitted,

6                          NORTHWEST JUSTICE PROJECT

7                          By /s/ Michele Besso_____  _____
                                  Michele Besso, WSBA #17423
8

9                          FARMWORKER JUSTICE

10                         By:  /s/ Weeun Wang_____
                                  Weeun Wang
11
                           Attorneys for Plaintiffs
12

13

14

15

16

17

18

19

20

21

PLAINTIFFS' RESPONSE TO MOTION TO
DISMISS- 9

Northwest Justice Project
510 Larson Building, 6 S. 2nd St.,
Yakima, Washington 98901
Phone: (509) 574-4234 Fax: (509) 574-4238

1    CERTIFICATE OF SERVICE

2    I hereby certify that on November 8, 2011, I electronically filed the foregoing

3    with the Clerk of the Court using CM/EFC System which will send notification of

4    such filing to the following:

5              Timothy J. Bernasek:        tbernasek@dunncarney.com

6              Weeun Wang:                 wwang@farmworkerjustice.org

7              Gary Edward Lofland         glofland@glofland.net

8

9                                    /s/ Estella M. Del Villar
                                     Estella M. Del Villar, Legal Assistant for
10                                   Michele Besso, WSBA #17423
                                     Attorney for Plaintiffs
11                                   510 Larson Building, 6 S. 2nd St.
                                     Yakima, WA 98901
12                                   Phone: (509) 574-4234
                                     Fax: (509) 574-4238
13                                   Micheleb@nwjustice.org

14

15

16

17

18

19

20

21

PLAINTIFFS' RESPONSE TO MOTION TO                          **Northwest Justice Project**
DISMISS- 10                                                510 Larson Building, 6 S. 2nd St.,
                                                           Yakima, Washington 98901
                                                           Phone: (509) 574-4234  Fax: (509) 574-4238