Michele Besso
Northwest Justice Project
501 Larson Bldg., 6 South 2nd Street
Yakima, WA 98901
(509) 574-4234

Weeun Wang
Farmworker Justice
1126 16th Street NW, Suite 270
Washington, DC 20036

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ELVIS RUIZ, FRANCISCO JAVIER CASTRO and EDUARDO MARTINEZ,<br><br>Plaintiffs,<br><br>vs.<br><br>MAX FERNANDEZ and ANN FERNANDEZ, a marital community; and WESTERN RANGE ASSOCIATION, a foreign nonprofit organization,,<br><br>Defendants. | No. CV-11-3088-RMP<br><br>Plaintiffs' Response to Defendants' Supplemented Record to Motion to Dismiss |

The supplemental exhibits filed by defendants in support of their motion to dismiss plaintiffs' claims for lack of subject matter jurisdiction have no bearing on the jurisdiction of this Court. This Court has subject matter jurisdiction over plaintiffs' federal claims raised under the Fair Labor Standards Act and the

PLAINTIFFS' RESPONSE TO DEFENDANTS'
SUPPLEMENTED RECORD TO MOTION TO DISMISS
- 1

Northwest Justice Project
510 Larson Building, 6 S. 2nd St.,
Yakima, Washington 98901
Phone: (509) 574-4234 Fax: (509) 574-4238

Trafficking Victims Protection Reauthorization Act pursuant to 28 U.S.C. §1331 and supplemental jurisdiction over plaintiffs' state contract and wage claims pursuant to 28 U.S.C. § 1367. Despite defendants' allegations of "back door claims," plaintiffs have a right to enforce their contracts with defendant Fernandez in a court of law quite separate and apart from any investigative actions taken by the United States Department of Labor, as is clear from the explicit language in the H-2A regulations recognizing that the "clearance orders" filed by employers are enforceable contracts between the employer and the H-2A worker.

## I. THE EMPLOYMENT AGREEMENTS BETWEEN EMPLOYERS AND H-2A WORKERS ARE ENFORCEABLE CONTRACTS

The H-2A program is built around "work contracts", as defined in 20 C.F.R. § 655.103 (b):

> All the material terms and conditions of employment relating to wages, hours, working conditions, and other benefits, including those required by 8 U.S.C. 188, 29 CFR part 501, or this subpart. The **contract** between the employer and the worker may be in the form of a separate written document. In the absence of a separate written **work contract** incorporating the required terms and conditions of employment, agreed to by both the employer and the worker, the **work contract** at a minimum will be the terms of the job order and any obligations required under 8 U.S.C. 1188, 28 CFR part 501, or this subpart. (Emphasis added)

Under the H-2A regulations, these work contracts are explicitly contemplated as contracts between the employer and the worker, NOT between the employer and the Department of Labor. At 20 C.F.R. §655.122, which sets out the

PLAINTIFFS' RESPONSE TO DEFENDANTS' SUPPLEMENTED RECORD TO MOTION TO DISMISS - 2

Northwest Justice Project
510 Larson Building, 6 S. 2nd St.,
Yakima, Washington 98901
Phone: (509) 574-4234  Fax: (509) 574-4238

minimum benefits, wages, and working conditions that must be included in the employer's job offer (such as housing, workers' compensation coverage, transportation, the three-fourths guarantee, rates of pay, and deductions from pay), subsection (q) requires that the employer must provide to an H-2A worker a "copy **of the work contract between the employer and the worker**" in a language understood by the worker. (Emphasis added) The subsection also provides that "[i]n the absence of a separate, written **work contract entered into between the employer and the worker**", the work contract will consist of the required terms of the job order and the certified Application for Temporary Employment Certification.

