| | |
|---|---|
| ELVIS RUIZ; FRANCISCO JAVIER CASTRO; and EDUARGDO MARTINEZ<br><br>Plaintiffs,<br><br>v.<br><br>MAX FERNANDEZ and ANN FERNANDEZ, a marital community; and WESTERN RANGE ASSOCAITION, a foreign nonprofit organization,<br><br>Defendants. | NO: CV-11-3088-RMP<br><br>ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

This matter comes before the Court on motions to dismiss for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1), by Defendants Max and Ann Fernandez, ECF No. 17, and Defendant Western Range Association ("WRA"), ECF No. 31. Defendants seek dismissal of the following claims raised by Plaintiffs Elvis Ruiz, Francisco Javier Castro, and Eduardo Martinez: (1)

ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS ~ 1

violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*., against WRA; (2) violation of Washington State wage law, RCW 49.52.050, against all Defendants; (3) breach of the employment contracts, against all Defendants; and (4) *quantum meruit*, against all Defendants. Plaintiffs also state a claim for violation of the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. §1589, *et seq*., against Defendants Fernandez, which the Defendants do not move to dismiss. ECF Nos. 1, 27, and 31.

The Court has reviewed all of the submitted briefing and materials from the parties, including the supplemental briefing filed by Defendants Fernandez and Plaintiffs in March 2012, heard oral argument from the parties in Yakima, Washington, has reviewed the relevant authority, and is fully informed.

## BACKGROUND

Under the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1101, et seq., foreign workers hired to perform temporary agricultural work in the United States can be granted "H-2A" non-immigrant status through a program that extends temporary visas to nonimmigrant foreign workers who "hav[e] a residence in a foreign country which [they] ha[ve] no intention of abandoning [and] who [are] coming [ ] to the United States to perform agricultural labor or services . . . of a temporary or seasonal nature." 8 U.S.C. § 1101(a)(15)(H)(ii)(a).

The following background is taken from Plaintiffs' complaint, ECF No. 1, filed on September 2, 2011. Plaintiffs Mr. Ruiz, Mr. Castro, and Mr. Martinez are Chilean citizens who were hired through the H-2A program to work as range sheepherders by Defendants Max and Ann Fernandez and WRA. ECF No. 1 at 2. The Defendants Fernandez's ranch is located in Centerville, Klickitat County, Washington. Defendant WRA is a "foreign nonprofit corporation." ECF No. 1 at 3.

Plaintiffs assert that while employed by Defendants Fernandez they often, or exclusively in the case of Mr. Martinez, worked as ranch hands rather than sheepherders. ECF No. 1 at 2. This would allegedly entitle Plaintiffs to receive the higher federal minimum wage rather than the established H-2A rate. ECF No. 1 at 2, 10. Plaintiffs report that they did not receive the minimum wage pay for the ranch hand work performed, and that Defendants Fernandez and the WRA "failed to honor" the employment contracts with the Plaintiffs in various ways, including requiring long work weeks without allowing breaks or Sundays off, not allowing vacation pay, threatening deportation on numerous occasions for various reasons, restricting access to telephones or communication with people off the ranch, withholding passports and documents against Plaintiffs' requests, denying visitation on the ranch, prohibiting access to medical care, failing to provide adequate food or housing, and withholding payment of wages. ECF No. 1.

Plaintiffs filed their complaint on September 2, 2011, alleging poor working conditions, mistreatment, and abuse by Defendants Fernandez, resulting in breach of the labor contract terms and violations of various state and federal statutory and contract laws. ECF No. 1.

Rather than answering the complaint, Defendants Max and Ann Fernandez filed the instant Fed. R. Civ. P. 12(b)(1) motions to dismiss for lack of subject matter jurisdiction on October 20, 2011, ECF No. 27, and October 27, 2011, ECF No. 31, respectively.

## ANALYSIS

1. **Standard of Review for Fed. R. Civ. P. 12(b)(1) Motions to Dismiss**

The party seeking to invoke the jurisdiction of the federal court has the burden of establishing that jurisdiction exists. *KVOS, Inc. v. Associated Press*, 299 U.S. 269, 278 (1936); *Assoc. of Medical Colleges v. United States*, 217 F.3d 770, 778–779 (9th Cir.2000). On a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1), the standards that must be applied vary according to the nature of the jurisdictional challenge.

Here, the challenge to jurisdiction is a facial attack because the Defendants contend that the allegations of jurisdiction contained in the complaint are insufficient on their face to demonstrate the existence of jurisdiction. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir.2004). In analyzing a Rule 12(b)

(1) motion of this type, the Court presumes that the factual allegations in the complaint are true, and the Court grants the motion only if Plaintiffs fail to allege an element necessary for subject matter jurisdiction. *Savage v. Glendale Union High Sch. Dist*. No. 205, 343 F.3d 1036, 1039 n. 1 (9th Cir.2003), *Miranda v. Reno*, 238 F.3d 1156, 1157 n. 1 (9th Cir.2001).

