UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| ELVIS RUIZ, et al., | NO: CV-11-3088-RMP |
|---|---|
| Plaintiffs, | ORDER ON PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES FROM MAX FERNANDEZ |
| v. | |
| MAX FERNANDEZ, et al., | |
| Defendants. | |

Before the Court is Plaintiffs' Motion to Compel Discovery Responses from Max Fernandez, ECF No. 108. Plaintiffs' motion was heard on an expedited basis. ECF No. 116. The Court has reviewed the motion and the file, and is fully informed.

FACTS

Plaintiffs served Defendant Max Fernandez with their first set of interrogatories and requests for production on July 10, 2012. ECF No. 110, at 2. Mr. Fernandez did not initially respond to the discovery requests. On September

ORDER ON PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES FROM MAX FERNANDEZ ~ 1

13, 2012, Plaintiffs filed a motion to compel discovery responses from Mr. Fernandez. ECF No. 73. After Plaintiffs filed their motion to compel, Mr. Fernandez provided responses to Plaintiffs' discovery requests on September 18, 2012. ECF No. 80. The Court issued an Order finding that Plaintiffs' motion to compel was moot, ECF No. 82, and further issued an Order awarding Plaintiffs $500.00 in attorney's fees incurred in bringing their motion. ECF No. 83.

Plaintiffs assert that in the September 18, 2012, discovery responses that Defendant improperly objected to certain discovery requests and provided incomplete responses to some requests. Plaintiffs faxed Mr. Fernandez's counsel a letter on November 2, 2012, offering to confer with counsel regarding the discovery responses. ECF No. 110, at 3. Plaintiffs further telephoned Mr. Fernandez's counsel on November 9 and November 14, 2012. ECF No. 110, at 4. Plaintiffs had not received any response from Defendant's counsel as of the date of filing the instant motion to compel, November 16, 2012. ECF No. 110, at 4. Plaintiffs' counsel additionally declared that Mr. Fernandez has not yet complied with the Court's Order awarding $500.00 in attorney's fees for their previously filed motion to compel. ECF No. 110, at 4.

## ANALYSIS

The Court may issue an order compelling responses to discovery requests under Federal Rule of Civil Procedure 37(a). If a motion to compel is granted or

discovery responses are provided after the motion is filed, the Court must require the party withholding discovery, or the party's attorney, or both, to pay the moving party's reasonable expenses incurred in making the motion, including attorney's fees. Fed. R. Civ. P. 37(a)(5)(A). However, the Court may not order payment of expenses if the movant filed the motion before attempting to confer in good faith, the opposing party's nondisclosure was substantially justified, or other circumstances would make an award of expenses unjust. *Id.*

In their motion, Plaintiffs identified several interrogatories and requests for production to which Plaintiffs argue that Mr. Fernandez either improperly objected or did not fully respond. Several of these issues were resolved through Mr. Fernandez's opposition to Plaintiffs' motion. ECF No. 118; ECF No. 120, at 2. The remaining issues are 1) Mr. Fernandez's response to Interrogatory No. 12 regarding information on each of the trailers occupied by any of the plaintiffs; 2) Request for Production No. 33 regarding service or maintenance records of vehicles and machinery; 3) Mr. Fernandez's non-compliance with the Court's Order awarding Plaintiffs $500.00 in attorney's fees for bringing their September 13, 2012, motion to compel; and 4) Plaintiffs' entitlement to attorney's fees for the instant motion to compel. Each of these issues is examined in turn.

*1. Interrogatory No. 12*

In Interrogatory No. 12, Plaintiffs asked Mr. Fernandez to identify and describe every mobile housing unit occupied by any of the Plaintiffs from 2007 through 2011. ECF No. 109, at 7. In response, Mr. Fernandez identified one mobile housing unit, an Airstream trailer purchased in July 2006. However, in his deposition dated October 29, 2012, Mr. Fernandez indicated that he had four or five trailers during the time period in question. ECF No. 110, at 3. Plaintiffs request information on the remaining units.

