1  **Timothy J. Bernasek, WSBA No. 43604**
   Email: tbernasek@dunncarney.com
2  **John R. Barhoum, WSBA No. 42776**
   Email: jbarhoum@dunncarney.com
3  Dunn Carney Allen Higgins & Tongue LLP
   851 SW Sixth Avenue, Suite 1500
4  Portland, OR 97204-1357
   Telephone: 503-224-6440
5  Fax: 503-224-7324

Honorable Rosanna M. Peterson

6  Attorneys for Defendants Western Range Association

7

8                    UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF WASHINGTON

10  ELVIS RUIZ FRANCISCO          )
    JAVIER, CASTRO and EDUARDO    )
11  MARTINEZ,                     )     Case No. 2:11-cv-03088-RMP
                                  )
12                   Plaintiffs,  )
                                  )
13          v.                    )     DEFENDANT WESTERN
                                  )     RANGE ASSOCIATION'S
14  MAX FERNANDEZ and ANN         )     MEMORANDUM IN SUPPORT
    FERNANDEZ, a Marital          )     OF MOTION FOR SUMMARY
15  community; and WESTERN        )     JUDGMENT
    RANGE ASSOCIATION, a foreign  )
16  nonprofit organization,       )
                                  )
17                   Defendants.  )

18                         **I.  INTRODUCTION**

19      This is a wage case involving agricultural workers from Chile.  Plaintiffs Elvis

20  Ruiz, Francisco Javier Castro, and Eduardo Martinez ("Plaintiffs") are Chilean

21  citizens.  In 2007, they applied for and obtained H-2A visas to work as sheepherders

22  in the United States.  *See* Complaint, Dkt. 1, ¶1.  The H-2A visa program allows

DEFENDANT WESTERN RANGE ASSOCIATION'S MEMORANDUM IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT - 1
DCAPDX_872854_v1          **DUNN CARNEY ALLEN HIGGINS & TONGUE LLP**
                                    Attorneys at Law
                            851 SW Sixth Avenue, Suite 1500
                                 Portland, OR 97204-1357
                          503.224.6440 / Fax: 503.224.7324

1 foreign workers to temporarily work in the United States, subject to regulations

2 promulgated by the U.S. Department of Labor ("USDOL").

3      Western Range Association ("WRA"), a non-profit organization, was created

4 by agricultural employers to help employers and foreign workers successfully

5 navigate the intricacies of the H-2A program. *See* Complaint, Dkt. 1, ¶11.

6      Plaintiffs contacted WRA's Chilean representative to apply for H-2A visas.

7 *See* Deposition of Elvis Ruiz ("Ruiz Depo."), pg. 17; Deposition of Francisco Javier

8 Castro ("Castro Depo."), pgs. 61-62; Deposition of Eduardo Martinez ("Martinez

9 Depo."), pg. 47 (Exhibits 1 through 3 to the Declaration of Timothy J. Bernasek

10 ("Bernasek Decl."). WRA helped Plaintiffs obtain their H-2A visas and coordinated

11 their transportation to the United States. Plaintiffs subsequently went to work as

12 sheepherders for various ranchers, including co-defendant Max Fernandez

13 ("Fernandez") from 2007-2010.

14      Plaintiffs entered into written employment agreements with Fernandez,

15 wherein Fernandez, pursuant to the H-2A regulations, agreed to pay them no less

16 $750 per month. They were also given three meals a day, free housing, and worker's

17 compensation coverage.

18      Fernandez supervised and managed Plaintiffs' work on the ranch. *See* Castro

19 Depo., pgs. 63-66; Martinez Depo., pgs. 46-48; Ruiz Depo., pgs. 38-40. He dictated

20 the manner and method by which their work was done. He also controlled their work

21 schedule, housing arrangements, monetary compensation, and other work conditions.

22 *Id.* Simply put, Plaintiffs were on the ranch to work for Fernandez as his employees.

