# EXHIBIT 1

Declaration of Timothy J. Bernasek in
Support of Defendant Western Range
Association's Motion for Summary Judgment - 3

Ruiz, et al. v. Fernandez, et al.                               Elvis Ruiz 10/31/2012

Page 1

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

ELVIS RUIZ, FRANCISCO JAVIER     )
CASTRO, and EDUARDO              )
MARTINEZ,                        )
                                 )   NO. CV-11-3088-RMP
        Plaintiffs,              )
                                 )
    vs.                          )
                                 )
MAX FERNANDEZ and ANN            )
FERNANDEZ, a marital             )
community; and WESTERN RANGE     )
ASSOCIATION, a foreign           )
nonprofit organization,          )
                                 )
        Defendants.              )


DEPOSITION UPON ORAL EXAMINATION OF ELVIS RUIZ


October 31, 2012
9:05 a.m.
6 South Second Street, Suite 510
Yakima, Washington


TAKEN AT THE INSTANCE OF THE DEFENDANTS


REPORTED BY:
PHYLLIS CRAVER LYKKEN, RPR, CCR NO. 2423

Central Court Reporting      800.442.3376

Declaration of Timothy J. Bernasek in
Support of Defendant Western Range
Association's Motion for Summary Judgment - 4

Case 2:11-cv-03088-RMP   ECF No. 133-1   filed 12/03/12   PageID.764   Page 3 of 7

Ruiz, et al. v. Fernandez, et al.                    Elvis Ruiz 10/31/2012

Page 17

```
 1        there?
 2   A.   What do you mean?
 3   Q.   Did the Fernandez ranch call you and ask you to come,
 4        did you apply somewhere?
 5   A.   No.  I signed up with Mr. Victor Toscanini.
 6   Q.   And was that through the Western Range Association?
 7   A.   Yeah.
 8   Q.   And did Mr. Toscanini tell you that when you came to
 9        the United States the Western Range Association would
10        move you to another ranch if you asked to do so?
11   A.   I don't recall.
12   Q.   Had you come to the United States under the H-2A
13        program at any time before coming to the Fernandez
14        ranch?
15   A.   No.
16   Q.   When you first came to the Fernandez ranch, who
17        greeted you or met you?
18   A.   The first one that received me was him, because he
19        went for me at the airport.
20   Q.   Mr. Fernandez?
21   A.   Yeah.
22   Q.   And when you arrived at the ranch, where were you
23        assigned to live?
24   A.   I was at the trailer that they have at the ranch.
25   Q.   Could you describe that for me, please.
```

Central Court Reporting   800.442.3376

Declaration of Timothy J. Bernasek in
Support of Defendant Western Range
Association's Motion for Summary Judgment - 5

Case 2:11-cv-03088-RMP    ECF No. 133-1    filed 12/03/12    PageID.765    Page 4 of 7

Ruiz, et al. v. Fernandez, et al.                    Elvis Ruiz 10/31/2012

Page 38

```
 1   Q.   Anyone.
 2            MS. BESSO:  Anyone other -- I'm instructing him
 3        only to answer as to people other than his attorneys.
 4   A.   The only one I speak to is with the attorney.
 5   Q.   Have you had any discussions with anyone, and Ms.
 6        Besso has said, instructed you not to answer about
 7        discussions with her, have you had any discussions
 8        with anybody about your claim for $20,240?
 9   A.   No, I've only spoken to her about what I've lived
10        and --
11            MS. BESSO:  Objection to the extent that the
12        witness doesn't understand.
13   Q.   Don't worry about it, I don't consider that a waiver.
14        That happens.
15            Do you have any personal knowledge of how the
16        amount of $20,240 was determined?
17   A.   How's that?
18   Q.   Do you know how the amount of $20,240 was arrived at
19        or determined?
20   A.   I think, I think it was the hours that I did not
21        spend working with sheep, when I was only working
22        with cattle and machinery.
23   Q.   And do you know how many hours those were?
24   A.   No.  I don't recall.
25   Q.   Do you have any records that show the number of hours
```

