J. Jay Carroll, WSBA #17424                    HONORABLE ROSANNA M. PETERSON
Velikanje Halverson P.C.
405 East Lincoln Avenue
P.O. Box 22550
Yakima, Washington 98907
Telephone: 509-248-6030
Facsimile: 509-453-6880
Email:  jcarroll@vhlegal.com

Gary E. Lofland, WSBA No. 12150
LOFLAND AND ASSOCIATES
9 North 11th Avenue
Yakima, Washington  98902
Telephone:  (509) 452-2828
Fax:  (509) 452-2858
Email:  glofland@charterinternet.com

Attorneys for Defendants Fernandez

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ELVIS RUIZ, FRANCISCO JAVIER CASTRO, and EDUARDO MARTINEZ, | NO.  CV-11-3088-RMP |
| Plaintiffs, | MEMORANDUM IN SUPPORT OF FERNANDEZ DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |
| vs. | |
| MAX FERNANDEZ and ANN FERNANDEZ, a marital community; and WESTERN RANGE ASSOCIATION,  a foreign nonprofit organization, | HEARING:    February 13, 2013<br>1:00 p.m.<br>Yakima, WA |
| Defendants. | |

## INTRODUCTION

The plaintiffs are all Chilean sheepherders who came to the United States to work under a special visa program called the "H-2A" program.  The sheepherder

Velikanje Halverson P.C.
405 East Lincoln Ave.
P.O. Box 22550
Yakima, WA 98907
(509) 248-6030

portion of the H-2A program is unique in that the defendant Western Range Association (WRA) makes the application for the sheepherder workers and then those sheepherders are employed by the various members of the WRA. A sheepherder can work or be transferred to any member of the WRA during their time in the United States.

All of the plaintiffs were employed by Fernandez at one point in time from August 2007 through May 2010. Plaintiff Ruiz spent his entire time in the United States at the Fernandez Ranch. Plaintiff Castro was transferred one time and Plaintiff Martinez was transferred three times to WRA members other than Fernandez.

All of the plaintiffs eventually quit their jobs at the Fernandez ranch and left for other, non-WRA employment. Plaintiffs now seek additional wage compensation from Fernandez and also seek some form of liability under the Trafficking Victims Protection Act (TVPA). As is outlined below, the causes of action alleged against Fernandez should be dismissed since the Department of Labor has already investigated and ruled on the wage issues. In addition, there are no issues of fact with respect to the dismissal of the TVPA since that allegations made to not rise to the level of implicating the Act. The plaintiffs' claims should be dismissed.

## FACTUAL BACKGROUND

**A.    Fernandez Ranch and Plaintiffs' Employment:**    Max and Ann Fernandez own and lease property near Centerville, Washington. They raise sheep on

Velikanje Halverson P.C.
405 East Lincoln Ave.
P.O. Box 22550
Yakima, WA 98907
(509) 248-6030

MEMORANDUM IN SUPPORT OF FERNANDEZ DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT      - 2

these properties.  (Statement of Material Fact (hereinafter "SMF") 1 & 2).  In order to be able to raise the sheep, Fernandez was in need of hiring a sheepherder and did  so through his membership with the Western Range Association (hereinafter WRA).  (SMF 8).

The work cycle for sheepherders at the Fernandez ranch goes in several different cycles due to the weather and lambing season.  If the pasture grass stayed green year round, the sheep would be in pasture year round.  However, in the winter months, the Fernandez ranch sheep are brought back to the ranch area where food is provided to them.  (SMF 61).  In approximately February to March of a given year, lambing season begins.  This will last approximately a month to a month and a half.  Sheepherders assist in the lambing process (SMF 62).  As soon as the lambs are strong enough and trained enough, the entire sheep heard is moved out to the various pasture lands by the sheepherder.  (SMF 62).  The sheepherders stays out with the sheep on the range and lives in a trailer provided by Fernandez ( SMF 63).  The sheepherder will stay out on the range with the sheep until the sheep are moved back to the ranch when winter sets in.  (SMF 63).  When they come back to the ranch during the winter, the sheepherders stay in a manufactured home at the ranch.  (SMF 64)

Fernandez is a member of the WRA.  (SMF 4)  The WRA is an association that applied to the federal government on behalf of its members, to bring foreign workers to the United States under the H-2A program to be employed by its members as

Velikanje Halverson P.C.
405 East Lincoln Ave.
P.O. Box 22550
Yakima, WA 98907
(509) 248-6030

MEMORANDUM IN SUPPORT OF FERNANDEZ DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT    - 3

sheepherders. (SMF 5). Fernandez applied to the WRA to be provided sheepherders under the H2-A program. (SMF 6 ).

When sheepherders are brought to the United States by WRA through the H-2A program, those sheepherders are employed by the various members of WRA. The individual sheepherders may be transferred to work for the various members of the WRA. (SMF 7). Fernandez did not directly solicit the employment of any of the plaintiffs. That was done through the WRA (SMF 8).

