Michele Besso
Northwest Justice Project
501 Larson Bldg., 6 South 2nd Street
Yakima, WA 98901
(509) 574-4234

Weeun Wang
Farmworker Justice
1126 16th Street NW, Suite 270
Washington, DC 20036

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ELVIS RUIZ, FRANCISCO JAVIER CASTRO and EDUARDO MARTINEZ,<br><br>Plaintiffs,<br><br>vs.<br><br>MAX FERNANDEZ and ANN FERNANDEZ, a marital community; and WESTERN RANGE ASSOCIATION, a foreign nonprofit organization,,<br><br>Defendants. | No. CV-11-3088-RMP<br><br>COUNTER STATEMENT OF FACTS IN RESPONSE TO FERNANDEZ DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

## I. Defendants' Facts ("DF") Contested by Plaintiffs

DF 2. Contested as incomplete. Max and Ann Fernandez raise cattle as well as sheep, and they also grow wheat, alfalfa, and hay on the property they own or lease. Fernandez Dep., Ex. U, ECF 148-3 at 20:19–25; 23:2–25:24; 35:8–10.

DF 5. Contested. WRA applies to the federal government for authorization

COUNTER STATEMENT OF FACTS IN
RESPONSE TO FERNANDEZ DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT- 1

**Northwest Justice Project**
510 Larson Building, 6 S. 2nd St.,
Yakima, Washington 98901
Phone: (509) 574-4234  Fax: (509) 574-4238

to employ foreign workers under the H-2A program in its capacity as joint employer with its members. Report of Dr. James Holt at 8, Ex. B to Plaintiffs' Statement of Facts in Support of Plaintiffs' Motion for Partial Summary Judgment, ECF 146-3; WRA's application to the U.S. Department of Labor ("DOL") for H-2A labor certification, Ex. G, id., at ECF 146-8; WRA's petition to the U.S. Department of Homeland Security for issuance of H-2A visas, Ex. H, id., at ECF 146-9.

DF 7. Contested. WRA is a joint employer of workers that it brings into the United States to work as sheepherders. Plaintiffs' Statement of Facts In Support Of Plaintiffs' Motion For Partial Summary Judgment, ECF 146 at ¶¶1–76. Holt Report at 8 and the exhibits noted in connection with DF 5.

DF 15. Contested. Plaintiff Francisco Castro left the Fernandez Ranch on March 31, 2010 at night. He called WRA on April 1, 2010. Mr. Castro testified that WRA told him that they would call him back. Ex. 2, Castro Dep. 50:2–51:16; 52:10–12.

DF 16. Contested. The reason stated for plaintiff Martinez's January 2007 transfer is based on inadmissible hearsay and should not be considered in support of defendants' motion for summary judgment. See Fed. R. Civ. P. 56(c)(2) (a party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence). Even if the proffered

COUNTER STATEMENT OF FACTS IN RESPONSE TO FERNANDEZ DEFENDANTS' MOTION FOR SUMMARY JUDGMENT- 2

**Northwest Justice Project**
510 Larson Building, 6 S. 2nd St.,
Yakima, Washington 98901
Phone: (509) 574-4234  Fax: (509) 574-4238

document were to meet one of the exceptions to hearsay, the statement in question raises the "hearsay within hearsay" problem and would independently be inadmissible. *San Francisco Baykeeper v. W. Bay Sanitary Dist.*, 791 F. Supp. 2d 719, 744 (N.D. Cal. 2011). In addition, Mr. Martinez first entered the U.S. with the H-2A program in 2005, not 2006. Ex. 3, Martinez Dep. 9:17–21.

DF 17. Contested. For the same reasons discussed in connection with the response to DF 16, the reason stated for plaintiff Martinez's transfer is inadmissible hearsay and should not be considered.

