1  J. Jay Carroll, WSBA #17424                    HONORABLE ROSANNA M. PETERSON
   HALVERSON | NORTHWEST LAW GROUP P.C.
   405 East Lincoln Avenue
2  P.O. Box 22550
   Yakima, Washington 98907
3  Telephone: 509-248-6030
   Facsimile: 509-453-6880
4  Email:  jcarroll@halversonNW.com

5  Gary E. Lofland, WSBA No. 12150
   HALVERSON | NORTHWEST LAW GROUP P.C.
6  405 East Lincoln Avenue
   P.O. Box 22550
7  Yakima, Washington 98907
   Telephone:  (509) 452-2828
8  Fax:  (509) 453-6880
   Email:  glofland@glofland.net
9
   Attorneys for Defendants Fernandez
10

11

12                 UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF WASHINGTON
13

14  ELVIS RUIZ, FRANCISCO
    JAVIER CASTRO, and                    NO.   CV-11-3088-RMP
15  EDUARDO MARTINEZ,

16              Plaintiffs,               REPLY MEMORANDUM IN
                                          SUPPORT OF FERNANDEZ' MOTION
17  vs.                                   FOR SUMMARY JUDGMENT

18  MAX FERNANDEZ and ANN
    FERNANDEZ, a marital
19  community; and WESTERN
    RANGE ASSOCIATION,  a
20  foreign nonprofit organization,

21
                Defendants.
22

23

24

25

REPLY MEMORANDUM IN SUPPORT OF FERNANDEZ'          HALVERSON | NORTHWEST P.C.
MOTION FOR SUMMARY JUDGMENT 1                      405 E. Lincoln Avenue | PO Box 22550
                                                   Yakima, WA 98907
                                                   p) 509.248.6030 | f) 509.435.6880

## I.    INTRODUCTION

The three Plaintiffs are Chilean sheepherders who came to and worked at Fernandez Ranch under the H2A program.  Each left the Fernandez Ranch before the end of the contract.  Under the terms of the contract and the H2A regulations, the sheepherders were obligated to return to their home country unless they secured employment with another H2A sponsor.

None of the Plaintiffs complied with the contract or regulations.  They neither sought employment with H2A sponsors nor returned to their home country.  Instead, two were met by women they had met while working at the Fernandez Ranch and were transported from the ranch.  Each married the woman shortly after.  The third has drifted from job to job in various locations.

The Northwest Justice Project, on behalf of the errant sheepherders, filed a complaint with the United States Department of Labor (ECF 138-12) in which numerous violations of the H2A program were alleged.  Included among the thirteen distinct complaints were failure to pay; failure to pay the proper rate; failure to ensure proper housing and health; and failure to provide meals.

The USDOL investigated and found that Fernandez did not have records to substantiate wage payments to Castro and Ruiz and ordered payment.  This resulted in the USDOL finding that Fernandez Ranch owed wages to both Ruiz and Castro.  The wages the USDOL determined were due were based upon the

REPLY MEMORANDUM IN SUPPORT OF FERNANDEZ'
MOTION FOR SUMMARY JUDGMENT 2

HALVERSON | NORTHWEST P.C.
405 E. Lincoln Avenue | PO Box 22550
Yakima, WA 98907
p) 509.248.6030 | f) 509.435.6880

sheepherder rate.  Fernandez Ranch was found by the USDOL to owe Ruiz $6,000.00 and Castro $7,182.00.  Although Fernandez disagreed with the determination, he determined that it was more cost effective to pay, and did so (ECF 49-4 p. 36 and 37).  Both Ruiz and Castro accepted the payments (ECF 22).

Neither the sheepherders nor the Northwest Justice Project challenged the USDOL determination that there were no violations.  Each had the ability to seek further review of the determination.  They chose not to do so and accepted the money.  After accepting the money, the sheepherders, through Northwest Justice Project, filed this lawsuit.  The concerns raised in this lawsuit are the same raised in the complaint to the USDOL (ECF 138-12) and which the USDOL found had no merit (ECF 133-4 and/or 49-3).  The complaint to the USDOL asserted the sheepherders performed work outside the job description (ECF 138-12 p. 3).  The USDOL determined the appropriate rate was the sheepherders' rate and that there was de minimus work out of the classification (ECF 133-4 p. 32-33).

