Michele Besso
Northwest Justice Project
501 Larson Bldg., 6 South 2nd Street
Yakima, WA 98901
(509) 574-4234

Weeun Wang
Farmworker Justice
1126 16th Street NW, Suite 270
Washington, D.C. 20036

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ELVIS RUIZ, FRANCISCO JAVIER CASTRO and EDUARDO MARTINEZ,<br><br>Plaintiffs,<br><br>v.<br><br>MAX FERNANDEZ and ANN FERNANDEZ, a marital community; and WESTERN RANGE ASSOCIATION, a foreign nonprofit organization,<br><br>Defendants. | No. 2:11-cv-3088-RMP<br><br>PLAINTIFFS' REPLY STATEMENT OF FACTS IN SUPPORT OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT |

Plaintiffs submit this Reply Statement of Material Facts, in accordance with

Local Rule 56.1(c), to address both Defendant Western Range Association

("WRA")'s Response to Plaintiffs' Statement of Facts (ECF No. 163) (hereafter

"WRA Response to PSOF") and Defendant Fernandez' Response to Plaintiffs'

Northwest Justice Project
510 Larson Building, 6 S. 2nd St.,
Yakima, Washington 98901
Phone: (509) 574-4234  Fax: (509) 574-4238

Statement of Material Facts (ECF No. 172), and set forth the facts which establish the absence of genuine issues of material fact relating to Plaintiffs' Motion for Partial Summary Judgment (ECF No. 140).

## Uncontested Material Facts

**Plaintiffs' Statement of Facts, ECF No. 146 ("PSOF") Nos. 1-2, 51- 53, 59-61,** and **77-78** are undisputed by defendants and admitted without qualification.

**Plaintiffs' Facts Nos. 4-10, 12-28,31, 33-38, 44-48, , 63, 69-70,** and **72-76** are also undisputed by Defendants.  While admitting each of these facts, however, WRA in many instances qualified the admission by noting that the facts admitted "do[] not establish the presence or absence of a fact germane to the dispute between the parties."   In addition, with respect to facts drawn from documentary sources or U.S. Department of Labor regulations, WRA likewise admitted the facts but noted that the documents or regulations "speak for themselves."  In none of these instances does WRA attempt to challenge the factual basis of any of Plaintiffs' assertions or to explain why they should not be considered by the Court.

**Plaintiffs' Statement of Facts Nos. 77-83, 87, 89, 107, 109-113, 121-123** are undisputed by Defendants.

## Plaintiffs' Assertions as to Which Defendants Fail to Raise Genuine Disputes of Material Fact

**Plaintiffs' Fact No. 3**:  WRA admits that it is a "joint employer" under the H-2A program, but by way of "caveat," argues that it is a joint employer only for

PLAINTIFFS' REPLY STATEMENT OF FACTS IN
SUPPORT OF THEIR MOTION FOR PARTIAL
SUMMARY JUDGMENT - 2

**Northwest Justice Project**
510 Larson Building, 6 S. 2nd St.,
Yakima, Washington 98901
Phone: (509) 574-4234  Fax: (509) 574-4238

1    purposes of the H-2A program.  The argument does not raise a genuine dispute as

2    to Plaintiffs' factual assertion.

3          **Plaintiffs' Fact No. 11**: WRA denies that the statements of WRA economist

4    Dr. James Holt support the finding of a joint employment relationship under the

5    FLSA.  However, WRA admits the accuracy of each such statement cited by

6    plaintiffs, *see* PSOF ¶¶ at 12-20; WRA Response to PSOF at ¶¶6-7, and the legal

7    effect of those facts is a question of law.  *Bonnette v. California Health & Welfare*

8    *Agency*, 704 F.2d 1465, 1469 (9th Cir. 1983).  Thus, WRA's denial is insufficient

9    to raise a genuine issue of material fact for trial.

10         **Plaintiffs' Fact No. 29**: WRA admits that its standard employment contract

11    defines the terms and conditions of an H-2A herder's employment, with the

12    qualification that it does so "only" to the extent required by the H-2A regulations.

13    WRA Response to PSOF at ¶11.  In qualifying this admission, however, WRA

14    admits that it has control over the terms and conditions of Plaintiffs' employment

15    as required of it under the H-2A regulations.

