1 | Michele Besso
Northwest Justice Project
2 | 501 Larson Bldg., 6 South 2nd Street
Yakima, WA 98901
3 | (509) 574-4234

4 | Weeun Wang
Farmworker Justice
5 | 1126 16th Street NW, Suite 270
Washington, DC 20036
6 |
Attorneys for Plaintiffs
7 |
UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON
8 |

9 |
ELVIS RUIZ, FRANCISCO JAVIER | No. CV-11-3088-RMP
10 | CASTRO and EDUARDO MARTINEZ,
| PLAINTIFFS' REPLY IN
11 | Plaintiffs, | SUPPORT OF MOTION FOR
| CLARIFICATION
12 | vs.

13 | MAX FERNANDEZ and ANN
FERNANDEZ, a marital community;
14 | and WESTERN RANGE
ASSOCIATION, a foreign nonprofit
15 | organization,,

16 | Defendants.

17
18 | Defendant Western Range Association ("WRA") argues in its response that

19 | not only should the Court deny plaintiffs' motion to clarify, but that WRA should

20 | be allowed "to amend its answer to plead any and all defenses available to an

21 | agricultural employer defending a [Fair Labor Standards Act] claim." ECF No.

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR | Northwest Justice Project
CLARIFICATION - 1 | 510 Larson Building, 6 S. 2nd St.,
 | Yakima, Washington 98901
 | Phone: (509) 574-4234  Fax: (509) 574-4238

237 at 2. The Court should deny WRA's request as lacking any legal basis.

First, WRA has not actually filed a motion to amend its answer. The Court's scheduling order in this case provides that "[a]ny motion to amend pleadings …shall be filed and served on or before July 13, 2012". ECF No. 68 at 3, ¶3. This time has long passed, and WRA fails to explain how its request to amend its answer meets Rule 16(b)'s "good cause" standard for amendment after the time set in the court's scheduling order.

WRA did not assert the Fair Labor Standards Act ("FLSA") exemption for workers "principally engaged in the range production of livestock" as an affirmative defense in its answer. Nor did WRA seek to amend its answer after plaintiffs sought information regarding the applicability of the range sheepherder exemption during discovery. WRA did not even plead—much less attempt to prove—the applicability of the exemption, even after plaintiffs filed a motion for partial summary judgment on that very issue. And WRA took no action even after the Court issued its text order holding that it would not be permitted to assert the exemption at trial.

Given WRA's utter lack of diligence, WRA's request for leave to amend should be denied.

**ARGUMENT**

A. <u>WRA Fails to Meet the Rule 16 Standard for Amending its Complaint</u>

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR
CLARIFICATION - 2

Northwest Justice Project
510 Larson Building, 6 S. 2nd St.,
Yakima, Washington 98901
Phone: (509) 574-4234  Fax: (509) 574-4238

Once the district court has filed a scheduling order pursuant to Federal Rule of Civil Procedure 16, any motion to amend that would require modification of that scheduling order is governed by Rule 16(b). *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992). Rule 16(b) requires that a party seeking to amend its pleadings after the deadline has passed show "good cause" for the delay. This inquiry focuses on diligence of the party seeking the amendment. Leave should be granted where the schedule "cannot reasonably be met despite the diligence of the party seeking the extension." *Id.* at 609.

WRA fails to present any argument or facts showing that they acted diligently in raising the FLSA's "range production of livestock" exemption as an affirmative defense. Defendants' response is unsupported by a declaration. WRA relies solely on its statement that it did not expect the Court to find WRA to be a joint employer under the FLSA.

WRA was on notice that plaintiffs alleged minimum wage claims against WRA under the Fair Labor Standards Act from the very beginning. Plaintiffs made specific factual allegations in their complaint that they had engaged in non-sheepherding work, for which they should have been paid the federal minimum wage. ((ECF 5), ¶ 42-44. Furthermore, plaintiffs filed a motion for partial summary judgment in which plaintiffs argued that the range sheepherder exemption did not apply to plaintiffs. Plaintiffs explicitly set forth in their

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR CLARIFICATION - 3

Northwest Justice Project
510 Larson Building, 6 S. 2nd St.,
Yakima, Washington 98901
Phone: (509) 574-4234 Fax: (509) 574-4238

1  memorandum that, "an employer has the burden of pleading and proving any

2  FLSA exemption." (ECF 141 at 17.) (citing *Corning Glass Works v. Brennan*, 417

3  U.S. 188, 196-197 (1974)).  WRA chose not to respond to plaintiffs' motion as to

4  the applicability of the range sheepherder exemption.  Even after the Court issued

5  its text order on March 20, 2013 that "Western Range Association did not plead or

6  advance the range production of livestock exemption under the FLSA and thus the

7  exemption does not apply to this case" (ECF 204), WRA failed to take any action

8  to assert the affirmative defense.  Since WRA has not made any showing of

9  diligence in asserting its affirmative defense, it has failed to show good cause

10 pursuant to Rule 16(b).