As previously indicated, numerous courts have confirmed that the H-2A program confers upon workers enforceable contract rights. *See, e.g., Centeno–Bernuy v. Becker Farms*, 564 F.Supp.2d 166 (W.D.N.Y. 2008); *See also Perez-Benites v. Candy Brand*, 2011 WL 1978414 at *6 (W.D. Ark. 2011), citing *Arriaga v. Florida Pacific Farms, L.L.C.*, 305 F.3d 1228, 1233 n.5 (11th Cir. 2002).

The work contracts between the parties in this case are part of the record. (Ct. Rec. 28-2, pp. 47-73.) The contracts all bear the caption "Sheepherder Employment Agreement" and begin with the acknowledgement that the contracts are between an employer and an employee: "This Sheepherder Agreement this 4th day of March 2009 between Fernandez Ranch, a member of the Western Range

PLAINTIFFS' RESPONSE TO DEFENDANTS'
SUPPLEMENTED RECORD TO MOTION TO DISMISS
- 3

Northwest Justice Project
510 Larson Building, 6 S. 2nd St.,
Yakima, Washington 98901
Phone: (509) 574-4234 Fax: (509) 574-4238

1 Association, hereinafter referred to as the 'Employer' and [one of the plaintiffs],

2 hereinafter referred to as the 'Employee'". *Id.* at 48. The contracts are all signed

3 by both defendant Max Fernandez and by a plaintiff. *See, e.g.*, Ct. Rec. 28-2 at 49,

4 51. The contracts are devoid of any reference to the Department of Labor or any

5 administrative enforcement process; within the four corners of the documents, the

6 employer's contractual obligations flow clearly and directly to the plaintiffs.

### II. PLAINTIFFS HAVE RECOURSE UNDER STATE CONTRACT LAW REGARDLESS OF ANY ADMINISTRATIVE DETERMINATION OF U.S. DOL

9 There is absolutely no evidence whatsoever that Congress intended to

10 eliminate plaintiffs' common law state remedies to enforce the terms of these

11 explicitly created work contracts. 8 U.S.C. § 1188, the statute that sets out the

12 conditions for the admission of temporary H-2A workers, is silent on the question.

13 Significantly, the statute's preemption clause provides only for the preemption of

14 state and local law regulating *admissibility* of nonimmigrant workers. 8 U.S.C. §

15 1188(h) (2). To establish preemption in this case, defendants must point to a clear

16 and compelling expression of congressional intent under the INA to extinguish

17 workers' contract rights under state law, while providing no effective means of

18 redress under federal law. Defendants have not made and cannot make such a

19 showing. The Eastern District of Washington, in *Perez-Farias v. Global Horizons*,

20 No. CV-05-3061-RHW, held in response to a similar claim by an H-2A employer:

21

PLAINTIFFS' RESPONSE TO DEFENDANTS' SUPPLEMENTED RECORD TO MOTION TO DISMISS - 4

Northwest Justice Project
510 Larson Building, 6 S. 2nd St.,
Yakima, Washington 98901
Phone: (509) 574-4234 Fax: (509) 574-4238

> Where . . . the field which Congress is said to have preempted includes areas that have been traditionally occupied by the States, congressional intent to supersede state laws must be clear and manifest. Here, there is not clear intent of Congress to occupy the field of immigration to the exclusion of state regulation of labor and employment of migrant workers. The Court concludes that the IRCA does not preempt Plaintiff's claim for breach of contract with regard to the [H-2A] clearance orders. [internal quotation and citation omitted]; 2008 WL 833055 at *13 (E.D.Wash., March 27, 2008), (attached hereto).

*See De Canas v. Bica*, 424 U.S. 351 (1976); *see also* cases cited in Plaintiffs' Sur-Reply, Ct. Rec. 46.