2. **Jurisdiction**

a. **Jurisdiction Over Washington State Law Claims**

Plaintiffs assert two claims under federal statutes, the FLSA and the TVPRA, and three claims under Washington state common and statutory law. A federal district court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Supplemental jurisdiction is constitutional when the federal and state claims (1) form one constitutional "case" and (2) "derive from a common nucleus of operative facts." *Mendoza v. Zirkle Fruit Co.*, 301 F.3d 1163, 1173 (9th Cir.2002) (*quoting United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966)).

In this case, the Plaintiffs' state law breach of contract, wage law, and *quantum meruit* claims all arise from the same employment period and conditions with the Defendants as the federal claims and arise out of the same common

nucleus of operative facts. Therefore, the Court asserts supplemental jurisdiction over Plaintiffs' state law claims.

However, Defendants Fernandez argue that the terms of the contracts between Plaintiffs and Defendants or the conditions and terms of Plaintiffs' employment with Defendants cannot be challenged in a private cause of action because the administrative process through the Department of Labor, followed by any claims in federal court the Secretary of Labor then elects to pursue, offers the exclusive remedy for H-2A workers seeking to vindicate contract rights.

More specifically, the Fernandez Defendants argue that the 1996 amendment to the jurisdictional provision of the Immigration and Nationality Act at 8 U.S.C. § 1329 preempts private causes of action, such as Plaintiffs' Washington state law claims that "challenge[] work under a job description." ECF No. 34 at 9. Defendants also argue that Plaintiffs' state law claims are barred because they are simply cleverly disguised attempts to pursue a private action to enforce the federal regulations governing H-2A employment, which Defendants argue does not allow a private cause of action. ECF No. 28 at 3-7.

Under the H-2A program, the United States allows foreign workers to temporarily enter the United States to perform various types of agricultural service or labor. 8 U.S.C. § 1188; 8 U.S.C. § 1101(a)(15)(H)(ii)(a). The Supreme Court has prescribed a test to determine whether a private cause of action exists under

statutes that do not expressly create one. *See Cort v. Ash*, 422 U.S. 66, 78 (1975). The Ninth Circuit applied the *Cort v. Ash* test in *Nieto-Santos v. Fletcher Farms,* 743 F.2d 638 (9th Cir. 1984), and concluded that federal subject matter jurisdiction did not exist in breach of contract claims brought by H-2A employees when those claims solely presented state law issues. *Nieto-Santos*, 564 743 F.2d at 641. The court noted that a breach of contract claim does not become a federal cause of action "merely because Congress required that the contract include certain provisions." *Id.*

Moreover, from a review of the authority referred to by the parties and uncovered through the Court's own legal research, it appears well-established across the Circuits, and lamented in law review articles, that there is no private federal cause of action for enforcement of the rights provided by the H-2A program and incorporated into the contracts between H-2A employees and employers. *See, e.g., Disadvantaged by Design: How the Law Inhibits Agricultural Guest Workers from Enforcing Their Rights*, 18 HOFSTRA LAB. & EMP. L.J. 575, 606-07 (Spring 2001); Alejandro v. Cortes, *The H-2A Farmworker: The Latest Incarnation of the Judicially Handicapped and Why the Use of Mediation*Lisa Guerra, *Modern-Day Servitude: A Look at the H-2A Program's Purposes, Regulations, and Realities*, 29 VT. L. REV. 198-202 (Fall 2004); and Eleanor G. Carr, *Search for a Round Peg: Seeking a Remedy for Recruitment*

*Abuses in the U.S. Guest Worker Program*, COLUM. J. L. & SOC. PROBS. 399, 411 (Summer 2010); *but see Vega v. Nourse Farms*, 62 F.Supp.2d 334 (D.Mass.1999) (finding an implied private right of action under the H-2A provisions because "the private civil action asserted [by plaintiffs in that case] provides the only effective tool to secure the rights of workers whose protection was the explicit goal of the statute enacted by Congress").[1]

"Federal preemption occurs when: (1) Congress enacts a statute that explicitly pre-empts state law; (2) state law actually conflicts with federal law; or (3) federal law occupies a legislative field to such an extent that it is reasonable to conclude that Congress left no room for state regulation in that field." *Engine Mfrs. Ass'n v. South Coast Air Quality*, 498 F.3d 1031, 1039 (9th Cir.2007) (citations omitted). "Preemption analysis 'start[s] with the assumption that the historic