In his memorandum in opposition, Mr. Fernandez states that he identified all mobile housing units occupied by one of the Plaintiffs during the time period in question. Mr. Fernandez explained that the other units referenced in his deposition were not occupied by one or more of the Plaintiffs and therefore were not relevant to Plaintiffs' discovery request. ECF No. 118, at 3-4. In reply, Plaintiffs produced an excerpt from Mr. Fernandez's deposition testimony indicating that he had two trailers that Plaintiffs lived in during the time period in question: an Airstream trailer that Mr. Castro lived in and an additional trailer that Mr. Ruiz may have lived in. ECF No. 122, at 5-6, 7-8.

It is not immediately clear from the deposition testimony whether the Airstream trailer that Mr. Castro lived in is the same Airstream trailer that Mr. Fernandez identified in his response to Interrogatory No. 12. Mr. Fernadez's response to Interrogatory No. 12 included nothing about a different trailer that Mr.

ORDER ON PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES
FROM MAX FERNANDEZ ~ 4

Ruiz may have lived in. Therefore, Mr. Fernandez's answer may be incomplete and Mr. Fernandez must supplement his response to Interrogatory No. 12, explaining whether there were any additional trailers other than the Airstream already identified in response to Interrogatory No. 12 that were ever occupied by one or more of the Plaintiffs from 2007 through 2011.

*B. Request for Production No. 33*

Plaintiffs' Request for Production No. 33 asked Mr. Fernandez to produce vehicle service or maintenance records. ECF No. 109, at 8. Mr. Fernandez indicated in his response that he did not keep any such records. However, during his deposition Mr. Fernandez testified that he had vehicle maintenance expense records. ECF No. 110, at 2.

Mr. Fernandez explained in his opposition that the only records he kept were maintenance expenses related to what he paid a mechanic that he employed at the ranch. Mr. Fernandez claims that these expense records do not fall into the "service and maintenance records" requested by Plaintiffs. Plaintiffs disagree and further note that Mr. Fernandez's counsel stated during Mr. Fernandez's deposition that any such records would be produced if they existed. ECF No. 122, at 4.

The Court agrees with Plaintiffs that the expense records fall within the "service and maintenance records" requested by Plaintiffs. Mr. Fernandez must produce any such records that he has.

*C. Award of Attorney's Fees for Plaintiffs' September 13, 2012, Motion to Compel*

On September 21, 2012, the Court ordered Mr. Fernandez to pay $500.00 in attorney's fees because his discovery responses were provided after Plaintiffs filed their September 13, 2012, motion to compel. ECF No. 83; Fed. R. Civ. P. 37(a)(5)(A). Plaintiffs' counsel declares that Mr. Fernandez has not yet complied with the Order.

Mr. Fernandez must comply with the Court's September 21, 2012, Order and compensate Plaintiffs for $500.00 in attorney's fees within 30 days of the date of this Order.

*D. Award of Attorney's Fees for Plaintiffs' Instant Motion to Compel*

Plaintiffs' counsel indicates that she spent more than two hours preparing the pleadings for the instant motion to compel, and requests an additional award of $500.00 in attorney's fees. Mr. Fernandez did not respond to this issue, except to say that attorney's fees should be denied because the motion to compel should be denied.

Plaintiffs made repeated attempts to confer with Mr. Fernandez's counsel regarding his September 18, 2012, discovery responses. Mr. Fernandez's counsel apparently did not respond and has offered no reason for failing to respond. Had Mr. Fernandez's counsel responded to Plaintiffs' request to confer, the issues may have been resolved out of court without Plaintiffs' needing to file a motion. The

Court therefore finds that an additional award of $500.00 in attorney's fees is appropriate under Federal Rule of Civil Procedure 37(a)(5)(A).

This award is made in addition to the $500.00 in attorney's fees previously awarded for Plaintiffs' September 13, 2012, motion to compel. Mr. Fernandez is ordered to pay a total of $1,000 within 30 days of the date of this Order.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiffs' Motion to Compel Discovery Responses from Max Fernandez, **ECF No. 108**, is **GRANTED**. Mr. Fernandez shall provide additional discovery responses as provided in this Order by 12:00 p.m. on Wednesday, December 5. The dispositive motion deadline in this case is moved to December 12, 2012. Mr. Fernandez shall additionally compensate Plaintiffs for attorney's fees within 30 days as provided in this Order.

The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** this 30th day of November 2012.

                              *s/ Rosanna Malouf Peterson*
                          ROSANNA MALOUF PETERSON
                        Chief United States District Court Judge