DEFENDANT WESTERN RANGE ASSOCIATION'S MEMORANDUM IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT - 2
DCAPDX_872854_v1
DUNN CARNEY ALLEN HIGGINS & TONGUE LLP
Attorneys at Law
851 SW Sixth Avenue, Suite 1500
Portland, OR 97204-1357
503.224.6440 / Fax: 503.224.7324

1  *Id.*

2      Plaintiffs quit working for Fernandez in 2010.  They alleged that Fernandez

3  required them to do non-sheepherding work on occasion, such as cutting the grass

4  and/or chopping firewood.  Plaintiffs, therefore, claimed that they were entitled to

5  minimum wage under the Fair Labor Standards Act ("FLSA").

6      The USDOL investigated Plaintiffs' allegations and found them to be wholly

7  without merit.  *See* USDOL Report, Ex. 4 to Bernasek Decl.  Undeterred, Plaintiffs

8  filed this lawsuit against Fernandez and WRA, alleging violations of the FLSA, state

9  wage laws, and breach of contract.

10      Plaintiffs' specific claims against WRA involve the FLSA, Washington state

11  wage laws, breach of employment contracts, and quantum meruit. Each claim fails

12  for one specific reason:  *WRA was not Plaintiffs' employer*.  The record is undisputed

13  that Fernandez — not WRA — controlled Plaintiffs and served as their employer.

14  WRA simply helped Plaintiffs apply for and obtain their H2-A visas.  Accordingly,

15  WRA is entitled to judgment as a matter of law.

16                      **II.  POINTS AND AUTHORITIES**

17      **A.**    **Summary Judgment Standard.**

18      "Summary judgment procedure is properly regarded not as a disfavored

19  procedural shortcut, but rather as an integral part of the Federal Rules as a whole,

20  which are *designed to secure the just, speedy and inexpensive determination of every*

21  *action*." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986) (emphasis added).

22      Summary judgment is appropriate when "the pleadings, depositions, answers

DEFENDANT WESTERN RANGE ASSOCIATION'S MEMORANDUM IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT - 3

1 to interrogatories, and admissions on file, together with the affidavits, if any, show

2 that there is no genuine issue as to any material fact and that the moving party is

3 entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

4      A factual dispute is "genuine" if the evidence would allow a reasonable juror

5 to return a verdict for the non-moving party. *Id.* The mere existence of a "scintilla of

6 evidence in support of plaintiff's position will be insufficient; there must be evidence

7 on *which a jury could reasonably find for the plaintiff.*" *Id.* (emphasis added).

8      Here, Plaintiffs, to survive summary judgment, must offer evidence that WRA

9 was their employer. They cannot. Accordingly, summary judgment is required.

10     **B.     WRA is Not a Joint Employer under the FLSA or State Law.**

11     Plaintiffs, to succeed on their FLSA and state wage claims, must prove that

12 WRA was a joint-employer. Without such a showing, the claims must be dismissed

13 on summary judgment.

14     Whether or not a party was a joint-employer under the FLSA or state law wage

15 claims presents a question of law for the Court. *See Torres-Lopez v. May*, 111 F.3d

16 633, 638 (9th Cir. 1997). The question is governed by the economic realities test. *See*

17 *Bonnette v. California Health & Welfare Agency*, 704 F.2d 1465, 1470 (9th Cir.

18 1983). That test examines the totality of the circumstances and the economic reality

19 of the situation, considering a non-exhaustive list of factors. *See Moreau v. Air Fr.*,

20 356 F.3d 942, 946-48 (9th Cir. 2004); *Anfinson v. FedEx Ground*, 159 Wn. App. 35,

21 50, 244 P.3d 32 (2010) (using FLSA economic realities test to analyze Washington

22 state wage claims).