Central Court Reporting        800.442.3376

Declaration of Timothy J. Bernasek in
Support of Defendant Western Range
Association's Motion for Summary Judgment - 6

Ruiz, et al. v. Fernandez, et al.                    Elvis Ruiz 10/31/2012

Page 39

```
 1       that you worked that are a part of that $20,240?
 2   A.  No.
 3   Q.  Do you have any knowledge of the request for $34,900?
 4   A.  I've responded regarding that.
 5   Q.  Is it the same answer that you gave before?
 6   A.  I didn't understand your question very well.
 7   Q.  Why are you asking for payment of $34,900?
 8   A.  Because I did not work with sheep, there were many
 9       hours that were worked and --
10   Q.  Have you completed your answer?
11   A.  Yeah.
12   Q.  Okay.  I was just waiting to give you a chance.  Do
13       you know how the amount of $34,900 was determined to
14       be the correct number of hours?
15   A.  No.
16   Q.  Have you ever seen this question and answer before?
17   A.  I don't recall.
18           MR. LOFLAND:  I have nothing further.
19
20                       EXAMINATION
21   BY MR. BARHOUM:
22   Q.  Good morning, sir.  My name is John Barhoum and I
23       represent the Western Range Association.
24           You never saw anybody from the Western Range
25       Association at the Fernandez ranch, correct?
```

Central Court Reporting        800.442.3376

Declaration of Timothy J. Bernasek in
Support of Defendant Western Range
Association's Motion for Summary Judgment - 7

Ruiz, et al. v. Fernandez, et al.                                    Elvis Ruiz 10/31/2012

Page 40

```
 1   A.   No.
 2   Q.   No one from the Western Range Association ever told
 3        you what kind of work to do at the ranch, correct?
 4   A.   No.
 5   Q.   No one from the Western Range Association ever told
 6        you what days you had to work at the ranch, correct?
 7   A.   No.
 8   Q.   No one from the Western Range Association ever paid
 9        you for the work that you did at the ranch, correct?
10   A.   How's that?
11   Q.   Western Range Association was not paying you for the
12        work you were doing at the ranch, correct?
13   A.   I think not.  I think it was Mr. Fernandez.
14   Q.   Okay.  No one from the Western Range Association
15        controlled or determined what food you had, correct?
16   A.   I think not.
17   Q.   No one from the Western Range Association supervised
18        you at any time at the ranch, correct?
19   A.   One time some, some people came, I think they were
20        from the government or from Western Range, and Mr.
21        Fernandez told us to go hide.
22   Q.   When did that happen?
23   A.   I don't remember, but Francisco was there.
24   Q.   Were you there?
25   A.   Yeah.
```

Central Court Reporting      800.442.3376

Declaration of Timothy J. Bernasek in
Support of Defendant Western Range
Association's Motion for Summary Judgment - 8

```
                    C E R T I F I C A T E

STATE OF WASHINGTON  )
                     )  ss.
COUNTY OF YAKIMA     )
```

This is to certify that I, Phyllis Craver Lykken, Certified Court Reporter in and for the State of Washington, residing at Yakima, reported the within and foregoing deposition; said deposition being taken before me on the date herein set forth; that pursuant to RCW 5.28.010 the witness was first by me duly sworn; that said examination was taken by me in shorthand and thereafter under my supervision transcribed, and that same is a full, true and correct record of the testimony of said witness, including all questions, answers and objections, if any, of counsel.

I further certify that I am not a relative or employee or attorney or counsel of any of the parties, nor am I financially interested in the outcome of the cause.

IN WITNESS WHEREOF I have set my hand this 13th day of November, 2012

_____
PHYLLIS CRAVER LYKKEN, RPR,
CCR NO. 2423

CENTRAL COURT REPORTING  1-800-442-DEPO
Seattle - Bellevue - Yakima - Wenatchee - Kennewick

Declaration of Timothy J. Bernasek in
Support of Defendant Western Range
Association's Motion for Summary Judgment - 9