Plaintiff Ruiz was the first plaintiff to come to work at the Fernandez ranch. His initial employment was from August 10, 2007 through August 9, 2008. An extension agreement was signed effective April 10, 2008 through April 9, 2009. The employment contract was extended a third time  effective April 10, 2009 through April 9, 2010. (SMF 12).

Plaintiff Ruiz quit the Fernandez ranch by leaving on January 3, 2010. In all plaintiff Ruiz worked at the Fernandez ranch from August 10, 2007 through January 3, 2010, a span of some 29 months. (SMF 14).

Plaintiff Castro was the next plaintiff to be employed by Fernandez ranch. His initial contract was from March 18, 2008 through October 9, 2008. (SMF 14). At that time Castro transferred from the Fernandez ranch to another WRA ranch, David Earl Upper Creek Ranch in Utah, to work as a sheepherder. (SMF 15). Castro transferred

Velikanje Halverson P.C.
405 East Lincoln Ave.
P.O. Box 22550
Yakima, WA 98907
(509) 248-6030

MEMORANDUM IN SUPPORT OF FERNANDEZ DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT      - 4

back to the Fernandez ranch on March 4, 2009.  He continued to work at the Fernandez ranch up until the time he quit on April 1, 2010.  (SMF 17)

Plaintiff Martinez actually entered the H-2A program in 2006 and was employed by other WRA members.  He was transferred among members on at least three occasions.  The last such transfer was on January 4, 2010 when Martinez was transferred to the Fernandez ranch.  (SMF 18-19).  Martinez quit the Fernandez ranch by laving on May 24, 2010.  At the time Martinez quit, Mr. Fernandez was seeking to have Martinez transferred to another WRA member.  (SMF 20).

## B.    H2-A Regulations and Enforcement

An H-2A non-immigrant visa allows a foreign national entry into the Untied States for Temporary or seasonal agricultural work.  *See* 8 U.S.C. § 1188.    In order to qualify for H-2A non-immigration classification, an employer must make an application to the Secretary of the Department of Labor and fulfill a three part test. *See* 8 U.S.C. § 1188.

Prior to submitting an application for "temporary employment certification: the employer must submit a job order to the state workforce agency.  20 CFR 655.121(1). The employer must submit an "application for temporary employment certification. *See* 8 U.S.C. § 1188(a)(1); 20 CFR 655.130.  A "master application" may be filed by associations on behalf of its member-employers.  *See* 8 U.S.C. § 1188(d); 20CFR 655.131.  That is what WRA did in this case on behalf of its members.

Velikanje Halverson P.C.
405 East Lincoln Ave.
P.O. Box 22550
Yakima, WA 98907
(509) 248-6030

The H-2A program is regulated by the United States Department of Labor. Pursuant to 8 U.S.C. § 1103(a)(1) & (3), the Department of Labor is authorized to adopt regulations. It has done so and those regulations are found at 20 CFR 655 *et seq.* Congress delegated enforcement of regulations to the Secretary of the Department of Labor. *See* 8 U.S.C. § 1188(g)(2). The District Court's jurisdiction is limited by Congress to only causes of action brought by the United States. *See* 8 U.S.C. 1329. As this Court previously ruled, there is no private cause of action to enforce the H-2A regulations or statutes. *See* Court's Order on Motion to Dismiss at 7-8. However, as outlined above, there is a mechanism to enforce said rights, through the Department of Labor.

### C.    Plaintiffs' Complaint Through the Department of Labor

On or about April 8, 2010, Columbia Legal Services, on behalf of Ruiz and Castro, wrote a demand letter to Mr. Fernandez seeking back wages which the claimed had not bee paid. (SMF 19). The letter threatened legal action and also sought the back wages based upon the contracted rate of $750 per month. (SMF 19).

On or about June 8, 2010, Northwest Justice Project, on behalf of Ruiz, Castro and Martinez, filed a written complaint with the U.S. Department of Labor (DOL) alleging numerous violation of the H-2A regulations. The complaint lists 10 separate areas of alleged violations and asks that the DOL initiate an investigation. (SMF 20).

Velikanje Halverson P.C.
405 East Lincoln Ave.
P.O. Box 22550
Yakima, WA 98907
(509) 248-6030

The DOL did indeed initiate an investigation into the plaintiffs' allegations. The investigation covered the time period September 20, 2008 through September 20, 2010. Plaintiffs were interviewed. Mr. Fernandez was interviewed. The DOL was provided records and eventually issued a narrative report with its findings. (SMF 21).