DF 18. Contested. Contrary to defendant's assertion, plaintiff Martinez left the Fernandez ranch after being informed by a representative of WRA that he was being fired and sent home to Chile. Ex. 3, Martinez Dep. 31:15–32:1. Mr. Martinez testified that he did not have a drinking problem, and that the WRA representative told him that Mr. Fernandez had accused him of bringing alcohol to the ranch and of killing one of his horses. Ex. 3, Martinez Dep. 30:9–21.

DF 19. The letter speaks for itself. The characterization of the letter should be stricken.

DF 21. Contested. The DOL report relied upon by defendants is inadmissible hearsay and thus not properly considered in a motion for summary judgment. Fed. R. Civ. P. 56(c)(2). The inadmissibility of the DOL report is addressed in Plaintiffs' Memorandum in Opposition to Fernandez Defendants'

COUNTER STATEMENT OF FACTS IN
RESPONSE TO FERNANDEZ DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT- 3

**Northwest Justice Project**
510 Larson Building, 6 S. 2nd St.,
Yakima, Washington 98901
Phone: (509) 574-4234  Fax: (509) 574-4238

1 | Motion for Summary Judgment.

2 | Furthermore, Plaintiff Eduardo Martinez was never interviewed by the investigator (Martinez Decl. In Support Of Response ¶18), and Plaintiff Castro's communication with the investigator was limited to a 15-minute conversation while he was on his lunch break. (Castro Decl. In Support of Response ¶22)

DF 22. Contested. There is no evidence that there was a "contract rate agreed upon." Also, the first checks that were issued by Mr. Fernandez to pay back wages were non-negotiable because of language that Ann Fernandez wrote on the back of the checks. Ex. 1, Fernandez Dep. 149:8–9; Ruiz Decl. In Support of Response ¶14. Plaintiffs accepted the funds that were subsequently provided to them without waiving their rights to recover other damages to which they might be entitled under the law.

DF 25. Contested. Plaintiff Castro's testimony was that his best guess was that the woman who became his wife visited two times per month, not "at least twice per month." Ex. 2, Castro Dep. 13:17–20.

DF 26. Contested. Plaintiff Castro testified that Mr. Fernandez took him to Toppenish, WA on one occasion only. Ex. 2, Castro Dep. 14:17–19.

DF 27. Contested. Plaintiff Castro heard from another herder that WRA could transfer a sheepherder from one ranch to another. However, he did not know how to communicate with WRA or have any other information about transfers. He

COUNTER STATEMENT OF FACTS IN
RESPONSE TO FERNANDEZ DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT- 4

**Northwest Justice Project**
510 Larson Building, 6 S. 2nd St.,
Yakima, Washington 98901
Phone: (509) 574-4234  Fax: (509) 574-4238

did not know whether WRA would necessarily grant a transfer to another ranch on his request, or what consequences there might be to such a request. Castro Decl. (ISO Response) ¶20. Plaintiff testified that either Rolando Barrientos or Elvis Ruiz had talked about transfers. Ex. 2, Castro Dep. 17: 18–24.

DF 28. Contested. Plaintiff Castro testified that the workers had flour, potatoes, onions, a few grains of rice, some meat, but little else; that on one occasion when plaintiffs asked for eggs, they were provided with liquid eggs; and that they were not provided with other basic food items. Ex. 2, Castro Dep. 34:10–35:25. Castro Decl. (ISO Response) ¶14.

DF 29. Contested. Mr. Fernandez agreed to allow plaintiff Castro's transfer in October 2008 on the condition that Mr. Castro return in time for the lambing in March 2009. Castro Decl. (ISO Response) ¶21; Ex. 2, Castro Dep. 42:1–43:12.

DF 34. When it came time for plaintiff Castro to return to Fernandez Ranch in March 2009, WRA just sent him a bus ticket back to the ranch without asking him whether he wanted to return or not. Castro Decl. (ISO Response) ¶21.