REPLY MEMORANDUM IN SUPPORT OF FERNANDEZ'
MOTION FOR SUMMARY JUDGMENT 3

HALVERSON | NORTHWEST P.C.
405 E. Lincoln Avenue | PO Box 22550
Yakima, WA 98907
p) 509.248.6030 | f) 509.435.6880

## II.    IT IS UNFAIR TO ALLOW THE PLAINTIFFS TO SEEK ADDITIONAL DAMAGES AFTER HAVING ACCEPTED THE MONEY FOUND DUE BY THE USDOL.

In the initial motion, the Defendant Fernandez characterized the legal theory as collateral estoppel.  The characterization was incorrect, collateral estoppel requires there be at least a "quasi judicial" determination by an argument before it applies.  *Christiansen v. Grant County Hospital*, 152 Wn.2d 299 (2004)  There was no "quasi judicial determination" by the USDOL in this case.

Here, the Plaintiffs complained to the USDOL and sought relief for their perceived wrongs.  The USDOL investigated and determined that Fernandez owed Ruiz and Castro unpaid wages.  Fernandez disagreed with the determination, but decided it was more cost effective to settle.  The USDOL determined that the sheepherders did not work outside the H2A sheepherder classification and that the wages due were the sheepherder wages of $750 per month.  The Plaintiff sheepherders disagreed with the decision, but did not seek review.  Instead, they accepted the money – Ruiz accepted $6,000.00; Castro, $7,182.00.  Then, after accepting the money, they instituted this lawsuit.  The basis of this suit is the same as the complaint to the USDOL – that the sheepherders worked outside the H2A classification and they are entitled to more compensation.

REPLY MEMORANDUM IN SUPPORT OF FERNANDEZ'
MOTION FOR SUMMARY JUDGMENT 4

HALVERSON | NORTHWEST P.C.
405 E. Lincoln Avenue | PO Box 22550
Yakima, WA 98907
p) 509.248.6030 | f) 509.435.6880

The appropriate legal theory is a mixture of "equitable estoppel" and "accord and satisfaction."  Here, despite there being a method to seek further administrative review of the USDOL determination, the sheepherders did not do so and accepted the money.  The claims of equitable estoppel are:  (1)  an admission, statement or act inconsistent with a claim later asserted; (2) action by the other party or the faith of such admission, statement or act; and (3) injury to the other party resulting from allowing the first party to contradict or repudiate such admission, statement, or act.  *Safeco Ins. Co. v. Butler*, 118 Wn.2d 383, 404 (2006)  Here, Fernandez clearly relied on the sheepherders willingness to accept the payment.  It would make little sense that he pay the money knowing that he would be lead into litigation.  It is unfair to allow the Plaintiffs to accept the money, then seek more.

The Plaintiffs' inconsistent position allows them to derive an unfair advantage by having two bites out of the apple; it imposes on Fernandez the unfair detriment of having to litigate that which he thought was resolved by his payment of $13,000.

An accord and satisfaction requires that the parties have:  (1) a bona fide dispute; (2) an agreement to settle the dispute; and (3) performance of that agreement.  *Paopao v. DSHS*, 145 Wn.App. 40, 46 (Div. I, 2008)  The proponent must show that a bona fide dispute existed at the time the payment

REPLY MEMORANDUM IN SUPPORT OF FERNANDEZ'
MOTION FOR SUMMARY JUDGMENT 5

HALVERSON | NORTHWEST P.C.
405 E. Lincoln Avenue | PO Box 22550
Yakima, WA 98907
p) 509.248.6030 | f) 509.435.6880

was made.  *Housing Authority of King County v. Northwest Lake Washington Sewer District*, 56 Wn.App. 589, 598 (Div. I, 1990)  Here, there is no question that at the time Fernandez paid some $13,000 there was a bona fide dispute and that the payment was made to settle that dispute.  It is clearly unfair to allow the Plaintiffs to proceed having accepted the monies paid then argue they are entitled to more.


### III.    QUANTUM MERUIT

The Plaintiffs argue that they may maintain a claim of quantum meruit while simultaneously maintaining a claim of breach of an express contract. Each claim deals with the same subject matter.