16         **Plaintiffs' Fact No. 30**:  WRA admits all of the asserted facts relating to the

17    form that its members fill out when requesting H-2A sheepherders from WRA, but

18    adds that the form refers to the member as the "employer" and to WRA as the

19    "agent."  Since the label WRA uses for itself in the form does not determine

20    whether WRA is an employer pursuant to the FLSA, WRA's Response does not

21

**Northwest Justice Project**
510 Larson Building, 6 S. 2nd St.,
Yakima, Washington 98901
Phone: (509) 574-4234  Fax: (509) 574-4238

1    raise a genuine issue of material fact.

2        **Plaintiffs' Fact No. 31**: WRA admits that it engages recruitment

3    coordinators to locate and recruit H-2A workers, but proffers the caveat that its

4    recruitment coordinators are independent contractors rather than WRA employees.

5    Nonetheless, WRA admits that these coordinators work for WRA and that WRA

6    members have no connection with these coordinators.  WRA Response to PSOF at

7    ¶¶13-14.  Thus, the proffered caveat raises no issue of material fact.

8        **Plaintiffs' Facts Nos. 39-41**: WRA admits that it arranges and pays for

9    H-2A workers' transportation from Chile to the United States and back.  WRA

10   Response to PSOF at ¶17.  That WRA may be reimbursed for these travel costs by

11   its members does not lessen WRA's primary role in managing the transportation

12   component of the H-2A program and does not raise an issue of material fact.

13       **Plaintiffs' Fact No. 42**: WRA admits that it requires H-2A sheepherders and

14   WRA members to enter into a WRA standard form employment contract, but

15   claims that it is not a party to the agreement. WRA Response to PSOF at ¶17.

16   However, WRA admits that the agreement identifies the member as "a member of

17   the Western Range Association"; provides that WRA may assign H-2A workers to

18   members at its sole option; and obligates the WRA member to indemnify, defend,

19   and hold harmless WRA in the event that an H-2A worker brings suit for unpaid

20   wages.  PSOF at ¶¶44-45, 49; WRA Response to PSOF at ¶¶20, 22.  Moreover, the

21

PLAINTIFFS' REPLY STATEMENT OF FACTS IN
SUPPORT OF THEIR MOTION FOR PARTIAL
SUMMARY JUDGMENT - 4

**Northwest Justice Project**
510 Larson Building, 6 S. 2nd St.,
Yakima, Washington 98901
Phone: (509) 574-4234  Fax: (509) 574-4238

1  agreement requires H-2A workers to notify WRA about any moneys a member

2  owes the worker within a certain time or forfeit any claim against WRA. *See*

3  Exhibit M to PSOF, ECF No. 146-14 at 189.

4  **Plaintiffs' Fact No. 43**: WRA admits that it provides members and workers

5  with its standard form employment agreement containing terms and conditions

6  required by WRA. However, WRA denies that it would not permit changes to be

7  made to the terms and conditions, and asserts that it permits members to offer

8  wages above those required by the H-2A regulations. First of all, WRA has

9  admitted that it does not permit members to offer wages lower than those required

10  by law. PSOF ¶51; WRA Response to PSOF at ¶24. More importantly, WRA

11  Executive Director Richins testified that members cannot make changes to the

12  contract. PSOF at ¶43. The fact that members can pay herders more money if they

13  wish to does not contradict the undisputed fact that members must use the WRA-

14  provided contract without changes.

15  **Plaintiffs' Fact No. 49**: WRA admits that its standard employment

16  agreement contains an indemnification clause, but asserts that "Plaintiffs' [sic]

17  offer no evidence that the indemnification provision was prepared in anticipation

18  of litigation." WRA Response to PSOF at ¶22. However, the language of the

19  clause explicitly anticipates litigation, in providing that the WRA rancher member

20  "agrees to defend, indemnify, and hold [WRA] harmless *from any claim, demand,*

21

PLAINTIFFS' REPLY STATEMENT OF FACTS IN
SUPPORT OF THEIR MOTION FOR PARTIAL
SUMMARY JUDGMENT - 5

**Northwest Justice Project**
510 Larson Building, 6 S. 2nd St.,
Yakima, Washington 98901
Phone: (509) 574-4234  Fax: (509) 574-4238

*or lawsuit* arising out of or related to the employment of the [H-2A] Employee, including but not limited to any claim by the [H-2A] Employee for wages or damages of any kind." Exhibit M to PSOF, ECF No. 146-14 at 190.

**Plaintiffs' Fact No. 50**: WRA admits that WRA maintains a copy of each of its H-2A workers' employment contracts, labor certifications, travel information, transfer records, as well as any complaints made by or about the worker. While all of these records are directly related to the workers' employment, WRA claims that these records do not constitute "employment files." Regardless of how WRA may wish to characterize the records, such characterization does not raise a genuine dispute of material fact as to consideration of the records in determining whether WRA employed Plaintiffs.