11     WRA's explanation for the delay has no basis in the law.  WRA argues that

12 the affirmative defense was not "ripe" until the Court found that WRA was a joint

13 employer.  But the federal rules do not contemplate a step-by-step process in which

14 defendants can wait to assert affirmative defenses until the court issues rulings on

15 pertinent legal disputes.  Rule 16 clearly sets out a schedule in which all parties are

16 required to finalize their pleadings early in litigation.  WRA's confidence that it

17 would not be found to be a joint employer does not excuse its failure to assert

18 affirmative defenses, particularly when they have been the subject of extensive

19 discovery and summary judgment briefing.

20     Finally, granting WRA leave to amend its answer to add "all available

21

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR
CLARIFICATION - 4

Northwest Justice Project
510 Larson Building, 6 S. 2nd St.,
Yakima, Washington 98901
Phone: (509) 574-4234  Fax: (509) 574-4238

affirmative defenses" would prejudice plaintiffs. The discovery cut-off, dispositive motion deadline, and witness and exhibit deadline have all passed, depriving plaintiffs of the opportunity to contest the as-yet-unspecified affirmative defenses at trial.

### B. The Court Should Affirm Its Finding that WRA Waived The Range Sheepherder Exemption for Purposes of FLSA

After the parties had briefed and argued their cross motions for summary judgment, this Court determined that Western Range Association would not be permitted to raise the range sheepherder exemption from the minimum wage provisions of the Fair Labor Standards Act, because WRA had failed both to plead the exemption in its answer and to argue the applicability of the exemption in response to plaintiffs' motion for partial summary judgment. (ECF 204).

The failure to raise an affirmative defense in opposition to a motion for summary judgment can in itself constitute an abandonment of the defense. *United Mine Workers of Am. 1974 Pension v. Pittston Co.*, 984 F.2d 469, 478 (D.C. Cir. 1993). The case of abandonment is even stronger where the party had not included the defense in its answer. *See, Holland v. U.S.*, 74 Fed.Cl. 225, 234 (2006) (discussion of the case law regarding waiver of defenses). Here, WRA's failure to assert or argue the merits of the range sheepherder exemption is particularly difficult to excuse, given plaintiffs' motion seeking a determination as to the applicability of that very same exemption. WRA should not be permitted to

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR CLARIFICATION - 5

Northwest Justice Project
510 Larson Building, 6 S. 2nd St.,
Yakima, Washington 98901
Phone: (509) 574-4234 Fax: (509) 574-4238

assert the range sheepherder exemption from FLSA after failing to take the opportunity to do so at summary judgment.

## CONCLUSION

WRA admits that it staked its entire case on one defense, hoping that the Court would find that it was not an employer under the FLSA. However, "[a]party who knowingly chooses to put all his eggs in one basket is hard-pressed to complain when the basket proves inadequate and the trial court refuses to allow him to substitute a new and previously undisclosed basket for it." *Samaan v. St. Joseph Hosp.*, 670 F.3d 21, 37 (1st Cir. 2012). Accordingly, the Court should clarify that its text order remains in effect, and Defendants' backdoor "motion" for leave to amend should be denied.

RESPECTFULLY SUBMITTED THIS 21TH DAY OF JUNE, 2013.

NORTHWEST JUSTICE PROJECT

By:  __s/ Michele Besso__
Michele Besso, WSBA #17423

FARMWORKER JUSTICE

By:  /s/ Weeun Wang
Weeun Wang
Attorneys for Plaintiffs

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR CLARIFICATION - 6

Northwest Justice Project
510 Larson Building, 6 S. 2nd St.,
Yakima, Washington 98901
Phone: (509) 574-4234  Fax: (509) 574-4238

Case 2:11-cv-03088-RMP   Document 242   Filed 06/21/13

## CERTIFICATE OF SERVICE

1  I hereby certify that on June 21, 2013, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system and caused it to be served by mail to the following:

Timothy J. Bernasek: tbernasek@dunncarney.com

Gary Lofland: glofland@glofland.net

Weeun Wang: wwang@farmworkerjustice.org

J. Jay Carroll: jcarroll@halversonNW.com

DATED this 21th day of June, 2013.

By: /s/ Estella DelVillar
Estella DelVillar, Legal Assistant for
Michele Besso, WSBA #17423
Attorney for Plaintiffs
Northwest Justice Project

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR CLARIFICATION - 7

Northwest Justice Project
510 Larson Building, 6 S. 2nd St.,
Yakima, Washington 98901
Phone: (509) 574-4234  Fax: (509) 574-4238