### III. PLAINTIFFS HAD NO MEANS TO APPEAL THE U.S. DEPARTMENT OF LABOR FINDINGS

In support of the claim that plaintiffs have no right of action under state contract law, defendants have represented that Congress has provided H-2A workers with exclusive recourse to administrative enforcement, including review by the Secretary of Labor (Ct. Rec. 50, at 3, 4). Contrary to defendants' representations, the administrative enforcement process provided in 29 C.F.R. § 501 *et seq.* does not provide H-2A workers with any opportunity for administrative review. Under this enforcement scheme, once a worker has complained of work contract violations, it is completely within DOL's discretion whether and how to conduct its investigation. 29 C.F.R § 501.5 (a). Moreover, once DOL completes an investigation and makes a determination, the Department notifies only the person against whom action is being taken. 29 C.F.R. § 501.31. *See, Disadvantaged by Design: How the*

PLAINTIFFS' RESPONSE TO DEFENDANTS' SUPPLEMENTED RECORD TO MOTION TO DISMISS - 5

Northwest Justice Project
510 Larson Building, 6 S. 2nd St.,
Yakima, Washington 98901
Phone: (509) 574-4234 Fax: (509) 574-4238

*Law Inhibits Agricultural Guest Workers From Enforcing Their Rights*, 18 Hofstra Lab. & Emp. L.J. 575, 599 (2001). The affected worker does not receive notice of the determination. Therefore, the worker also does not receive notice of the right to request a hearing or the time and method for requesting a hearing. 29 C.F.R. § 501.32. Clearly, the administrative review process provided in 29 C.F.R. § 501 *et seq.* is intended only for the use of the employer or other person found to be in violation of the H-2A regulations.

If Congress had intended that the DOL enforcement scheme be the H-2A workers' exclusive remedy for violations of their employment agreements with employers, Congress would have said so clearly and explicitly and set up an administrative process with meaningful procedural protections for workers. In the absence of any indication of Congressional intent to strip H-2A workers of their contract rights under state law, this Court should deny defendants' motion to dismiss plaintiffs' claims and allow plaintiffs the

PLAINTIFFS' RESPONSE TO DEFENDANTS' SUPPLEMENTED RECORD TO MOTION TO DISMISS - 6

Northwest Justice Project
510 Larson Building, 6 S. 2nd St.,
Yakima, Washington 98901
Phone: (509) 574-4234 Fax: (509) 574-4238

1  opportunity to prove the merits of their claims.

2  DATED this 20th day of March, 2012.

        Respectfully submitted,

        NORTHWEST JUSTICE PROJECT

        By: _s/s Michele Besso_
            Michele Besso, WSBA #17423

        FARMWORKER JUSTICE

        By: _s/s Weeun Wang_
            Weeun Wang

        Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on March 20, 2012, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system and caused it to be served by mail to the following:

    Timothy J. Bernasek: tbernasek@dunncarney.com,

    cschrag@dunncarney.com

    Gary Lofland: glofland@glofland.net

    Weeun Wang: wwang@farmworkerjustice.org

PLAINTIFFS' RESPONSE TO DEFENDANTS' SUPPLEMENTED RECORD TO MOTION TO DISMISS - 7

Northwest Justice Project
510 Larson Building, 6 S. 2nd St.,
Yakima, Washington 98901
Phone: (509) 574-4234 Fax: (509) 574-4238

1   DATED this 20th day of December, 2012.

2                                          By: /s/ Estella M. Del Villar
                                           Estella M. Del Villar, Legal Assistant for
3                                          Michele Besso, WSBA #17423
                                           Attorney for Plaintiffs
4                                          Northwest Justice Project
                                           510 Larson Bldg., 6 South 2nd St.
5                                          Yakima, WA 98901
                                           (509) 574-4234
6                                          Email: micheleb@nwjus

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

PLAINTIFFS' RESPONSE TO DEFENDANTS'                         Northwest Justice Project
SUPPLEMENTED RECORD TO MOTION TO DISMISS                    510 Larson Building, 6 S. 2nd St.,
                                                            Yakima, Washington 98901
- 8                                                         Phone: (509) 574-4234 Fax: (509) 574-4238