---

[1] In addition, the Migrant Seasonal Agricultural Worker Protect Act of 1983 ("AWPA") explicitly exempts H-2A workers from its coverage. 29 U.S.C. § 1802(8)(B)(ii) ("The term 'migrant agricultural worker' does not include . . . (ii) any temporary nonimmigrant alien who is authorized to work in agricultural employment in the United States under § § 1101(a)(15)(H)(ii)(a) and 1184(c) . . . ."); *see also* 29 U.S.C. § 10(B)(iii) ((excluding H-2A workers also from the definition of "seasonal agricultural worker").

police powers of the States were not to be superseded by the Federal Act unless that was the clear and manifest purpose of Congress.' " *Engine Mfrs. Ass'n*, 498 at 1039 (citations omitted).

Defendants heavily emphasize two statutory provisions in their arguments that federal immigration law preempts the state law breach of contract claim and the other state law causes of action. First, Defendants refer the Court to the section of the INA granting jurisdiction to federal district courts over "all causes, civil and criminal, brought by the United States that arise under the provisions of this title," 8 U.S.C. § 1329. However, the INA jurisdictional provision is inapposite in light of the Ninth Circuit's decision in *Nieto-Santos*, finding that while there is no private federal cause of action to enforce rights under the H-2A program contracts containing provisions required by the H-2A may still give rise to state law breach of contract actions. 743 F.2d at 641-43.

Second, Defendants refer extensively to the administrative enforcement scheme set forth in 8 U.S.C. § 1188 and fleshed out by 29 C.F.R. §§ 501.0 *et seq*. Pursuant to that scheme, to "ensure employer compliance with terms and conditions of employment under [the H-2A program]," the Secretary of Labor is "authorized to take such actions, including imposing appropriate penalties and seeking appropriate injunctive relief and specific performance of contractual obligations, as may be necessary." 28 U.S.C. § 1188(g)(2); 29 C.F.R. § 501.1.

The Secretary of Labor also may initiate administrative proceedings as necessary, or alternatively may petition "any appropriate District Court of the United States" for injunctive relief, or "specific performance of contractual obligations." 29 C.F.R. § 501.16. However, the administrative enforcement scheme does not impose any time restrictions on the complaint review process or require the Department of Labor to notify the complainant of any findings. *See Coit Independence Joint Venture v. Federal Sav. And Loan Ins. Corp.*, 489 U.S. 561, 586-87 (holding in the context of a qualitatively similar administrative complaint system, that a plaintiff did not have to exhaust the available remedies through that system before filing suit in court). Without notification of any findings from the administrative investigation, a complainant could not pursue his or her complaints further.[2]

At oral argument, counsel for the Fernandez Defendants acknowledged that Defendants are "like the 'Lone Ranger'" with respect to their preemption arguments because Defendants are not aware of any case law addressing the issue. Following extensive review of the submitted materials, and the authority cited by

---

[2] The Court reviewed and considered Defendants Fernandez's and the Plaintiffs' supplemental submissions regarding the Department of Labor's investigation into the conditions of Plaintiffs' employment at the Fernandez's ranch. ECF No. 59.

the parties, the Court respectfully rejects Defendants' argument that because there is no federal private cause of action for H-2A workers to enforce the rights created by the job clearance orders filed with the Department of Labor that state law private causes of action are preempted.

No provision of the INA expressly preempts state law private causes of action. As for implied preemption, the Court finds that the absence of a private federal cause of action for H-2A workers does not, without more, support the conclusion that state law remedies are in direct conflict with federal law with respect to the H-2A scheme. To the contrary, the Court has found numerous instances where federal district courts have exercised supplemental jurisdiction over the state law breach of contract and other state law claims of H-2A workers without encountering any issue of conflict. *See Sanchez et al v. Bland Farms, LLC,* 2011 WL 2457519, *13 (S.D.Ga. June 15, 2011) (following a bench trial, awarding H-2A worker plaintiffs damages on a state law breach of contract theory); *Centeno-Bernuy v. Becker Farms*, 564 F.Supp.2d 166, 183 (S.D.N.Y. 2008) (holding that H-2A worker plaintiffs' state breach of contract claims were allowed to proceed while employer defendant's state law breach of contract counterclaim was dismissed on summary judgment for lack of material question of fact); *Catalan v. Vermillion Ranch Ltd. Partnership*, 2007 WL 38135, *4 (D.Colo., January 4, 2007) (denying motion to dismiss complaint alleging FLSA and

TVPRA violations, state law breach of contract violations, and other causes of action).