DEFENDANT WESTERN RANGE ASSOCIATION'S MEMORANDUM IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT - 4
DUNN CARNEY ALLEN HIGGINS & TONGUE LLP
Attorneys at Law
851 SW Sixth Avenue, Suite 1500
Portland, OR 97204-1357
503.224.6440 / Fax: 503.224.7324

1    The relevant factors considered by the Court include: (1) the nature and degree
2  of control of the workers; (2) the degree of supervision, direct or indirect, of the
3  work; (3) the power to determine the pay rates or the method of payment of the
4  workers; (4) the right, directly or indirectly, to hire, fire or modify the employment
5  condition of the workers; (5) preparation of payroll and the payment of wages; and
6  (6) whether the premises and equipment of the employer are used for the work. *Id.*

7    No single factor is determinative. The Court must consider all relevant factors
8  in a particular situation to determine whether a joint employment relationship exists.
9  *See Torres-Lopez,* 111 F.3d at 639.

10    Here, Plaintiffs cannot meet their burden to prove that WRA was a joint-
11  employer under the applicable test—and it is not even close. The record is
12  undisputed that WRA, a non-profit organization, merely facilitated Plaintiffs' H2-A
13  visa applications. Plaintiffs went to work as sheepherders for Fernandez. Fernandez
14  was their boss. He controlled their work conditions. He controlled their schedules.
15  He controlled their method of payment. He controlled the manner and method by
16  which their work was done. WRA did none of these things. These facts are
17  undisputed and they require judgment as a matter of law in favor of WRA.

18    1.    <u>WRA exercised no control over Plaintiffs.</u>

19    The first factor needs little discussion. The record is undisputed that WRA
20  exercised no control whatsoever over Plaintiffs' work at the Fernandez ranch. To
21  wit, each Plaintiff testified unequivocally that Fernandez — not WRA — controlled
22  their work at the ranch. *See* Castro Depo., pgs. 63-66; Martinez Depo., pgs. 46-48;

DEFENDANT WESTERN RANGE ASSOCIATION'S MEMORANDUM IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT - 5
DCAPDX_872854_v1
**DUNN CARNEY ALLEN HIGGINS & TONGUE** LLP
Attorneys at Law
851 SW Sixth Avenue, Suite 1500
Portland, OR 97204-1357
503.224.6440 / Fax: 503.224.7324

1  Ruiz Depo., pgs. 38-40.

2      The USDOL agrees.  The USDOL, after investigating Plaintiffs' allegations,

3  found that "[o]nce they arrive at the ranch, WRA doesn't have any control over the

4  workers, all duties and assignments are made by the rancher." *See* USDOL Report,

5  pg. 3.

6      It is difficult, if not impossible, to imagine a scenario where a defendant can be

7  found to be a joint-employer where it exercised no control whatsoever over the

8  plaintiff.  That is the case we have here.  WRA played no role in Plaintiffs' work at

9  the ranch.  Plaintiffs worked for Fernandez.  Accordingly, this factor weighs heavily

10 in favor of WRA.

11     2.   <u>WRA did not supervise Plaintiffs' work.</u>

12     This factor also requires little discussion.  WRA never supervised Plaintiffs'

13 work at anytime while at the Fernandez ranch.  Again, each Plaintiff testified that

14 WRA never stepped foot on the Fernandez Ranch — much less supervised their

15 work.  *See* Castro Depo., pgs. 66; Martinez Depo., pgs. 48; Ruiz Depo., pgs. 40.

16 Plaintiffs each testified that Fernandez supervised their work.  Accordingly, this

17 factor also ways heavily in favor of WRA.

18     3.   <u>WRA did not control the rate or method of pay.</u>

19     This factor also weighs heavily in WRA's favor.  WRA has no control over the

20 rate of pay or method of payment.  The USDOL, as part of its Special Procedures for

21 / / / / /

22 / / / / /

DEFENDANT WESTERN RANGE ASSOCIATION'S MEMORANDUM IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT - 6

1  sheepherders under the H-2A program, determines the pay rates for the workers.[1]

2  Moreover, each Plaintiff testified that Fernandez controlled the method of payment.

3  *See* Castro Depo., pg. 66; Martinez Depo., pg. 47-48; Ruiz Depo., pg. 40.