The DOL report resulted in Mr. Fernandez paying Ruiz $6,000 and Castro $7,182 in back wages. The amount of back wages was calculated by using the contracted rate that was agreed upon. The payment of these amounts were made by Mr. Fernandez and accepted by Ruiz and Castro. (SMF 22). As to the remainder of the allegations made by the plaintiffs, the DOL officially found in its report:

| | | |
|---|---|---|
| 1. | Failed to pay proper rate (20 CFR 655.102(b)(9)) | No violation found. |
| 2. | Failed to pay ¾ guarantee (20 CFR 655.102(b)(6)) | No violation found. |
| 3. | Abandonment of employment or termination (20 CFR 655102(b)(11)). | No violation found. |
| 4. | Illegal deductions (20 CFR 655.102(b)(13)) | No violation found. |
| 5. | Failed to ensure housing and safety health | 1 screen door missing. |
| 6. | Mobile housing inspection | No violation found. |
| 7. | Failure to provide safe transportation (20 CFR 655.102(b)(5)(iii) | No violation found. |
| 8. | Failure to provide meals (20CFR 655.102(b)(4) | No violation found. |
| 9. | Failure to provide items (20 CFR 655.102(b)(3) | No violation found. |
| 10. | Failure to provide Workers compensation | No violation found. |

Velikanje Halverson P.C.
405 East Lincoln Ave.
P.O. Box 22550
Yakima, WA 98907
(509) 248-6030

MEMORANDUM IN SUPPORT OF FERNANDEZ DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT    - 7

(20 CFR 655.102(b)(2)

11.    Illegal dismissal of workers (20 CFR 655.103(c)        No violation found.

12.    Illegal rejection or dismissal                          No violation found.

13.    Preferential treatment                                  No violation found.


(SMF 22; Exhibit M to Carroll Declaration).

Having initiated the complaint before the DOL, the plaintiffs had the ability to request a further administrative hearing as to any issue they wanted reviewed arising from the DOL findings. *See* 29 CFR 501.33(a). Mr. Fernandez had the same right to seek further review. Plaintiffs and Mr. Fernandez both chose not to seek any further review and Mr. Fernandez paid Ruiz and Castro in conformance with the DOL finding. Ruiz and Castro accepted those payments.

## POINTS AND AUTHORITIES

### A.    Summary Judgment Standards.

A party is entitled to summary judgment when the pleadings, depositions, affidavits, and other material on file show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "A material issue of fact is one that affects the outcome of the litigation and requires a trial court to resolve the parties' differing versions of the truth." *SEC v. Seaboard Corp.,* 677 F.2d 1301, 1306 (9th Cir. 1982). A court must

**Velikanje Halverson P.C.**
405 East Lincoln Ave.
P.O. Box 22550
Yakima, WA 98907
**(509) 248-6030**

view the facts in the light most favorable to the non moving party. *SEC v. Phan*, 500 F.3d 895, 901 (9th Cir. 2007).

The purpose of summary judgment is to avoid an unnecessary trial. *See State Farm Fire and Cas. Co. v. Otto,* 106 F.3d 279, 283 (9th Cir. 1997). The non-moving party may not rely on mere conclusory allegations or argumentative assertions to defeat summary judgment. *See Clouthier v. County of Contra Costa,* 591 F.3d 1232, 1252 (9th Cir. 2010). Where reasonable minds cannot differ, questions of fact may be resolved on summary judgment. *Quicksilver, Inc., v. Kymsta Corp.,* 466 F.3d 749, 759 (9th Cir. 2006).

## B. **The DOL's Investigation and Findings as to Issues Considered Are Binding on the Parties and Mandate the Dismissal of Three of the Plaintiffs' Causes of Action**

The plaintiffs' second, third and fourth causes of action are all premised upon the same common factual allegation. If that allegation fails, all of these causes of action likewise fail and should be dismissed as a matter of law. There is no dispute in this case that the plaintiffs were all paid the wage that they contracted for. However, plaintiffs now claim that they should have been paid additional funds due to the fact that they were actually not doing "sheepherder" work but were doing other types of work that would allow them to argue that a higher rate of pay should be paid.

Velikanje Halverson P.C.
405 East Lincoln Ave.
P.O. Box 22550
Yakima, WA 98907
(509) 248-6030

Under the employment certificate that sets forth the sheepherder job description, the job description states:

> Attend sheep and/or goat flock grazing on range pasture: Herds flock and rounds up strays using trained dogs. Beds down sheep near evening campsite. Guards flock from predatory animals and from eating poisonous plants. May examine animals for signs of illness and administer vaccines, medications and insecticides according to instructions. May assist lambing, docking and shearing. May feed sheep supplementary feed. May perform other farm or ranch chores related to the production of husbandry of sheep and/or goat on an incidental basis.

(Carroll Declaration, Exhibit U).

In their complaint filed with the DOL, the plaintiffs claimed that they were due additional compensation in addition to their agreed upon contract rate because they performed work other than the "sheepherder" work set forth above. (SMF 20; Exhibit L to Carroll Declaration). This allegations forms the basis for the second, third and fourth causes of action as alleged against Fernandez in this case.