DF 35. Contested. There is no basis in the record for characterizing places where plaintiff Castro cared for the sheep as "the range." Mr. Castro testified only that he was "out with the sheep." Ex. 2, Castro Dep. 43:19–23. Not all of the properties where Mr. Fernandez had the plaintiffs graze the sheep off the ranch qualified as "range" pursuant to the FLSA. Mr. Castro spent approximately one

COUNTER STATEMENT OF FACTS IN
RESPONSE TO FERNANDEZ DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT- 5

**Northwest Justice Project**
510 Larson Building, 6 S. 2nd St.,
Yakima, Washington 98901
Phone: (509) 574-4234  Fax: (509) 574-4238

month in the summer of 2009 at a property bordering the Centerville Highway, only 5 miles from the main ranch property. Mr. Fernandez instructed Mr. Castro to leave the sheep grazing on the pasture there in temporary fencing during the day, while Mr. Castro returned to work on the ranch. Castro Decl. (ISO Response) ¶12.

DF 36. Contested. Plaintiff Castro testified that Mr. Fernandez called him to complain about the woman who later became his wife. Ex. 2, Castro Dep. 47:2–9. There was also communication between Mr. Castro and Mr. Fernandez during the period in which Mr. Castro worked on the ranch during the day while the sheep were left behind in temporary fencing. Castro Decl. (ISO Response) ¶12.

DF 37. Contested as incomplete. Mr. Castro testified that it was after he left the Fernandez Ranch on March 31, 2010 that Mr. Ruiz gave him the WRA phone number. Ex. 2, Castro Dep. 51:12–16.

DF 40. Contested. Mr. Ruiz and the other sheepherders were provided with flour by Mr. Fernandez. They made the bread themselves. Ruiz Decl. (ISO Response) ¶5, Castro Decl. (ISO Response) ¶14.

DF 43. Contested as incomplete. Mr. Ruiz testified that he called WRA to ask if he was allowed time off because he was not working with the sheep and doing ranch work instead. Ex. 4, Ruiz Dep. 15:21–16:1.

DF 45. Contested. In Mr. Ruiz's testimony about working with the sheep in 2008, he did not say that he was "out on the range." Ex. 4, Ruiz Dep. 27:3–28:24.

COUNTER STATEMENT OF FACTS IN
RESPONSE TO FERNANDEZ DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT- 6

**Northwest Justice Project**
510 Larson Building, 6 S. 2nd St.,
Yakima, Washington 98901
Phone: (509) 574-4234  Fax: (509) 574-4238

See also response to DF 35.

DF 46. Contested. Plaintiff Ruiz testified that Mr. Castro was, at the time in question, "with the sheep in the pastures." Ex. 4, Ruiz Dep. 29:3–6. Nowhere does the testimony state that Mr. Castro was "on the range." See also response to DF 35.

DF 48. Contested. Plaintiff Martinez' testimony was that he was told he was being sent home to Chile, not transferred. Ex. 3, Martinez Dep. 31:5–32:1.

DF 53. Contested. Contrary to defendants' assertion, Mr. Fernandez' testified that the sheep are back on the headquarters ranch from the middle of December until the lambs learn to walk after the lambing in late April or May. Ex. 1, Fernandez Dep. 73:12–14. After that the sheep could be taken to any of the other properties that Mr. Fernandez owns or leases for grazing purposes, not all of which qualify as "range." Plaintiffs Statement of Facts in Support of Plaintiffs' Motion for Partial Summary Judgment, ECF 146 at ¶¶ 89, 90, 92, 93, 97, 103, 104, and 111.

DF 54. Mr. Fernandez' testimony was that he gave bonuses sometimes, "If I want to. I just feel like it." Ex. 1, Fernandez Dep. 115:11–20.

DF 56. Contested. Mr. Martinez testified that he did not have a drinking problem and never drank alcohol at the Fernandez ranch. Ex. 3, Martinez Dep. 32:17–33:1.