Quantum meruit advances a theory in which a contract must be "implied in fact" to allow recovery.  The Washington courts have found that the theories are exclusive.  *McDonalds v. Hayner*, 43 Wn. App. 81, 85-86, (Div. I, 1986)

The reliance in *D'Amato v. Lillie*, 401 Fed. App. 291 (2010)[1] is misplaced.  That case addressed an issue involving a theory of "unjust enrichment" which the Washington courts have recognized to involve a "legally significant distinction."  *Young v. Young*, 164 Wn.2d 477, 486 (2008)  The legal theory of quantum meruit is simply wrong.

---

[1] It is also noted that according to CTA 9 Rule 36.3 "unpublished dispositions and orders of this court are not precedent."  *D'Amato* is an unpublished decision.

REPLY MEMORANDUM IN SUPPORT OF FERNANDEZ'
MOTION FOR SUMMARY JUDGMENT 6

HALVERSON | NORTHWEST P.C.
405 E. Lincoln Avenue | PO Box 22550
Yakima, WA 98907
p) 509.248.6030 | f) 509.435.6880

## IV.    THE TVPRA

The Act identifies four (4) types of conduct and behavior that cannot be used to "obtain" or "provide" the labor or services of another.  Obviously, the prohibited actions must take place prior to employment on the provision of services or while the labor or services are being performed.  The prohibited conduct is the compulsion that forces the labor.  Logically, conduct or actions after the employment has separated cannot be a threat or compulsion.   Here, the Plaintiffs rely on matters that occurred after the Plaintiffs left the Fernandez Ranch.  The filing of a report of theft with the police admittedly occurred after Plaintiffs had left the ranch (CSOF ¶ 17).  The receipt of anonymous letters occurred after the Plaintiffs left.  There is nothing but supposition to connect such claims with Fernandez.  Similarly, the claim that "Martinez continued to have nightmares after he left the ranch as a result of Fernandez' threats" has no bearing on the TV.  (Pl Memo 15:5-6; CSOF ¶19)  This misstates Martinez' deposition testimony.  Martinez was worried because he did not have the proper documents that would allow him to be in the United States – he was illegal. (SMF-70)[2]

The Plaintiffs have to reach so far to bolster a TVPRA claim that they use innocuous social claims such as Fernandez inviting an off duty sheriff to a

---

[2] Martinez' attempt to claim he was subject to threats or violence failed when he explained that "violent is when one person speaks aggressively to another one."  (Martinez Dep. 55:23-24).

REPLY MEMORANDUM IN SUPPORT OF FERNANDEZ'
MOTION FOR SUMMARY JUDGMENT 7

HALVERSON | NORTHWEST P.C.
405 E. Lincoln Avenue | PO Box 22550
Yakima, WA 98907
p) 509.248.6030 | f) 509.435.6880

social event (barbeque) and stating that it was good to have friends in law enforcement. Similarly, the statement that Fernandez watched sheepherders with binoculars is nonsense. Of course he did, the sheep were his.

Both Castro and Ruiz knew they could transfer to any ranch that was a WRA member. (DSMF 27) The Fernandez Ranch had a notice posted on the tack room used by sheepherders. The notice contained the phone number of the WRA. ( SMF-69) The herders had sufficient freedom to meet local women who they married.

There are insufficient facts to sustain the claim.

## V.    THE DOL REPORT

### A.    The DOL Report And Its Contents Are Admissible.

The DOL Report and its contents are admissible based on the public records exception to the hearsay doctrine. Fed. R. Evid. 803(8). The advisory committee's note to Fed. R. Evid. 803(8) states that this rule assumes admissibility. The rule contemplates that the evidence shall be admissible unless the source of the information or the circumstances indicate a lack of trustworthiness. Fed. R. Evid. 803(8). Because the DOL report is one that falls under the public records exception it is presumed trustworthy and the Plaintiff is unable to meet the burden of establishing sufficient evidence that shows lack of trustworthiness. In addition, the report resulted in findings by the

REPLY MEMORANDUM IN SUPPORT OF FERNANDEZ'
MOTION FOR SUMMARY JUDGMENT 8

HALVERSON | NORTHWEST P.C.
405 E. Lincoln Avenue | PO Box 22550
Yakima, WA 98907
p) 509.248.6030 | f) 509.435.6880

investigator.   Because the investigator relied upon statements made by individuals he questioned does not result in the report or the findings of the investigator being stricken.   The determinations by the DOL investigator are findings of fact and not legal conclusions and are therefore admissible.