**Plaintiffs' Fact No. 62**: WRA admits that since 2005 it has transferred five sheepherders from Max Fernandez to other members. WRA's caveat that "the employees were terminated by their employer prior to transfer by WRA" has no support in the record. The pages of Dennis Richins' deposition testimony cited by WRA make no mention of the member "terminating" a herder prior to transfer; indeed, Mr. Richins admits that WRA can transfer a mistreated worker over the member's opposition, and that the employment agreement gives WRA the power to transfer workers unilaterally. *See* Ex. A to WRA Response to PSOF, ECF No. 162-1 at 5-6 (Richins Dep. 44:14-18; *id.* at 43:2-7). WRA's proffered testimony of

PLAINTIFFS' REPLY STATEMENT OF FACTS IN
SUPPORT OF THEIR MOTION FOR PARTIAL
SUMMARY JUDGMENT - 6

**Northwest Justice Project**
510 Larson Building, 6 S. 2nd St.,
Yakima, Washington 98901
Phone: (509) 574-4234  Fax: (509) 574-4238

1  Sarah Peters likewise provides no support for WRA's assertion. *See* Ex. B to

2  WRA Response to PSOF, ECF No. 162-2 at 32-34 (Peters Dep. 119:25-121:9)

3  (deponent "do[es] not know" whether WRA has the power to fire H-2A

4  employees).

5      **Plaintiffs' Facts Nos. 63-68, 71**: WRA admits that it can transfer H-2A

6  workers from one rancher member to another, in order to allow WRA to ensure

7  compliance with the three-quarters work guarantee required under the H-2A

8  regulations (PSOF at ¶64); as a way of resolving work placement problems that

9  may arise between a worker and a rancher (PSOF at ¶65); to provide the worker

10  with employment if the initial rancher no longer needed the worker or became

11  dissatisfied with him (PSOF at ¶66); or to deal with situations in which a rancher

12  mistreated a worker or violated terms of employment required by the DOL (PSOF

13  at ¶¶67- 68). However, WRA asserts that it can transfer a herder only if a member

14  first "terminates" the herder or if the member is violating his obligations under the

15  H-2A program. WRA Response to PSOF at ¶¶33-36. Contrary to WRA's

16  statement that the members terminate the herder before any transfer, (WRA

17  Response to PSOF at ¶34) the member agreement that WRA cites for factual

18  support actually states that "if a herder cannot be transferred, the herder remains in

19  [the member's] employment until a transfer becomes available." ECF No. 146-10

20  at 143. The member agreement makes no reference whatsoever to a member

21

PLAINTIFFS' REPLY STATEMENT OF FACTS IN
SUPPORT OF THEIR MOTION FOR PARTIAL
SUMMARY JUDGMENT - 7

**Northwest Justice Project**
510 Larson Building, 6 S. 2nd St.,
Yakima, Washington 98901
Phone: (509) 574-4234  Fax: (509) 574-4238

having the authority to fire a sheepherder.  *Id.*  Indeed, WRA admits that WRA is a

necessary party to any termination decision, and that individual rancher members

*cannot* unilaterally terminate a herder's employment.  PSOF at ¶¶ 18, 20, 69-71;

WRA Response to PSOF at ¶¶6-7, 37.   Thus, WRA's power to fire its H-2A

employees is admitted and undisputed.

**Plaintiffs' Fact No. 71:**  WRA denies Plaintiffs' assertion that individual

members cannot terminate a worker's employment, and can only refer the worker

to WRA for reassignment, to the extent that "terminate" is meant as the "legal

termination of the employment relationship."  Regardless of how WRA may wish

to define termination, WRA's executive director admitted the truth of the assertion

in his deposition:  There, he was asked:  "[Dr. James Holt] states [in his report]

'Individual rancher members cannot terminate a herder's employment with the

Western Range Association.  It can only refer to herder to the association for

reassignment.'  Is that a true statement?"  Mr. Richins replied: "Yes."  He was then

asked: "And it continues to be true today"?   Again, Richins replied:  "Yes."  Ex. C

to PSOF, ECF No. 146-04 at 101-02 (Richins Dep. 196:20-197:3).