Moreover, Defendants have not shown that "federal law occupies [the] legislative field to such an extent that it is reasonable to conclude that Congress left no room for state regulation in that field." *Engine Mfrs. Ass'n*, 498 at 1039 (citations omitted). The administrative enforcement mechanism assigned to the Department of Labor is completely discretionary,[3] and there is no indication in the statute or the implementing regulations that Congress intended it to be a process that must be exhausted before suing in state or federal court or to be the exclusive remedy available to H-2A workers seeking to vindicate any rights that they may have.

Indeed, there is legislative history indicating that Congress knows precisely how to preempt state law claims in this exact area of law and, to date, has chosen not to. In 2005, 2007, and 2009, bills including the proposed "Agricultural Job Opportunities, Benefits and Security Act" ("AgJOBS") were introduced in the

---

[3] There are indications that the Department of Labor rarely if ever elects to act on the enforcement mechanisms. *See Vega*, 62 F.Supp.2d at 342; *see also* Carr, 43 COLUM. J. L. & SOC. PROBS. at 411, note 64.

ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS ~ 12

Senate and House, but were not enacted into law.[4] Those bills would have created a private right of action by which H-2A workers could file a federal suit to enforce their wages, housing benefits, transportation cost reimbursements, and the benefits and material terms of their written H-2A job offers. *See See, e.g.*, AgJOBS Act of 2009, S. 1038 sec. 218C(b). The AgJOBS bills also explicitly provided that "no other right of action shall exist under Federal or State law to enforce such rights." *Id*. Given that Congress has considered such a change in law, but the revised language has not yet become law, the Court finds that Congress has not yet,, even impliedly, manifested an intent to occupy the legislative field to the extent that state law causes of action are preempted.

Therefore, the Court finds that it has jurisdiction to hear Plaintiffs' state law claims pursuant to 18 U.S.C. § 1367 and denies the Fernandez Defendants' motion to dismiss, ECF No. 27.

---

[4] *See* Agricultural Job Opportunities, Benefits, and Security (AgJOBS) Act of 2005, S. 359, 109th Cong. (1st Sess. 2005); AgJOBS Act of 2005, H.R. 884, 109th Cong. (1st Sess. 2005); AgJOBS Act of 2007, S. 340, 110th Cong. (1st Sess. 2007); AgJOBS Act of 2007, H.R. 371, 110th Cong. (1st Sess. 2007); AgJOBS Act of 2009, S. 1038, 111th Cong. (1st Sess. 2009); AgJOBS Act of 2009, H.R. 2414, 111th Cong. (1st Sess. 2009).

b. **Jurisdiction Over FLSA Claims**

The FLSA provides covered workers a minimum wage and guarantee of overtime payment for all hours worked in excess of forty in a given workweek. *See* 29 U.S.C. § 201, *et seq*. An employer who violates the FLSA minimum wage provision is liable to the affected employee for the unpaid promised wage and an equal amount as liquidated damages. 29 U.S.C. § 216(b).

Plaintiffs bring a FLSA claim only against WRA. In WRA's motion to dismiss, ECF No. 31, and oral argument, WRA adopts the Fernandez Defendants' position that the state law claims are preempted by the H-2A statutory and regulatory scheme and extends that argument to urge that, if the Court finds preemption of the state law claims, the Court should further find preemption of the FLSA claim. WRA provides no analysis or citation to authority to support this argument.

The FLSA applies to workers in the U.S. under the H-2A program. *Arriaga v. Florida Pacific Farms, LLC*, 305 F.3d 1228, 1235 (11th Cir. 2002). Individuals may pursue a private cause of action for damages under the FLSA in either federal or state court up until such time as the Department of Labor files its own action under the FLSA. 29 U.S.C. § 216, *held unconstitutional on other grounds by Alden v. Maine*, 527 U.S. 706 (1999). The Court finds no authority to support that the Plaintiffs' FLSA claim is preempted or that the Court is otherwise stripped of

its ability to hear Plaintiffs' FLSA claim pursuant to federal subject matter jurisdiction.  Therefore, the Court finds that it may hear Plaintiffs' FLSA and TVPRA claims pursuant to 18 U.S.C. § 1331 and denies Defendant WRA's motion to dismiss, ECF No. 31.

Accordingly, **IT IS ORDERED** that:

1. The Motion to Dismiss, **ECF No. 27**, by Defendants Fernandez, is **DENIED.**

2. The Motion to Dismiss, **ECF No. 31**, by WRA is **DENIED**.

**IT IS SO ORDERED.**

The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** this 26th day of April 2012.

              *s/ Rosanna Malouf Peterson*
              ROSANNA MALOUF PETERSON
              Chief United States District Court Judge