4    4.    The right to hire, fire, or modify the employment conditions of the

5  workers.

6    WRA obtains workers for its members under the H-2A program.  Accordingly,

7  WRA has the ability to modify the employment conditions of a worker only if it finds

8  the member is not complying with H-2A program requirements or if the worker or

9  employer requests a transfer.  *See* Deposition of Dennis Richins, pgs. 88-90, 168-170,

10  Ex. 5 to Bernasek Decl.  To the extent WRA has any ability to modify employment

11  conditions, it can only be done to the extent provided under H-2A regulations.  *Id.*

12  There is simply no evidence in the record to prove, or even suggest, WRA ever

13  attempted to fire or otherwise alter Plaintiffs' work conditions.

14    Importantly, the USDOL addressed this factor in its investigation of Fernandez

15  by concluding, "WRA and the USDOL are responsible for *setting up* the employment

16  conditions for receiving and employing the H-2A workers and once they are assigned

17  to a rancher the rancher is then responsible for the (sic) hiring and firing the

18  Workers."  *See* USDOL Report, pg. 3.  (emphasis added).

19    Fernandez directly controls the employment conditions of the workers.  To the

20  extent WRA is even indirectly responsible for these conditions, it is only as required

21  [1] Section 6 of the "Special Procedures Labor Certification Process For Sheepherders And
Goatherders Under The H-2A Program provides that the workers are to be paid the highest of the
22  prevailing wage rate, the adverse effect wage rate, or the federal/state minimum wage.  In
2010/2011 the rate was $750 a month in Washington.

DEFENDANT WESTERN RANGE ASSOCIATION'S MEMORANDUM IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT - 7

1  under the H-2A program.

2      5.    Preparation of payroll and payment of wages.

3      This factor also supports WRA's position.  WRA never prepared payroll or
4  payment information.    Again, each Plaintiff testified that they were paid by
5  Fernandez—not WRA.  *See* Castro Depo., pg. 66; Martinez Depo., pg. 47-48; Ruiz
6  Depo., pg. 40.  There is no evidence in the record to suggest otherwise.

7      Also, the USDOL, addressing this issue, concluded that: "Fernandez makes all
8  the decisions involving pay rates above the specified amount, pay dates,
9  transportation, and hiring and firing, as well as completing the workers payroll."  *See*
10 USDOL Report, pg. 3.

11     6.    WRA's premises and equipment were never used.

12     The final relevant factor to consider is whether WRA's equipment and/or
13 premises were used by Plaintiffs.  They were not.  WRA is a non-profit organization
14 with its principal office in Utah.    Plaintiffs worked at the Fernandez ranch in
15 Washington, and they used his equipment.  *See* Castro Depo., pg. 66; Martinez
16 Depo., pg. 47-48; Ruiz Depo., pg. 40.  Again, this factor weighs heavily in WRA's
17 favor.

18     7.    Summary of the factors.

19     While the typical joint-employer case requires a careful balancing of facts that
20 fall on both sides of the analysis, such balancing is not necessary in this case.  There
21 are no facts that prove, or even suggest, that WRA was a joint-employer.  Each factor
22 favors WRA.

DEFENDANT WESTERN RANGE ASSOCIATION'S MEMORANDUM IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT - 8

1    The record is clear that Fernandez was Plaintiffs' employer. He told them

2  what work to perform. He supervised their work. He controlled the method of

3  payment. He controlled their work schedule. All work was performed on his ranch.

4  In fact, each Plaintiff testified that they never spoke to or saw any WRA

5  representative while they worked for Fernandez. There is simply no evidence to

6  support Plaintiffs' claims. Accordingly, they must be dismissed.