The DOL found there was "no violation" for the allegation of failing to pay the proper rate. Specifically, the DOL found:

> Although there was no violation assessed for failure to pay the proper rate, we discussed the work other than the work described in the job description assigned to the "Sheep Herder" responsibilities. Fernandez stated that the H-2A workers are kept busy either on the range o at the ranch ding specifically work with the sheep. He stated that both he and his other non H-2A worker do all the tractor work, harvesting, and feeding of the cattle and by the time the herders get back to the ranch all the harvest work is finished and the tractors are not used during the winter. Fernandez stated

MEMORANDUM IN SUPPORT OF FERNANDEZ DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT    - 10

Velikanje Halverson P.C.
405 East Lincoln Ave.
P.O. Box 22550
Yakima, WA 98907
(509) 248-6030

that the workers do use the small tractor to carry the bales of hay for feeing the sheep. The interviews of the current workers indicate that they do not do any work not related to the sheep. After discussion with the RO and NO it was decided that any work aside from caring for the sheep would be considered de minimis.

(Exhibit M to the Carroll Declaration).

Having had their opportunity to make their case before the DOL, the question for this motion is to ask what affect that DOL determination has upon that exact same issue presented herein. As is outlined below, the doctrine of collateral estoppel precludes the plaintiffs from re-litigating this issue. Accordingly, the defendants are entitled to summary judgment.

Where state law causes of action are at issue, Washington law will control whether the DOL findings have an issue preclusive effect on the state law claims. *See Murray v. Alaska Airlines, Inc.*, 522 F.3d 920, 922 (9th Cir. 2008). The application of state law may well be a difference without a distinction since the same concept is applicable in the federal law venue as well. *See Astoria Fed. Sav. & Loan Ass'n v. Solimino,* 501 U. S. 104, 107-08, 111 S. Ct. 2166, 115 L.Ed.2d 96 (1991); *Miller v. County of Santa Cruz*, 39 F.3d 1030 (9th Cir. 1994).

Velikanje Halverson P.C.
405 East Lincoln Ave.
P.O. Box 22550
Yakima, WA 98907
(509) 248-6030

MEMORANDUM IN SUPPORT OF FERNANDEZ DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT        - 11

In order to invoke the doctrine of collateral estoppel in Washington to establish

a preclusive effect, a four part test must be met:

> For collateral estoppel to apply, the party seeking application of the doctrine must establish that (1) the issue decided in the earlier proceeding was identical to the issue presented in the later proceeding, (2) the earlier proceeding ended in a judgment on the merits, (3) the party against whom collateral estoppel is asserted was a party to, or in privity with a party to, the earlier proceeding, and (4) application of collateral estoppel does not work an injustice on the party against whom it is applied.

*Reninger v. Dep't of Corr.,* 134 Wash.2d 437, 449, 951 P.2d 782 (1998).

As applied to administrative determinations, the standard applicable was set

forth by the Washington Supreme Court as:

> Such repose is justified on the sound and obvious principle of judicial policy that a losing litigant deserves no rematch after a defeat fairly suffered, in adversarial proceedings, on an issue identical in substance to the one he subsequently seeks to raise. To hold otherwise would, as a general matter, impose unjustifiably upon those who have already shouldered their burdens, and drain the resources of an adjudicatory system with disputes resisting resolution.

*Astoria Fed. Sav. & Loan Ass'n v. Solimino,* 501 U.S. 104, 107–08, 111 S.Ct. 2166, 115 L.Ed.2d 96 (1991). Three additional factors must be considered under Washington law before collateral estoppel may be applied to agency findings: (1) whether the agency acted within its competence, (2) the differences between procedures in the administrative proceeding and court procedures, and (3) public policy considerations. *Reninger,* 134 Wash.2d at 450, 951 P.2d 782; *Shoemaker,* 109 Wash.2d at 508, 745 P.2d 858; *State v. Dupard,* 93 Wash.2d 268, 275, 609 P.2d 961 (1980).

Velikanje Halverson P.C.
405 East Lincoln Ave.
P.O. Box 22550
Yakima, WA 98907
(509) 248-6030

*Christensen v. Grant County Hosp. Dist. No. 1*, 152 Wn. 2d 299, 307-08, 96 P.3d 957, 961-62 (2004)(footnote omitted).

It is undisputed that the first three elements of the collateral estoppel test are met in this case. The "sheepherder" job description was clearly at issue and that issue was decided by the DOL. An unappealed administrative decision constitutes a "final judgment" for purposes of this analysis. *See Christensen*, 152 Wn.2d at 309 & n. 5. Thus, it is only the three additional Washington requirements listed above that are at issue.

It is not an "unfair" proposition to require a plaintiff to accept the decision of the administrative remedy that he or she has chosen:

> It is true that choosing an administrative proceeding may ultimately preclude a later tort claim due to an agency's factual findings. However, this is the essence of collateral estoppel. There is nothing inherently unfair about this result provided the party has the full and fair opportunity to litigate, there is no significant disparity of relief, and all the other requirements of collateral estoppel are satisfied. **In addition, this record establishes that Christensen chose to litigate in the administrative setting. Having done so, nothing in *Smith* or its analysis of the exhaustion issue indicates he would not be bound by the agency's factual determinations.** To the contrary, *Smith* acknowledges that administrative findings can have preclusive effect.