COUNTER STATEMENT OF FACTS IN RESPONSE TO FERNANDEZ DEFENDANTS' MOTION FOR SUMMARY JUDGMENT- 7

**Northwest Justice Project**
510 Larson Building, 6 S. 2nd St.,
Yakima, Washington 98901
Phone: (509) 574-4234  Fax: (509) 574-4238

1  DF 61. Contested. "If the pasture grass stayed green year round, the sheep would be in pasture year round." This is a nonsensical statement with no basis in fact. It should be stricken. The testimony was that the sheep were kept in corrals and fed hay in the winter months. The sheep also grazed on and around the ranch property at times of year other than the winter months. Ex. 1, Fernandez Dep. 23:2 –24:18; 24:22 –26:24; 28:13–29:18; 79:2–20; Castro Decl. ¶12; Ruiz Decl. ¶4. Also see response to DF 53.

DF 62. Contested. It was Max Fernandez' testimony that lambing starts in the middle of March, not in February. Ex. 1, Fernandez Dep. 33:25–34:7.

DF 63. Contested. The testimony was that one sheepherder stays with the sheep away from the ranch from late April or May until September, and that after that the sheep graze in pastures on or near the ranch until December, during which time the sheepherders often stay at night in the permanent ranch housing. See testimony cited above in connection with DF 61.

DF 66. Contested as incomplete. The sheepherder job description referred to by defendants is the description set out in the H-2A Special Procedures. However, the Special Procedures govern only H-2A employers who request "FLSA-exempt" sheepherders. Accordingly, the Special Procedures job description must be read together with the requirements of the FLSA range sheepherder exemption to be complete. Memorandum in Support of Plaintiffs'

COUNTER STATEMENT OF FACTS IN
RESPONSE TO FERNANDEZ DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT- 8

**Northwest Justice Project**
510 Larson Building, 6 S. 2nd St.,
Yakima, Washington 98901
Phone: (509) 574-4234  Fax: (509) 574-4238

Motion for Summary Judgment, ECF 141, at 18.

**II. Counter Statement of Facts Relating to Plaintiffs' State Law Claims**

    a. Plaintiffs, by reference herein, incorporate their Statement of Material Facts, ¶77-123, ECF 146, filed in Support of Plaintiffs' Motion for Partial Summary Judgment, ECF 140, showing that the work performed by plaintiffs was not "range production of livestock" pursuant to applicable laws and plaintiffs' contract with defendants.

**III.    Counter Statement of Facts Relating to TVPRA Claims**

    1.    Max Fernandez took away Elvis Ruiz' and Francisco Castro's passports when they arrived at the Fernandez Ranch. He kept these documents despite plaintiffs' requests that he return them. Castro Decl. (ISO Response) ¶1; Ruiz Decl. (ISO Response) ¶2.

    2.    Max Fernandez returned Mr. Castro's passport only when Mr. Castro left the ranch temporarily in October, 2008 to work at a ranch in Utah. Castro Decl. (ISO Response) ¶1. He returned Mr. Ruiz's passport in the fall of 2009, after repeated requests. Ruiz Decl. (ISO Response) ¶2.

    3.    Max Fernandez threatened plaintiffs almost daily that he would call the police or immigration authorities on them. Ex. 4, Ruiz Dep. 9:7–25; Ex. 2, Castro Dep. 31:11–19; Ex. 3, Martinez Dep. 28:20–25. Plaintiffs felt that the threats were intended to intimidate them. Castro Decl. (ISO Response) ¶3;

COUNTER STATEMENT OF FACTS IN RESPONSE TO FERNANDEZ DEFENDANTS' MOTION FOR SUMMARY JUDGMENT- 9

Northwest Justice Project
510 Larson Building, 6 S. 2nd St.,
Yakima, Washington 98901
Phone: (509) 574-4234  Fax: (509) 574-4238

Martinez Decl. (ISO Response) ¶7; Ruiz Decl. (ISO Response) ¶7.

4. Max Fernandez did not allow plaintiffs to have visitors, and told them not to talk with neighbors or people passing by on the road. Ex. 3, Martinez Dep. 58:2–8; Castro Decl. (ISO Response) ¶2; Ruiz Decl. (ISO Response) ¶6.