      1.    The Investigator Report is Trustworthy.

Documents that fall under the public records exception are presumed trustworthy.  *United States v. Loyola-Dominguez,* 125 F.3d 1315, 1318 (9th Cir., 1997).  A party opposing the introduction of a public record bears the burden of coming forward with sufficient negative factors to persuade a court that a report should not be admissible.  *Johnson v. City of Pleasanton,* 982 F.2d 350, 352 (9th Cir. 1992).

Where an investigative memorandum to the record was adopted by an agency and its findings form the factual basis for a final decision, the investigative findings are admissible.  *McClellan v. I-Flow Corp.,* 2010 WL 395, 4092 (D. Or. 2010)    In *McClellan,* a party sought admission of a regulatory file maintained by the FDA which included findings and recommendations.   The findings determined that the application met the requirements and recommended approval to the FDA.  The FDA later prepared a "clearance letter" allowing the party to market the product in accordance with the findings.  *Id.*  at 1.  In that case, it was undisputed that the FDA adopted the

REPLY MEMORANDUM IN SUPPORT OF FERNANDEZ'
MOTION FOR SUMMARY JUDGMENT 9

HALVERSON | NORTHWEST P.C.
405 E. Lincoln Avenue | PO Box 22550
Yakima, WA 98907
p) 509.248.6030 | f) 509.435.6880

investigator's recommendations and that the factual findings formed the factual basis of the FDA's final decision. *Id.* at 3. The court noted the fact that the memo "contains a recommendation does not remove it from the purview of the Federal Rule of Evidence 803(8)". *Id., citing, Gilbrook v. City of Westminster,* 177 F.3d 839, 858-859 (9th Cir., 1999). The court ultimately held that the circumstances regarding the memo's creation did not indicate a lack of trustworthiness given that (1) it was prepared pursuant to a lawful review, (2) relied on by the FDA to support the eventual clearance, and (3) provided by the FDA in response to a FOIA request. *Id.* at 2.

The Plaintiffs reliance upon *Sullivan v. Dollar Tree Stores, Inc.,* 623 F.3d 770 (9th Cir. 2010) is misplaced. In *Sullivan,* the court was focused solely upon the DOL report and did not have evidence of an adoption of the findings. Here, the US Department of Labor Wage and Hour Division, Assistant District Director, Thomas L. Silva accepted the findings from the investigation. (Fernandez' SMF No. 67, Exhibit 1 to the Third Declaration of J. Jay Carroll.). While the name of the DOL investigator is not available on the document (because it was redacted by the FOIA request), the fact that his investigative report was reviewed and accepted by his supervisor provides sufficient information that the author had the necessary skill and experience to prepare this report. The undisputed fact that the US Department of Labor issued a final

REPLY MEMORANDUM IN SUPPORT OF FERNANDEZ'
MOTION FOR SUMMARY JUDGMENT 10

HALVERSON | NORTHWEST P.C.
405 E. Lincoln Avenue | PO Box 22550
Yakima, WA 98907
p) 509.248.6030 | f) 509.435.6880

report that was based upon the investigation establishes sufficient elements of trustworthiness that were not present in *Sullivan*.

The committee notes on Rule 803(8) identify relevant factors which indicate the trustworthiness of the DOL report prepared in this case. First, the timeliness of the investigation was not an issue that the Plaintiffs raised. Second, the investigator's skill and experience is proven based on the fact that the US Department of Labor accepted the findings of the investigator. It is assumed that the Assistant District Director has the knowledge and experience to determine whether or not an investigator working under his supervision has the appropriate skill and experience. Third, there is no bias when the reports were prepared with a view to possible litigation. At the time of the investigation, the Department of Labor's interest in investigating the matter was to determine if violations occurred and it had every incentive to try and determine as much of a violation as possible so that it would accurately assess the penalties due. There is no bias by the investigator established by the Plaintiffs. Further there is no evidence that the report was prepared with a possibility of litigation. The investigator's purpose in preparing the findings was that a civil monetary penalty be assessed against Fernandez Ranch. In looking at these factors, there is no indication of a lack of trustworthiness.