### Facts Asserted by Defendants Fernandez Which Fail to Raise Genuine Disputes of Material Fact

**Plaintiffs' Fact No. 82**:  Defendants Fernandez contest this fact on the basis

that the exact time that the sheep are brought back to the ranch and the exact time

PLAINTIFFS' REPLY STATEMENT OF FACTS IN
SUPPORT OF THEIR MOTION FOR PARTIAL
SUMMARY JUDGMENT - 8

**Northwest Justice Project**
510 Larson Building, 6 S. 2nd St.,
Yakima, Washington 98901
Phone: (509) 574-4234  Fax: (509) 574-4238

1   that they are returned to pasture lands varies from year to year.   However, the

2   testimony of Max Fernandez that defendants relies rely upon in fact supports

3   Plaintiffs' statement that the sheep are kept at the headquarters ranch from some

4   time in December until after lambing is finished in April.  Mr. Fernandez was

5   asked, "Would it be accurate to say at some point in December the sheep would be

6   moved to [the headquarters ranch]?"   He answered, "Yeah."  Exhibit 1 to WRA's

7   Memorandum in Opposition to Plaintiffs' Motion for Partial Summary Judgment,

8   ECF No. 175-1 (hereafter "Fernandez Dep." 33:17-20).  He was asked again, "So

9   from sometime in December until after the lambing, the sheep are on this property,

10  the main ranch property?"  He answered, "Yes, ma'am."  *Id.* at 34:8-11, ECF No.

11  175-1 at 12.   Later in the deposition, Mr. Fernandez was asked when the sheep are

12  taken off the main ranch property.  *Id.* at 71:13, ECF No. 175-1 at 28.  Mr.

13  Fernandez testified that the sheep are generally moved in May.  *Id.* at 73:7-15, ECF

14  No. 175-1 at 30.

15         **Plaintiffs Facts Nos. 84-86**:  Defendants Fernandez contest plaintiffs' facts

16  84-86 because allegedly "plaintiff Martinez only performed Sheepherder tasks at

17  the Fernandez Ranch."  Fernandez Response to PSOF, ECF No. 172 at ¶3. The

18  testimony relied upon was that Mr. Martinez would "[l]ook after the sheep. We

19  feed the sheep and salt, repair corrals, if needed, and basically, you know, just be

20  around there for anything happen [sic]."  Fernandez Dep. 161:21-25, ECF No.175-

21

**Northwest Justice Project**
**510 Larson Building, 6 S. 2nd St.,**
**Yakima, Washington 98901**
**Phone: (509) 574-4234  Fax: (509) 574-4238**

1 at 48.  This testimony fails to raise a dispute of material fact because the

testimony does not dispute that Mr. Martinez was working on the main ranch

property the entire time that he worked for Defendants.

**Plaintiffs Facts Nos. 88, 90 and 91**:  Defendants Fernandez contest these

facts based on the same testimony quoted in Response to Plaintiffs' Facts No. 84-

86.  This testimony does not dispute the specific tasks that Mr. Martinez testified to

performing at the ranch, other than denying that Mr. Martinez performed

maintenance on the trucks and machinery.  Furthermore, in later testimony, Mr.

Fernandez admitted that Plaintiffs did work other than sheepherding, such as

having helped build a corral on the ranch.  Fernandez Dep. 93:19- 94:19, ECF No.

175-1 at 39-40.  Mr. Fernandez also testified that, in the wintertime, Plaintiffs

helped feed the cows, Fernandez Dep. 28: 7-10, ECF No. 175-1 at 10, and that they

may have helped with the calving.  *Id.* at 70:16-20, ECF No. 175-1 at 27.  Mr.

Fernandez also testified that plaintiffs repaired fences.  *Id.* at 67: 10-12, ECF No.

175-1 at 24.

Plaintiffs' Fact No. 91:  Defendants Fernandez deny that plaintiff Martinez

was under "constant" supervision based on the term "constant" being vague.

However, defendants provide no evidence to dispute Mr. Martinez' testimony,

which was that "during my entire employment at Fernandez Ranch I worked under

the constant supervision of Max Fernandez" and that "[Mr. Fernandez] was in

PLAINTIFFS' REPLY STATEMENT OF FACTS IN
SUPPORT OF THEIR MOTION FOR PARTIAL
SUMMARY JUDGMENT - 10

**Northwest Justice Project**
510 Larson Building, 6 S. 2nd St.,
Yakima, Washington 98901
Phone: (509) 574-4234  Fax: (509) 574-4238

frequent contact with me and the other sheepherders throughout the workday and knew at all times what work we were doing." Martinez Decl. at ¶8, ECF No. 143 at 2. This testimony is self-explanatory and undisputed.