7    **C.    Plaintiffs' Breach of Contract Claims Fails as a Matter of Law.**

8    Plaintiffs allege vaguely that "Defendants entered into employment contracts"

9  with them. See Complaint, ¶67. Plaintiffs further allege that these purported

10 employment contracts were breached by violating the FLSA and state wage laws.

11 Plaintiffs are wrong.

12    WRA and Plaintiffs are not parties to any employment contracts. Rather,

13 Plaintiffs and Fernandez are parties to certain employment contracts. Thus, the claim

14 fails for that simple reason.

15    The claim fails for an additional reason. As discussed above, because WRA

16 did not exercise the type of control necessary to bring it within the scope of the FLSA

17 or state wage claims, it could not have violated those statutes as a matter of law.

18 Thus, even assuming WRA is subject to some purported employment contract, the

19 contract was not breached. Accordingly, summary judgment is required.

20    **D.    Plaintiffs' *Quantum Meruit* Claim Fails as a Matter of Law.**

21    As demonstrated above, there is no joint employment relationship between

22 WRA and Plaintiffs. As such, Plaintiffs' claim for recovery under the doctrine of

DEFENDANT WESTERN RANGE ASSOCIATION'S MEMORANDUM IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT - 9

**DUNN CARNEY ALLEN HIGGINS & TONGUE** LLP
Attorneys at Law
851 SW Sixth Avenue, Suite 1500
Portland, OR 97204-1357
503.224.6440 / Fax: 503.224.7324

1  *quantum meruit* similarly fails.

2      *Quantum meruit* is the method of recovering the reasonable value of services

3  provided under a contract implied in fact. *Young v. Young*, 164 Wash. 2d 477, 485,

4  191 P.3d 1258, 1262 (2008).  "[T]he elements of a contract implied in fact are: (1)

5  the defendant requests work, (2) the plaintiff expects payment for the work, and (3)

6  the defendant knows or should know the plaintiff expects payment for the work." *Id.*

7      Here, the record is undisputed that Fernandez requested the work performed by

8  Plaintiffs — not WRA.  WRA never requested that Plaintiffs perform any of the work

9  completed for Fernandez.  Thus, their claim fails as a matter of law.

10                        **III.  CONCLUSION**

11      Based on the foregoing, all of Plaintiffs' claims against WRA fail as a matter

12  of law and should be dismissed.

13      Dated:  December 3, 2012.

14

15              DUNN CARNEY ALLEN HIGGINS & TONGUE LLP

16

17              _____
                Timothy J. Bernasek, WSBA No. 43604

18              Email: tbernasek@dunncarney.com
                John R. Barhoum, WSBA No. 42776

19              Email: jbarhoum@dunncarney.com
                Attorneys for Defendant Western Range Association

20
                Trial Attorney:  Timothy J. Bernasek

21                              WSBA No. 43604

22

DEFENDANT WESTERN RANGE ASSOCIATION'S MEMORANDUM IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT - 10

1        **CERTIFICATE OF SERVICE**

2

3        I hereby certify that on December 3, 2012, I caused the foregoing document to

4   be electronically filed with the Clerk of the Court using the CM/ECF system and

5   caused it to be served by mail to the following:

6        Michele Besso          :        micheleb@nwjustice.org

7        Weeun Wang             :        wwang@farmworkerjustice.org

8        Gary E. Lofland        :        glofland@glofland.net

9        John Jay Carroll       :        jcarroll@vhlegal.com

10       Dated:  December 3, 2012.

11

12                              DUNN CARNEY ALLEN HIGGINS & TONGUE LLP

13

14       _____
                                Timothy J. Bernasek, WSBA No. 43604
15                              Email:  tbernasek@dunncarney.com
                                John R. Barhoum, WSBA No. 42776
16                              Email:  jbarhoum@dunncarney.com
                                Attorneys for Defendant Western Range Association
17
                                Trial Attorney:  Timothy J. Bernasek
18                                              WSBA No. 43604

19

20

21

22

CERTIFICATE OF SERVICE - 1
DCAPDX_714945_v2