*Christensen,* 152 Wn.2d at 312-13.

The same is true in this case. Plaintiffs chose to engage the DOL and requested the investigation. They did not have to do so, but, rather, made that decision to do so. Having made that decision and having not sought further review of the decision from

Velikanje Halverson P.C.
405 East Lincoln Ave.
P.O. Box 22550
Yakima, WA 98907
(509) 248-6030

MEMORANDUM IN SUPPORT OF FERNANDEZ DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT    - 13

the DOL that they obviously do not like at this point, plaintiffs are not bound by the decisions they have made.

The addition elements set forth above are undisputedly met in this case. There is no question that the DOL acted within its area of competence. In fact, it is the only agency that is competent to determine these matter since Congress has specifically delegated this function to the DOL and to the DOL only. There is no disparity in relief that could be awarded. Plaintiffs sought lost wages and were in fact awarded such relief. It was just at a different level than what they desired. The relief was the same.

There are no issues of fact presented as to the issue of whether collateral estoppel should bar the plaintiffs from attempting to re-litigate the issue of whether they performed and should be paid for work in addition to their "sheepherder" wages. Plaintiffs presented that exact claim to the DOL and that claim was rejected. No appeal was taken from that rejection. Having chosen the administrative route initially, plaintiffs are now stuck with that choice. Plaintiffs second, third and fourth causes of action should be dismissed since they are precluded by the operation of the doctrine of collateral estoppel.

1. **Even if the Doctrine of Collateral Estoppel is not Applicable, Summary Judgment is Still Appropriate Since this Court should Give Deference to the Agency Interpretation of Its Own Regulations.**

Velikanje Halverson P.C.
405 East Lincoln Ave.
P.O. Box 22550
Yakima, WA 98907
(509) 248-6030

MEMORANDUM IN SUPPORT OF FERNANDEZ DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT      - 14

Even if the doctrine of collateral estoppel is not applicable, summary judgment is still appropriate since this Court should defer to the interpretation that the DOL gives to its own pronouncements. The "sheepherder" job description quoted above is included within the DOL approved regulations dealing with "special procedures" related to sheepherders and goatherders under the H-2A program. *See* Document 28-1, Exhibits 1 & 2.

The DOL received a complaint dealing with whether sheepherders were being required to perform tasks outside the job description. The DOL investigated these allegations. It interpreted its regulations based upon the factual investigation conducted. This Court should give deference to that DOL interpretation.

The deference issue is the same irrespective of whether federal or state law is applied. Under federal law, the Court will defer to an agency's interpretation of its own regulations. *See Chase Bank USA, N.A. v. McCoy*, 131 S.Ct 871, 880, 178 L.Ed.2d 716 (2011).

The same is true under Washington law.

But when an administrative agency administers a special field of law and possesses quasi-judicial functions because of its expertise in that field, we accord substantial weight to the agency's interpretation of the governing statutes and legislative intent. *Overton v. Econ. Assistance Auth.,* 96 Wash.2d 552, 555, 637 P.2d 652 (1981) (deferring to the Department of Revenue's interpretation of tax exemptions for manufacturers**).** **Furthermore, we give substantial deference to agency views when it bases its determination on factual matters, especially factual matters that are complex, technical, and close to the heart of the agency's expertise.** *Hillis v. Dep't of Ecology,* 131 Wash.2d 373, 396, 932 P.2d 139

Velikanje Halverson P.C.
405 East Lincoln Ave.
P.O. Box 22550
Yakima, WA 98907
(509) 248-6030

MEMORANDUM IN SUPPORT OF FERNANDEZ DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT    - 15

(1997) (deferring to the Department of Ecology's determination that watershed assessments are an appropriate means of evaluating water permits).

Nationscapital Mortg. Corp. v. State Dept. of Fin. Institutions, 133 Wn. App. 723, 737-38, 137 P.3d 78, 86 (2006)(emphasis added).

The same analysis was applied in an H-2B case wherein the Department of Labor's interpretation of its regulation was given deference by the Court and followed:

> "Generally, courts must defer to an agency's interpretation of its own regulation, regarding that interpretation as 'controlling unless plainly erroneous or inconsistent with the regulation.'" *Humanoids Group v. Rogan,* 375 F.3d 301, 305 (4th Cir.2004) (quoting *Auer v. Robbins,* 519 U.S. 452, 461, 117 S.Ct. 905, 137 L.Ed.2d 79 (1997)); *accord Parrish v. Brownlee,* 335 F.Supp.2d 661, 670 (E.D.N.C.2004) (explaining "the court must accord deference to a federal agency's reasonable interpretation of its own regulation"). The USDOL's interpretation of "full-time" is neither plainly erroneous nor inconsistent with 20 C.F.R. § 655.4. With deference to the USDOL's interpretation of its own regulations, the court finds that Defendants' entry of 40 hours did not establish an obligation to guarantee 40 hours of work each week.