5. Max Fernandez repeatedly warned plaintiffs that if they left the ranch without permission that he would call immigration or the police and that they would deport them. Castro Decl. (ISO Response) ¶3; Martinez Decl. (ISO Response) ¶8; Ex. 4, Ruiz Dep. 9:9–25.

6. Max Fernandez was openly friendly with local law enforcement, inviting local sheriff deputies over for barbecues at the ranch. Castro Decl. (ISO Response) ¶8; Ruiz Decl. (ISO Response) ¶8.

7. Max Fernandez would insult and threaten plaintiff Martinez on a constant basis. Ex. 3, Martinez Dep. 28:20–29:9. After Francisco Castro fled the ranch, Max Fernandez told Mr. Martinez that the FBI was searching for Mr. Castro. Martinez Decl. (ISO Response) ¶16.

8. Plaintiff Martinez testified that even after he left the ranch that he would wake up at night as if the police or immigration were chasing him, because of Mr. Fernandez' threats that if he left he would end up in prison, "the police are going to come for you or I will call the police or call the immigration so they can come for you." Ex. 3, Martinez Dep. 41:7–20.

COUNTER STATEMENT OF FACTS IN
RESPONSE TO FERNANDEZ DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT- 10

**Northwest Justice Project**
510 Larson Building, 6 S. 2nd St.,
Yakima, Washington 98901
Phone: (509) 574-4234  Fax: (509) 574-4238

9. Plaintiff Martinez testified that he suffered from psychological abuse, verbal provocation, insults, and humiliations. Ex. 3, Martinez Dep. 41:1–6; 55:3–8; 55:13–20. He continued to have nightmares after he left the ranch as a result of the threats and abuse that he received. Martinez Decl. (ISO Response) ¶17.

10. Max Fernandez did not provide adequate food to plaintiffs during their employment. Ex. 2, Castro Dep. 34:2–14; Ex. 3, Martinez Dep. 38:13–39:2; Ruiz Decl. (ISO Response) ¶5. All of the plaintiffs experienced hunger while working for Fernandez. Ex. 3, Martinez Dep. 39:16–18; Castro Decl. (ISO Response) ¶14; Ruiz Decl. (ISO Response) ¶5.

11. Most of the time, plaintiffs had available only coffee, sugar, onions, salt and flour to make bread, together with sheep meat. Mr. Fernandez would buy small bags of potatoes maybe once per month, but these potatoes were usually gone within a week. One time in 2010, after Eduardo Martinez asked for eggs, Mr. Fernandez brought cartons of liquid eggs instead, which the workers did not know what to do with. Castro Decl. (ISO Response) ¶14; Ex. 3, Martinez Dep. 38:16–25.

12. When plaintiff Castro worked with sheep off the ranch and stayed in the sheepherder trailer, about the only food Max Fernandez would provide was flour, coffee, and salt. His diet consisted of bread that he made, sheep meat, and coffee, though Fernandez once gave him a can of tuna and a package of spaghetti.

COUNTER STATEMENT OF FACTS IN
RESPONSE TO FERNANDEZ DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT- 11

**Northwest Justice Project**
510 Larson Building, 6 S. 2nd St.,
Yakima, Washington 98901
Phone: (509) 574-4234  Fax: (509) 574-4238

Castro Decl. (ISO Response) ¶15.

13. Plaintiff Francisco Castro did not ask Max Fernandez for food, because when he first arrived at the ranch the other sheepherders, Rolando Barrientos and Elvis Ruiz, would make up food lists for Fernandez, and he saw that Fernandez never brought them the food that was requested. Castro Decl. (ISO Response) ¶17.

14. When Max Fernandez found out that a woman friend was visiting plaintiff Castro by the road where he was herding sheep, he first told him that he did not want him to see her anymore and that women were prostitutes. Castro Decl. (ISO Response) ¶4. When Mr. Castro told him that even prisoners had the right to have visitors, Mr. Fernandez instead warned that if this woman came on to the ranch property that Mr. Fernandez would call the police. Id.