REPLY MEMORANDUM IN SUPPORT OF FERNANDEZ'
MOTION FOR SUMMARY JUDGMENT 11

Like the memorandum of investigative findings prepared in the *McClellan* case, it is undisputed that the DOL report was prepared pursuant to a lawful agency investigation, was relied on by the Department of Labor in making its final determination, and was provided by DOL in response to a FOIA request. As a result, the court should determine that the Plaintiffs failed to meet their burden of establishing untrustworthiness and admit the DOL report.

2.    Contents of DOL Report are Not Hearsay.

The third-party statements relied upon by the DOL investigator in making his findings are not being used here to prove the truth of the matter asserted and are therefore not hearsay. The findings of the DOL investigator (that no violation for the allegation of failing to pay the proper rate occurred) are what Defendant seeks to admit. The statements of third-parties are merely support of that determination. The statements are necessary to establish that the findings and determination made by the DOL investigator are trustworthy. Had the report been prepared solely with findings and conclusions, it would be difficult to establish that the report is trustworthy. Because these third-party statements are not being submitted to prove the truth of the matter asserted they are not hearsay and are admissible. Further, any attempt to strike the findings

REPLY MEMORANDUM IN SUPPORT OF FERNANDEZ' MOTION FOR SUMMARY JUDGMENT 12

HALVERSON | NORTHWEST P.C.
405 E. Lincoln Avenue | PO Box 22550
Yakima, WA 98907
p) 509.248.6030 | f) 509.435.6880

because they are based upon statements from third-parties would be inappropriate.

      3.    <u>The DOL Investigator's Findings are Not Legal Conclusions</u>.

The findings by the DOL investigator were factual findings that were later used to form the factual basis of the DOL final determination. The findings were based upon information gathered by the investigator.

Portions of investigatory reports otherwise admissible under Rule 803(8) are not inadmissible merely because they state a conclusion or opinion. *Beech Aircraft Corp v. Rainey,* 488 U.S. 153, 170, 109 S. Ct. 439 (1988). The Court there stated that "as long as the conclusion is based on a factual investigation and satisfies the rule's trustworthiness requirement, it should be admissible along with other portions of the report." *Id.* at 170. The findings from the DOL report should not be stricken as legal conclusions.

Dated this 28th day of January, 2013.


                       /s/ GARY E. LOFLAND
                       GARY E. LOFLAND,   WSBA # 12150
                       Attorney for Defendants Fernandez
                       Halverson | Northwest
                       405 E. Lincoln
                       PO Box 22550
                       Yakima, WA 98907
                       Telephone:  (509) 248-6030
                       Fax:  (509) 453-6880
                       Email:  glofland@glofland.net

REPLY MEMORANDUM IN SUPPORT OF FERNANDEZ'
MOTION FOR SUMMARY JUDGMENT 13

s/ J. Jay Carroll,  WSBA No. 17424
Halverson | Northwest
*Attorneys for Defendants Fernandez*
405 East Lincoln Avenue
P.O. Box 22550
Yakima, Washington 98907
Telephone:  (509) 248-6030
Fax:  (509) 453-6880
Email:  jcarroll@halversonNW.com

REPLY MEMORANDUM IN SUPPORT OF FERNANDEZ'
MOTION FOR SUMMARY JUDGMENT 14

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of January, 2013, I electronically filed the foregoing document entitled Reply Memorandum in Support of Fernandez' Motion for Summary Judgment with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Michele Besso Michele@nwjustice.org

Timothy J. Bernasek tbernasek@dunncarney.com

Weeun Wang  wwang@farmworkerjustice.org

John Jay Carroll  jcarroll@vhlegal.com

/s/Janet Greenwalt
Janet Greenwalt
Legal Assistant
Halverson | Northwest

g:\gel\janet\clients\fernandez max\pleadings\response re summary judgment 1 27 13.docx
1/28/2013 12:41 pmmsoffice

REPLY MEMORANDUM IN SUPPORT OF FERNANDEZ'
MOTION FOR SUMMARY JUDGMENT 15