**Plaintiffs Facts Nos. 92-98**: Defendants dispute the facts relating to plaintiff Elvis Ruiz's work at the ranch from August 2007 until April 2009, stating generally that "plaintiff Ruiz performed sheepherder tasks as set forth above." Fernandez Response to PSOF at ¶5. However, Defendants fail to raise a question of material fact because the testimony they rely upon does not contradict Mr. Ruiz' testimony that he worked more than six months per year at the main headquarters ranch or taking the sheep to pastures close to the ranch, returning with the sheep to the ranch each evening, and sleeping at the headquarters ranch. *Id.*, ECF No. 172. Thus, Mr. Fernandez fails to raise a dispute of fact that Mr. Ruiz was not "principally engaged" in "range production of livestock." Indeed, Mr. Fernandez admits that only one sheepherder at a time is needed to watch the sheep on the range. *See* Fernandez Response to PSOF, ECF No. 172 (failing to dispute PSOF ¶107). It is Mr. Fernandez' testimony that the other worker, called the "tender," brings the camper food and supplies and helps him move from position to position. Fernandez Dep. 17:6-10; *id.* at 74:4-13. This "tender" does not herd sheep. Even under Mr. Fernandez' version of the facts, therefore, each of the plaintiffs spent the five-month period from April or May through September, when the other

PLAINTIFFS' REPLY STATEMENT OF FACTS IN
SUPPORT OF THEIR MOTION FOR PARTIAL
SUMMARY JUDGMENT - 11

**Northwest Justice Project**
510 Larson Building, 6 S. 2nd St.,
Yakima, Washington 98901
Phone: (509) 574-4234  Fax: (509) 574-4238

sheepherder was caring for the sheep off the ranch, not engaged in sheepherding.

Furthermore, much of the testimony relied upon to dispute Plaintiffs' facts consists

of broad, conclusory statements that fail to dispute Mr. Ruiz' testimony as to the

specific jobs that he performed, such as repairing fences, chopping firewood and

taking it to Mr. Fernandez' house, or feeding the animals at the ranch. *See*

Fernandez Dep. 65:14- 66:2, ECF No. 175-1 at 22-23. This conclusory testimony

that there was "nothing to do" other than feed the sheep all winter is contradicted

by Mr. Fernandez' testimony elsewhere in the deposition that the sheepherders

would also feed the cows, repaired fences, and even built a corral. *See* discussion

re Plaintiffs' Facts No. 88, 90 and 91, above.

**Plaintiffs' Facts No. 99-106**: Defendants' contentions relating to Mr. Ruiz'

and Francisco Castro's work at Fernandez Ranch fail to raise a material dispute of

fact and are not supported by the evidence cited.

Defendants fail to raise a material dispute of fact, because, even under Mr.

Fernandez' version of events, Plaintiffs were not principally engaged in range

sheepherding. Contrary to Defendants' Response, Mr. Fernandez' testimony does

not conflict with Plaintiffs' Fact No. 99 ("from the time that Francisco Castro took

the sheep away from the ranch in late April 2009, until he returned to the ranch

five months later in September 2009, Elvis Ruiz had no responsibilities for the

sheep at all") or Plaintiffs' Fact No. 100 ("Elvis Ruiz did not work as a range

PLAINTIFFS' REPLY STATEMENT OF FACTS IN
SUPPORT OF THEIR MOTION FOR PARTIAL
SUMMARY JUDGMENT - 12

**Northwest Justice Project**
510 Larson Building, 6 S. 2nd St.,
Yakima, Washington 98901
Phone: (509) 574-4234  Fax: (509) 574-4238

1    sheepherder at all in 2009.").  The only dispute of fact–namely whether (as Mr.

2    Ruiz testifies) Mr. Ruiz cut hay, worked on the tractor, repaired fences, and cared

3    for cows and horses during this time, or whether (as Mr. Fernandez testifies) Mr.

4    Ruiz brought food and supplies to Mr. Castro, cared for dogs, and brought

5    replacement horses to Mr. Castro– is immaterial.  Either, way Mr. Ruiz was not

6    engaged in range sheepherding. *See* Fernandez Dep. 74:4-13; *id.* at 78:4-9, ECF

7    No. 175-1 at 31,34.

8     With regard to Plaintiffs' Fact No. 102, asserting that Mr. Castro both built a

9    fence on property across the road from the main ranch and helped construct a large

10   hay storage structure in 2008, Mr. Fernandez' testimony in both cases was that he

11   "didn't know" whether Mr. Castro had performed such work.  Shown a picture of a

12   fence on property across the road from his main ranch property, Mr. Fernandez

13   was asked whether Mr.Castro built that fence.  Mr. Fernandez responded three

14   times, "I don't know." Fernandez Dep. 91: 22-24; *id.* at 92:13-18; ECF No. 175-1

15   at 37-38.  Asked whether any of the Plaintiffs worked on the hay barn, Mr.