*Garcia v. Frog Island Seafood, Inc.,* 644 F. Supp. 2d 696, 718-19 (E.D.N.C. 2009)

Thus, even if the doctrine of collateral estoppel is not applicable this motion should still be granted since the DOL interpretation of its own regulations, especially when it conducted a fact finding mission, should be honored and deferred to by this Court.  Summary judgment is appropriate.

## C. There is No Violation of the Victims of Trafficking and Violence Protection Act.

**Velikanje Halverson P.C.**
405 East Lincoln Ave.
P.O. Box 22550
Yakima, WA 98907
**(509) 248-6030**

Plaintiffs have alleged violation by Fernandez of the terms of 18 U.S.C. §

1589(a) & (b) (hereinafter "TVPA").    This statue provides:

**(a)** Whoever knowingly provides or obtains the labor or services of a person
by any one of, or by any combination of, the following means--
**(1)** by means of force, threats of force, physical restraint, or threats of
physical restraint to that person or another person;
**(2)** by means of serious harm or threats of serious harm to that person or
another person;
**(3)** by means of the abuse or threatened abuse of law or legal process; or
**(4)** by means of any scheme, plan, or pattern intended to cause the person to
believe that, if that person did not perform such labor or services, that person
or another person would suffer serious harm or physical restraint,
shall be punished as provided under subsection (d).
**(b)** Whoever knowingly benefits, financially or by receiving anything of
value, from participation in a venture which has engaged in the providing or
obtaining of labor or services by any of the means described in subsection
(a), knowing or in reckless disregard of the fact that the venture has engaged
in the providing or obtaining of labor or services by any of such means, shall
be punished as provided in subsection (d).
**(c)** In this section:
**(1)** The term "abuse or threatened abuse of law or legal process" means the
use or threatened use of a law or legal process, whether administrative, civil,
or criminal, in any manner or for any purpose for which the law was not
designed, in order to exert pressure on another person to cause that person to
take some action or refrain from taking some action.
**(2)** The term "serious harm" means any harm, whether physical or
nonphysical, including psychological, financial, or reputational harm, that is
sufficiently serious, under all the surrounding circumstances, to compel a
reasonable person of the same background and in the same circumstances to
perform or to continue performing labor or services in order to avoid
incurring that harm

18 U.S.C.A. § 1589

Velikanje Halverson P.C.
405 East Lincoln Ave.
P.O. Box 22550
Yakima, WA 98907
**(509) 248-6030**

MEMORANDUM IN SUPPORT OF FERNANDEZ DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT     - 17

1
2
3
4
5

This cause of action should be dismissed since Mr. Fernandez has neither employed force or threat of force to coerce or abuse of the legal process with respect to the plaintiffs to do anything.  There is no such evidence.

6
7
8
9
10
11
12
13
14
15
16
17
18
19

The actual facts of the case should be kept in mind when analyzing this issue.  Recall that all of the plaintiffs could all be transferred to any member of the WRA.  In fact, Martinez had been transferred on multiple occasions prior to coming to the Fernandez ranch.  Castro had specifically asked to be transferred from the Fernandez ranch.  Castro made this request to Mr. Fernandez himself and the request was granted.  Castro voluntarily chose to come back to the Fernandez ranch after being absent for some six months.  He was not required to do so. Castro chose to come back.

20
21
22
23
24
25
26

Both Ruiz and Castro were married during their time at the Fernandez ranch. As sheepherders, each spent up to 8 months away from the main Fernandez ranch compound.  Mr. Fernandez did not visit the range campsite.  Castro had his girlfriend/wife visit him at least twice a month at the campsite.

27
28
29
30
31
32
33
34
35

All plaintiffs admit that they were provided food.  While some plaintiffs may complain about the type of food that was given, they all admit that they had food. The DOL, in its report, found that there was no violation for the allegation that adequate food was not provided.  The report states that they interviewed the plaintiffs and DOL was told that there was adequate food.

**Velikanje Halverson P.C.**
405 East Lincoln Ave.
P.O. Box 22550
Yakima, WA 98907
**(509) 248-6030**

The only allegation of "confiscating" a passport comes from Ruiz. However, he further admits that, when he requested the return of the passport, it was given to him. None of the plaintiffs claim that when they quit the Fernandez ranch that they were not in possession of their passports.

Plaintiffs further claim that they were told that if they quit the Fernandez ranch and left that they would be reported to INS. This is true and, in fact, actually occurred. When each of the plaintiffs left the Fernandez ranch, without being transferred to another WRA member, WRA reported that fact to Homeland Security. Fernandez was required to tell the plaintiffs that if they left, they would be so reported. That was a requirement imposed by law.