15. Max Fernandez regularly watched the plaintiffs through binoculars as they worked. Fernandez Dep., Ex. U, ECF 148-3 at 18:5–20; 78:13–24.

16. In April, 2010, Max Fernandez received a letter from plaintiffs Ruiz and Castro requesting payment of unpaid wages from their work at the ranch. Ex. L to J. Jay Carroll Decl. in Support Fernandez Defendants' Motion for Summary Judgment, ECF 138.

17. Max Fernandez filed a criminal complaint against plaintiff Elvis Ruiz several days later, falsely accusing him of pocketing $100 given him by a neighbor

COUNTER STATEMENT OF FACTS IN
RESPONSE TO FERNANDEZ DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT- 12

Northwest Justice Project
510 Larson Building, 6 S. 2nd St.,
Yakima, Washington 98901
Phone: (509) 574-4234 Fax: (509) 574-4238

1    5 months earlier for the purchase of hay. Ruiz Decl. (ISO Response) ¶12.

18. Plaintiffs Elvis Ruiz and Francisco Castro each received an anonymous letter in the mail threatening them that if they went to the Portland office of the U.S. Department of Labor to pick up checks for unpaid wages that immigration authorities would be waiting for them. Ruiz Decl. (ISO Response) ¶10; Castro Decl. (ISO Response) ¶9 and attached exhibit.

19. Since no one but Mr. Fernandez, their spouses and the DOL knew about the checks waiting for them in Portland, plaintiffs believe that these letters were sent to them by Max Fernandez. Castro Decl. (ISO Response) ¶9; Ruiz Decl. (ISO Response) ¶11.

20. Plaintiffs all fled Fernandez Ranch at night when they left because they believed that if Mr. Fernandez knew that they were leaving that he would call the police to stop them. Castro Decl. (ISO Response) ¶7; Martinez Decl. (ISO Response) ¶17; Ruiz Decl. (ISO Response) ¶9.

21. Max Fernandez required the plaintiffs to work 7 days per week at the ranch, whether they were watching the sheep off the ranch or performing general work at the ranch such as fixing fences, cutting hay, maintaining vehicles and feeding animals on the ranch. Castro Decl. (ISO Response) ¶10; Martinez Decl. (ISO Response) ¶3; Ruiz Decl. (ISO Response) ¶3.

22. Plaintiffs did not have information that they were free to transfer from

COUNTER STATEMENT OF FACTS IN
RESPONSE TO FERNANDEZ DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT- 13

**Northwest Justice Project**
510 Larson Building, 6 S. 2nd St.,
Yakima, Washington 98901
Phone: (509) 574-4234  Fax: (509) 574-4238

1   one rancher to another any time they wanted.  Ex. 4, Ruiz Dep. 13:4–13; Castro

2   Decl. (ISO Response) ¶20; Martinez Decl. (ISO Response) ¶2.  In fact the

3   evidence in the record is that plaintiffs did *not* have a right to be transferred any

4   time they wished.  Dennis Richins, director for the Western Range Association,

5   testified that the WRA had the sole authority to transfer a sheepherder if in WRA's

6   judgment, the worker was being mistreated, or  if the WRA member agreed to the

7   transfer.  Ex. 5, Richins Dep. 43:21 –44:18; 173:12–174:10.

      23.    Mr. Ruiz did not know that he could be transferred at his request.  Ex. 4, Ruiz Dep. 13:4–12.  Mr. Martinez's transfers had always been at request of the ranchers that he worked for.  Martinez Decl. (ISO Response) ¶2.

      24.    When plaintiff Castro transferred away from Fernandez Ranch in October 2008, it was after he received permission from Max Fernandez, and on the condition that he return for the next lambing season.  Castro Decl. (ISO Response) ¶21.  When it came time for him to return, WRA just sent him a bus ticket back to the ranch without asking whether he wanted to return on not.  Id.