16   Fernandez testified, "I don't think so, ma'am. I don't know…"  Fernandez  Dep.

17   88: 20-23, ECF No. 175-1 at 36.  Finally, asked whether Plaintiffs had built a

18   corral on his property, Mr. Fernandez admitted that a plaintiff worked on the corral

19   in 2008 or 2009, but he could not recall whether it was Mr. Castro or Mr. Ruiz.

20   Fernandez Dep. 93:12- 94:19.  The testimony of Mr. Fernandez that he did not

21

PLAINTIFFS' REPLY STATEMENT OF FACTS IN
SUPPORT OF THEIR MOTION FOR PARTIAL
SUMMARY JUDGMENT - 13

**Northwest Justice Project**
510 Larson Building, 6 S. 2ⁿᵈ St.,
Yakima, Washington 98901
Phone: (509) 574-4234  Fax: (509) 574-4238

know whether or not plaintiffs had done the work is insufficient to raise a genuine dispute of fact.

Defendants fail to provide any factual basis for disputing Plaintiffs' Facts No. 103, 104, 105, or 106.

**Plaintiffs' Fact No. 108**: Contrary to Fernandez' Response to PSOF at ¶7, Mr. Fernandez' deposition testimony supports Plaintiffs' contention that he had a total of 300-500 sheep. Mr. Fernandez' deposition testimony, cited by defendants, claiming that he might have between 800-1200 sheep, was contradicted later in the deposition, when Mr. Fernandez testified that "you can tell the amount of sheep that I did have, by the number of sheep that they had been sold." Ex. I, Fernandez Dep. 58: 8-9. In 2009, Mr. Fernandez sold 340 lambs and testified that he would have had about the same number of sheep that year. *Id.* at 58:12-19. Later, Mr. Fernandez testified that in 2009 that he could have had between 340 and 380 sheep, because up to 10% of the sheep may not have given birth that year. *Id.* at 60: 9-10, ECF No. 175-1 at 18. Based on this methodology, Mr. Fernandez would have had between 448 and 500 sheep in 2008, *id.*at 60:18-24, and between 327 and 360 sheep in 2010. Ex. W. to PSOF (Receipt), ECF No. 146-24 at 266. Fernandez testified that he did not know how many sheep he had in 2007, in which he sold 141 lambs. Fernandez Dep. 62:6-9.

**Plaintiffs' Fact No. 114**: Contrary to Defendants' assertion that Mr. Ruiz

PLAINTIFFS' REPLY STATEMENT OF FACTS IN
SUPPORT OF THEIR MOTION FOR PARTIAL
SUMMARY JUDGMENT - 14

**Northwest Justice Project**
510 Larson Building, 6 S. 2nd St.,
Yakima, Washington 98901
Phone: (509) 574-4234  Fax: (509) 574-4238

visited Mr. Castro, when the latter was tending the sheep, "daily," Mr. Fernandez

testified that he did not know how often Mr. Ruiz visited Mr. Castro.  Asked

whether it was every day, Mr. Fernandez replied, "Well, sometimes, if he need to,

yeah. I don't been keeping track of that."  Fernandez Dep. 74:24- 75:4.  Nor does

the testimony does not support Defendants' assertion that Mr. Ruiz performed no

work around the ranch.  Asked whether Mr. Ruiz had any jobs at the ranch, Mr.

Fernandez responded, "probably feeding the dogs, feeding the horses…To tell you

the truth, I don't know."  *Id.* at 78:4-12.

**Plaintiffs Facts No. 115-120:**   Defendants do not provide any evidence to

dispute Plaintiffs' statements regarding the U.S. Department of Labor Special

Procedures for Sheepherders.   Despite Defendants' response that these facts

constitute "interpretations," Defendants  do not identify facts in the record

supporting their position.