The case of *Alvarado v. Universidad Carlos Albizu*, 2010 WL 3385345 (2010) is instructive in this regard. In *Alvarado*, the plaintiff was employed under an H1-B visa as a college professor. When another employee at the University resigned, Alvarado was assigned that person's job tasks. The University told Alvarado that it would not pay him extra for these other duties. The University told Alvarado that if he pursued any additional compensation, it would stop sponsoring his labor certificate and would not renew his contract. *See Alvarado*, 2010 WL 3385345 at *1.

Alvarado claimed that the University violated the TVPA because it was demanding that he perform "free labor" for the University. 2010 WL 3385345 at

Velikanje Halverson P.C.
405 East Lincoln Ave.
P.O. Box 22550
Yakima, WA 98907
(509) 248-6030

*2. The court rejected this argument. The Court found that it was not enough to

allege that a statute or regulation had been violated. Rather there had to be some

intent to "misuse" or "abuse" the legal system before any liability would attach:

> Even assuming that the University violated 20 C.F.R. § 656.12, Alvarado's argument fails**. The definition of "abuse or threatened abuse of law or legal process" in § 1589 is inconsistent with Alvarado's argument because the definition envisions *misuse* or threatened *misuse* of law or the legal process, not mere violation of a regulation.** Alvarado contends that the University "abused or threatened to abuse the labor certification regulation and process" because it violated 20 C.F.R. § 656.12 by requiring him to perform the Director of Recruitment and Admissions position for "free." (Pl. Resp. to Mot. at 3.) In doing so, Alvarado attempts to convert the violation of a regulation into "abuse" of the regulation or legal process, although the plain language of § 1589 suggests that his interpretation is incorrect. **The plain language states that a law or legal process is abused if it is used or threatened to be used for a purpose for which it was not designed or to exert pressure on another person.** *See* § 1589(c)(1). Regardless of whether the University violated 20 C.F.R. § 656.12, **the University did not wield the regulation as a tool of coercion.** Alvarado does not point to any case supporting his interpretation of "abused or threatened to abuse"—that mere violation of a regulation suffices. In contrast, the University points to several cases from other jurisdictions interpreting § 1589(a)(3) as requiring that a defendant be accused of *misusing* or threatening to *misuse* legal process for a coercive purpose. *See United States v. Garcia,* 02–CR–110S–01, 2003 U.S. Dist. LEXIS 22088, at *22–24 (W.D.N.Y. Dec. 2, 2003) (discussing the definition of "by means of abuse or threatened abuse of the law or legal process," and noting that "abuse of process" occurs when a person "uses a legal process ... against another primarily to accomplish a purpose for which it is not designed"); *see also Catalan v. Vermillion Ranch Limited Partnership,* Civil Action No. 06–cv–01043–WYD–MJW, 2007 U.S. Dist. LEXIS 567, at *23–24, 2007 WL 38135 (D.Colo. Jan. 4, 2007) (finding that a threat by defendant of deportation was sufficient to support a claim under § 1589(a)(3) for which relief could be granted). The University correctly points out that Alvarado attempts to criminalize the mere violation of a regulation (20 C.F.R. § 656.12), when the regulation itself provides an exclusive list of government remedies—denial, revocation, or debarment—and contains no private right

MEMORANDUM IN SUPPORT OF FERNANDEZ DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT    - 20

of action. Taking the logic of Alvarado's argument a step further, virtually all immigration regulation violations that adversely affect employees could be characterized as "abuse or threatened abuse" of the law or legal process by the employer under § 1589(a)(3). Such a result is at odds with the stated purposes of the Act, which is limited to preventing human trafficking.[2]

*Alvarado v. Universidad Carlos Albizu,* 2010 WL 3385345 at *3 (emphasis added)(footnote omitted).

As was the case in *Alvarado*, the cause of action in this case should be dismissed. Even if this Court were to assume that some regulation or statute was violated, it would further have to be found or put forth that such violation was used as a "tool of coercion" to keep the plaintiffs employed at the Fernandez ranch. There is no such factual evidence. Plaintiffs knew that they were free to transfer wherever they so desired within the membership of the WRA. Two of the plaintiffs had done so and Plaintiff Ruiz had watched Castro transfer and transfer back. There is no issue of fact as to any potential "coercion" in this case. The claims based upon the alleged violations of the TVPA should be dismissed.

Likewise, any claim for alleged violation of 18 U.S.C. § 1592(a) should also be dismissed. First, only one plaintiff, Ruiz, claims that any "confiscation" occurred. Second, Ruiz admits that the passport was returned to him. All plaintiffs had their passports when they quit their jobs at the Fernandez ranch. This cause of action should be dismissed as well.

### D. <u>Any Claim for "Quantum Meruit" Should be Dismissed.</u>

Velikanje Halverson P.C.
405 East Lincoln Ave.
P.O. Box 22550
Yakima, WA 98907
(509) 248-6030

MEMORANDUM IN SUPPORT OF FERNANDEZ DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT      - 21

The plaintiffs further seek recover under the theory of "quantum meruit." Quantum meruit presents a legal theory of recovering the reasonable value of services provided under an "implied in fact contract." *See Young v. Young*, 164 Wn.2d 477, 485, 191 P.3d 1258 (2008).