      25.    The U.S. Department of Labor investigator never carried out a full interview with plaintiff Francisco Castro about his allegations against Fernandez Ranch.  Castro Decl. (ISO Response) ¶22.  The investigator called Mr. Castro once at work and spoke to him for about 15-20 minutes.  He told Mr. Castro that he would call him or come back in person another time, but never did return to

COUNTER STATEMENT OF FACTS IN
RESPONSE TO FERNANDEZ DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT- 14

Northwest Justice Project
510 Larson Building, 6 S. 2nd St.,
Yakima, Washington 98901
Phone: (509) 574-4234  Fax: (509) 574-4238

interview him. Id.

26. The investigator contacted plaintiff Ruiz and spoke to him on two occasions. Both times, the investigator asked about the claim that Max Fernandez had not paid wages owed to Mr. Ruiz. Ruiz Decl. (ISO Response) ¶13.

27. The investigator did not attempt to speak to plaintiff Martinez at all. Martinez Decl. (ISO Response) ¶18.

28. The investigator never gave any of the plaintiffs an opportunity to respond to any information that Max Fernandez might have provided. Castro Decl. (ISO Response) ¶23; Ruiz Decl. (ISO Response) ¶13. Plaintiffs heard nothing about what was happening in the investigation until they learned that Fernandez was to pay back wages to plaintiffs Ruiz and Castro. Castro Decl. (ISO Response) ¶23; Ruiz Decl. (ISO Response) ¶13.

29. The DOL Narrative was not sent to the parties until a Freedom of Information Act request was made. Fernandez Defendants' Memorandum in support of Motion to Supplement the Record, ECF 50 at 1-2.

30. The United States Department of Labor never held a hearing, formal or informal, as part of its investigation in this case. DOL Narrative, ECF 49-3.

31. Plaintiffs were never given notice of the Departments' findings or an opportunity to appeal those findings. 29 C.F.R. 501. 31; Order Denying Defendant's Motion to Dismiss, ECF 62 at 10.

COUNTER STATEMENT OF FACTS IN
RESPONSE TO FERNANDEZ DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT- 15

**Northwest Justice Project**
510 Larson Building, 6 S. 2nd St.,
Yakima, Washington 98901
Phone: (509) 574-4234  Fax: (509) 574-4238

RESPECTFULLY SUBMITTED this 14th day of January, 2013.

NORTHWEST JUSTICE PROJECT

/s/ Michele Besso
Michele Besso, WSBA #17423

FARMWORKER JUSTICE

/s/ Weeun Wang
Weeun Wang

COUNTER STATEMENT OF FACTS IN
RESPONSE TO FERNANDEZ DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT- 16

**Northwest Justice Project**
510 Larson Building, 6 S. 2nd St.,
Yakima, Washington 98901
Phone: (509) 574-4234  Fax: (509) 574-4238

## CERTIFICATE OF SERVICE

I hereby certify that on January 14th, 2013, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system and caused it to be served by mail to the following:

John Barhoum: jbarhoum@dunncarney.com

Timothy J Bernasek: tbernasek@dunncarney.com

Gary Lofland: glofland@glofland.net

Weeun Wang: wwang@farmworkerjustice.org

John Jay Carroll: jcarroll@vhlegal.com

DATED this 14th day of January, 2013.

By: /s/ Alex Galarza
Alex Galarza, Legal Assistant for
Michele Besso, WSBA #17423
Attorney for Plaintiffs
Northwest Justice Project

COUNTER STATEMENT OF FACTS IN RESPONSE TO FERNANDEZ DEFENDANTS' MOTION FOR SUMMARY JUDGMENT- 17

**Northwest Justice Project**
510 Larson Building, 6 S. 2nd St.,
Yakima, Washington 98901
Phone: (509) 574-4234  Fax: (509) 574-4238