## Plaintiffs' Response to WRA's Additional Facts

**WRA Additional Facts Nos. 48, 50, 51:**  Plaintiffs object that WRA's

additional facts numbers 48, 50 and 51 rely upon the findings of a DOL

investigator that are inadmissible hearsay.  As explained in detail in Plaintiffs'

Memorandum in Opposition to Fernandez' Motion for Summary Judgment (ECF

No. 166 at 2-8), the DOL investigator's report is untrustworthy and therefore

inadmissible.  The specific statements in the report relied on by defendants were

PLAINTIFFS' REPLY STATEMENT OF FACTS IN
SUPPORT OF THEIR MOTION FOR PARTIAL
SUMMARY JUDGMENT - 15

**Northwest Justice Project**
510 Larson Building, 6 S. 2nd St.,
Yakima, Washington 98901
Phone: (509) 574-4234  Fax: (509) 574-4238

1    made by third parties and are independently inadmissible as hearsay-within-

2    hearsay.  Finally, the report's legal conclusions cannot be considered by the Court

3    in the context of a summary judgment motion.  *Id*. at 8.

4        **WRA Additional Fact No. 49:** The statement cited simply makes explicit

5    the limited scope of the Special Procedures, which do not address the question of

6    joint employment outside the context of the H-2A program.

7        **WRA Additional Fact No. 55**: WRA's assertion that it does not hire H-2A

8    workers is flatly contradicted by the record.  *See* discussion re Plaintiffs' Fact 62,

9    above.  The deposition testimony cited by WRA, ECF No. 162-1 at 9-10 (Richins

10    Dep. 77, 117) provides no evidence on this point.

11        **WRA Additional Fact No. 56**: Plaintiffs admit that WRA's pre-

12    employment agreement states that WRA is not the H-2A worker's employer, but

13    this fact is of no legal significance.  *See* discussion re Plaintiffs' Fact 30, above.

14        **WRA Additional Fact No. 57**: Mr. Richins' subjective understanding of

15    how a particular clause made its way into WRA's standard form contract *drafted*

16    *solely by his organization* is irrelevant as a matter of law.  *See Hearst Commc'ns,*

17    *Inc. v. Seattle Times*, 154 Wn.2d 493, 504 (2005) (when construing contracts,

18    Washington courts "do not interpret what was intended to be written but what was

19    written.")

20        **WRA Additional Fact No. 60**: Plaintiffs dispute WRA's statement that "the

21

PLAINTIFFS' REPLY STATEMENT OF FACTS IN
SUPPORT OF THEIR MOTION FOR PARTIAL
SUMMARY JUDGMENT - 16

**Northwest Justice Project**
510 Larson Building, 6 S. 2nd St.,
Yakima, Washington 98901
Phone: (509) 574-4234  Fax: (509) 574-4238

1   member will terminate the employee, and then WRA can transfer him," because

2   WRA is a necessary party to any termination decision.  *See* discussion re Plaintiffs'

3   Facts 63-68 and 71, above.

4          **WRA Additional Fact No. 62**: Contrary to Defendants' assertion that WRA

5   did not hire the sheepherders, all of the evidence shows that WRA did in fact hire

6   them.  Defendants cite no factual basis for their assertion that WRA did not hire

7   the sheepherders that the WRA admits it recruited, transported, and assigned to

8   specific member ranches.  The deposition testimony cited by WRA provides no

9   evidence on this point.  Ex. III, Peters Dep. 115-118; Ex. II, Richins Dep. at 148.

10  (Plaintiffs have attached the testimony as it was not in included in WRA

11  materials). WRA admits that its "recruitment coordinators" recruited Plaintiffs for

12  H-2A employment.  PSOF at ¶¶31, 33-34; WRA Response to PSOF at ¶¶14-15.

13  WRA does not contest the fact that WRA's members have no connection with

14  WRA's recruitment coordinators.  PSOF ¶32.  WRA admits that it offered

15  employment to recruited workers, brought them into the United States, and decided

16  where, among all of WRA's members in need of workers, a particular worker

17  would be assigned.  PSOF at ¶¶35-38, 45; WRA Response to PSOF at ¶¶15-17, 20.

18  Nowhere in the record has WRA pointed to any evidence of any involvement of its

19  rancher members in the hiring of the Plaintiffs.  Indeed, nowhere in the record does

20  WRA point to any evidence that anyone other than WRA hired the Plaintiffs.

21

**Northwest Justice Project**
**510 Larson Building, 6 S. 2nd St.,**
**Yakima, Washington 98901**
**Phone: (509) 574-4234  Fax: (509) 574-4238**

1  PSOF ¶¶ 31-45.

2      **WRA Additional Fact No. 68**:  WRA's assertion that it cannot prevent a

3  member from firing a worker is flatly contradicted by the testimony by WRA

4  executive director Dennis Richins that WRA must be a party to any termination

5  decision.  *See* discussion re Plaintiffs Facts 63-68 and 71, above.