> In other words the elements of a contract implied in fact are: (1) the defendant requests work, (2) the plaintiff expects payment for the work, and (3) the defendant knows or should know the plaintiff expects payment for the work.

> In sum, "unjust enrichment" is founded on notions of justice and equity whereas "quantum meruit" is founded in the law of contracts, a legally significant distinction.

*Young*, 164 Wn.2d at 486.

If the parties have an express contract, such as is the case herein, there is no claim for any "implied contract." The express contract defines the relationship between the parties.

> The plaintiffs are not entitled to recover under either theory of implied contract.

> A party to a valid express contract is bound by the provisions of that contract, and may not disregard the same and bring an action on an implied contract relating to the same matter, in contravention of the express contract. *Chandler*, 17 Wash.2d at 604, 137 P.2d 97; *Washington Ass'n of Child Care Agencies v. Thompson*, 34 Wash.App. 235, 238, 660 P.2d 1129 (1983).

*MacDonald v. Hayner*, 43 Wash. App. 81, 85-86, 715 P.2d 519, 522-23 (1986).

The same is true here. There is not dispute that a valid express contract exists in this case. That contract cannot be ignored to create some sort of "implied" contract.

**Velikanje Halverson P.C.**
405 East Lincoln Ave.
P.O. Box 22550
Yakima, WA 98907
**(509) 248-6030**

The express contract at issue herein applies. Any claim for quantum meruit must be dismissed since that is simply a form of implied contract inconsistent with the express contract entered into in this case.

## CONCLUSION

Plaintiffs chose to invoke the DOL investigation of this matter in this case. Having made that choice, plaintiffs are now bound by the outcome of that investigation since they chose not to seek further review of the DOL determination. Causes of action 2, 3 and 4 should be dismissed since the plaintiffs are either collaterally estopped from disputing the findings or this Court should defer to the DOL's interpretation of its own regulations.

Any cause of action under the TVPA should likewise be dismissed since the defendant did not abuse any process nor do anything to coerce the plaintiffs to remain employed with Fernandez. Plaintiffs knew they were free to leave at any time. Any cause of action premised upon an alleged "confiscation" of a passport should likewise be dismissed since only one plaintiff makes such an allegation and it is undisputed that the passport was returned to his possession.

Finally, any claim for quantum meruit should be dismissed since an implied in fact contract cannot exist when an express contract is in place. No cause of action exists and it should be dismissed. All of the plaintiffs' causes of action as to defendants Fernandez should be dismissed for the reasons set forth above.

Velikanje Halverson P.C.
405 East Lincoln Ave.
P.O. Box 22550
Yakima, WA 98907
(509) 248-6030

MEMORANDUM IN SUPPORT OF FERNANDEZ DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT      - 23

1 DATED this 3rd day of December, 2012.

2

3                                    s/ J. Jay Carroll,  WSBA No. 17424
                                     VELIKANJE HALVERSON P.C.
4                                    *Attorneys for Defendants Fernandez*
5                                    405 East Lincoln Avenue
                                     P.O. Box 22550
6                                    Yakima, Washington 98907
7                                    Telephone:  (509) 248-6030
8                                    Fax:  (509) 453-6880
                                     Email:  jcarroll@vhlegal.com
9

10

11

12                                   s/ Gary E. Lofland, WSBA No. 12150
13                                   LOFLAND AND ASSOCIATES
14                                   *Attorneys for Defendant Fernandez*
                                     9 North 11th Avenue
15                                   Yakima, Washington  98902
16                                   Telephone:  (509) 452-2828
17                                   Fax:  (509) 452-2858
18                                   Email:  glofland@charterinternet.com
19

20

21

22

23

24

25

26

27

28

29

30

31

32

33

34

35

**Velikanje Halverson P.C.**
405 East Lincoln Ave.
P.O. Box 22550
Yakima, WA 98907
**(509) 248-6030**

CERTIFICATE OF SERVICE

I hereby certify that on December 3, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following:

**_Attorneys for Defendant:_**

Michele Besso        Michele@nwjustice.org

Timothy J. Bernasek        tbernasek@dunncarney.com

Weeun Wang        wwang@farmworkerjustice.org

s/ J. Jay Carroll,  WSBA No. 17424
VELIKANJE HALVERSON P.C.
_Attorneys for Defendants Fernandez_
405 East Lincoln Avenue
P.O. Box 22550
Yakima, Washington 98907
Telephone:  (509) 248-6030
Fax:  (509) 453-6880
Email:  jcarroll@vhlegal.com

G:\JJC\A_JJC\Fernandez Summary Judgement Memo.doc
12/3/2012 3:35 PM jlf

Velikanje Halverson P.C.
405 East Lincoln Ave.
P.O. Box 22550
Yakima, WA 98907
(509) 248-6030

MEMORANDUM IN SUPPORT OF FERNANDEZ DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT        - 25