6      **WRA Additional Fact No. 70**: Plaintiffs dispute WRA's assertion that,

7  while herders may contact WRA if a problem arises, "WRA will not intervene

8  between the member and the worker if there is such a problem, but will simply

9  transfer the worker if both parties desire it." This assertion lacks any factual

10  support.  To the contrary, WRA's executive director admitted that if a member

11  fails to pay the right wage, WRA has the ability to make the member pay the

12  proper wage. Ex. II, Richins Dep. 44:24–45:4.  On one occasion where a WRA

13  member in Idaho failed to pay his H-2A workers properly, WRA's director went to

14  Idaho himself, paid the workers, brought the workers back with him, and

15  terminated the member. Ex. II Richins Dep. 199:24-200:3.

16      **WRA Additional Fact No. 72**: Contrary to WRA's response, WRA has

17  taken on important responsibilities in ensuring that the workers actually receive

18  their legally required wages.   PSOF at ¶¶51; WRA Response to PSOF at ¶24.

19  WRA's executive director admitted that if a member fails to pay the right wage,

20  WRA has the ability to make the member pay the proper wage.  Richins Dep.

21

**Northwest Justice Project**
510 Larson Building, 6 S. 2nd St.,
Yakima, Washington 98901
Phone: (509) 574-4234  Fax: (509) 574-4238

44:24 – 45:4 .  On one occasion where a WRA member in Idaho failed to pay his

H-2A workers properly, WRA's director went to Idaho himself, paid the workers,

brought the workers back with him, and terminated the member. Richins Dep.

199:24-200:3 .  If a herder should find himself without work for part of the H-2A

visa period, WRA would pay the worker's wages. Richins Dep. 48:6-21.

Furthermore,  Plaintiffs object to WRA's reliance upon  the DOL investigator's

unsubstantiated  assertions, which constitute inadmissible hearsay.  *See* discussion

re Plaintiffs' Reply to WRA Additional Facts Nos. 48, 50, and 51, above.

**WRA Additional Fact No. 73**: Plaintiffs dispute WRA's assertion that the

employment records kept by WRA about each of its H-2A employees "have

nothing to do with the worker's actual employment with the members." To the

contrary, WRA's "herder files" contain any complaints made by or concerning a

sheepherder regarding the work being performed.  PSOF at ¶50.  Moreover, the

herder files indicate where other documents, such as payroll records, may be

found. WRA Response Memo at 17.  *See also* discussion re Plaintiffs' Fact No. 50,

above.


RESPECTFULLY SUBMITTED this 28th day of January, 2013.

PLAINTIFFS' REPLY STATEMENT OF FACTS IN
SUPPORT OF THEIR MOTION FOR PARTIAL
SUMMARY JUDGMENT - 19

**Northwest Justice Project**
510 Larson Building, 6 S. 2nd St.,
Yakima, Washington 98901
Phone: (509) 574-4234  Fax: (509) 574-4238

NORTHWEST JUSTICE PROJECT

__/s/ Michele Besso_____
Michele Besso, WSBA #17423


FARMWORKER JUSTICE

By: /s/ Weeun Wang_____
     Weeun Wang


Attorneys for Plaintiffs

PLAINTIFFS' REPLY STATEMENT OF FACTS IN
SUPPORT OF THEIR MOTION FOR PARTIAL
SUMMARY JUDGMENT - 20

**Northwest Justice Project**
510 Larson Building, 6 S. 2nd St.,
Yakima, Washington 98901
Phone: (509) 574-4234  Fax: (509) 574-4238

CERTIFICATE OF SERVICE

I hereby certify that on January 28th, 2013, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system and caused it to be served by mail to the following:

John Barhoum: jbarhoum@dunncarney.com

Timothy J Bernasek: tbernasek@dunncarney.com

Gary Lofland: glofland@glofland.net

Weeun Wang: wwang@farmworkerjustice.org

John Jay Carroll: jcarroll@vhlegal.com

DATED this 28th day of January, 2013.

By: /s/ Alex Galarza
    Alex Galarza, Legal Assistant for
    Michele Besso, WSBA #17423
    Attorney for Plaintiffs
    Northwest Justice Project

PLAINTIFFS' REPLY STATEMENT OF FACTS IN
SUPPORT OF THEIR MOTION FOR PARTIAL
SUMMARY JUDGMENT - 21

**Northwest Justice Project**
510 Larson Building, 6 S. 2nd St.,
Yakima, Washington 98901
Phone: (509) 574-4234  Fax: (509) 574-4238